**JOHN G. BURGEE, ESQ. (State Bar No. 132129)**
jburgee@bandalaw.net
**BURGEE & ABRAMOFF, P.C.**
20501 Ventura Boulevard, Suite 262
Woodland Hills, California  91364
T: (818) 264-7575
F: (818)264-7576

Attorneys for Defendants/Cross-Complainants
RUVIN FEYGENBERG, MICHAEL
LEIZEROVITZ and SENSIBLE CONSULTING
AND MANAGEMENT, INC.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No.  1:20-bk-11006-VK |
| Lev Investments, LLC, | Chapter 11 |
| Debtor. | Adversarial No. 1:20-ap-01065-VK |
| Lev Investments, LLC, | MEMORANDUM IN SUPPORT OF REQUEST FOR CLERK ENTRY OF DEFAULT OF CROSS-DEFENDANTS REAL PROPERTY TRUSTEE, INC. AND MIKE KEMEL; DECLARATION OF JOHN G. BURGEE |
| Plaintiff, | |
| vs. | |
| Ruvin Feygenberg, Michael Leizerovitz, Sensible Consulting and Management, Inc., Ming Zhu, LLC and Does 1 Through 100; | Status Conference: August 12, 2020 Time: 1:30 p.m. Courtroom:   301 |
| Defendants. | 21041 Burbank Blvd. Woodland Hills, CA 91367 |
| AND CROSS-COMPLAINT. | |

TO: THE ABOVE-ENTITLED COURT:

Cross-Complainant MICHAEL LEIZEROVITZ hereby requests that the Clerk of the above-entitled Court enter default against Cross-Defendants REAL PROPERTY TRUSTEE, INC. and MIKE KEMEL on the ground that said Cross-Cefendants failed to appear or otherwise respond to the Cross-Complaint within the time prescribed by FRBP 9027(g) on the following grounds:

1

1      On May 8, 2020 (which was prior to removal of this action to this Court), REAL

2    PROPERTY TRUSTEE, INC. and MIKE KEMEL jointly filed a Declarations of Non-

3    Monetary Status as permitted by the California Code of Civil Procedure Section 2429l.

4    Cross-Complainant timely objected to the Declaration of Non-Monetary Status and on

5    May 22, 2020, the Los Angeles Superior Court ordered REAL PROPERTY TRUSTEE,

6    INC. and MIKE KEMEL to respond to the Cross-Complaint by June 18, 2020.[1]  No

7    responsive pleading was filed by REAL PROPERTY TRUSTEE, INC. or MIKE KEMEL

8    in the Superior Court prior to the removal of this action to this Court on June 26, 2020.

9       FRBP 9027(g) provides, in part:

10        In a removed action in which the defendant has not answered, the defendant

11        shall answer or present the other defenses or objections available under the

12        rules of Part VII within 21 days following the receipt through service or

13        otherwise of a copy of the initial pleading setting forth the claim for relief

14        on which the action or proceeding is based, or within 21 days following the

15        service of summons on such initial pleading, or within seven days following

16        the filing of the notice of removal, whichever period is longest.

17       Pursuant to FRBP 9027(g), REAL PROPERTY TRUSTEE, INC. and MIKE

18    KEMEL were required to file a response to the Cross-Complaint within 21 days of

19    service or 7 days from the date of removal of the action, whichever date is later.  REAL

20    PROPERTY TRUSTEE, INC. and MIKE KEMEL had both appeared in the State Court

21    far more than 21 days prior to date the case was removed.[2]  As such, their response to the

22

23       [1]Although REAL PROPERTY TRUSTEE, INC. and MIKE KEMEL filed an
"automatic extension" of the time to respond to the Cross-Complaint pursuant to

24    California Code of Civil Procedure Section 430.41, upon removal, the time to respond is
governed by the Federal Rules of Bankruptcy Procedure and the time extension provided

25    by the California Code of Civil Procedure is no longer controlling. *E.g., Willy v. Coastal
Corp.*, 503 US 131, 134-135, 112 S.Ct. 1076 (1992).

26

27       [2]Based upon their general appearance in this action prior to removal, there is no

28    question of service on these parties.  "A general appearance by a party is equivalent to
personal service of summons on such party."  CCP 410.50.

Cross-Complaint was due 7 days after the date of removal.   It has been more than seven

days since June 26, 2020, the date of removal, and no response to the Cross-Complainant

has been filed by either REAL PROPERTY TRUSTEE, INC. and MIKE KEMEL.

Pursuant to FRBP 7055 and FRCP 55, the Clerk is therefore requested to enter the default

of both of these parties.


DATED: July 17, 2020.                    BURGEE & ABRAMOFF P.C.



                                         By:_____/s/ John G. Burgee_____
                                              JOHN G. BURGEE
                                         Attorneys for Defendants Ruvin Feygenberg,
                                         Michael Leizerovitz, and Sensible Consulting
                                         and Management, Inc.

# DECLARATION OF JOHN G. BURGEE

I, JOHN G. BURGEE declare:

1.      I am an attorney at law duly qualified before this Court and am a principal of the law firm Burgee & Abramoff Professional Corporation, attorneys of record for Cross-Complainant Michael Leizerovitz.  I have personal knowledge of the facts stated herein and if called upon to testify, I can and will competently testify thereto.

2.      Real Property Trustee, Inc. and Mike Kemel are both Cross-Defendants in this adversary action with respect to causes of action asserted by Michael Leizerovitz in the Cross-Complaint, a true and correct copy of which is attached hereto as Exhibit 1.

3.      On May 8, 2020 (prior to removal), Real Property Trustee, Inc. and Mike Kemel jointly filed a Declaration of Non-Monetary Status as permitted by the California Code of Civil Procedure Section 2429l.  A true and correct copy of this document is attached hereto as Exhibit 2.  I timely objected to the Declaration of Non-Monetary Status and on May 22, 2020, the Los Angeles Superior Court ordered Real Property Trustee, Inc. and Mike Kemel to respond to the Cross-Complaint by June 18, 2020.  A true and correct copy of this Minute Order is attached hereto as Exhibit 3.   No responsive pleading was filed by Real Property Trustee, Inc. and Mike Kemel in the Superior Court prior to the removal of this action to this Court on June 26, 2020.

4.      Although both Real Property Trustee, Inc. and Mike Kemel have filed a general appearance in this action prior to removal through the Declaration of Non-Monetary Interest (which was rejected by the Superior Court), neither of them have yet to file a responsive pleading to the Cross-Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 17, 2020, at Woodland Hills, California.

/s / John G. Burgee
JOHN G. BURGEE

EXHIBIT 1

CROSS-COMPLAINT

Electronically FILED by Superior Court of California, County of Los Angeles on 03/20/2020 08:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Boyadzhyan,Deputy Clerk

Case 1:20-ap-01065-VK    Doc 10    Filed 07/17/20    Entered 07/17/20 21:33:13    Desc
Main Document    Page 6 of 34

**SUM-110**

# SUMMONS
## Cross-Complaint
### *(CITACION JUDICIAL–CONTRADEMANDA)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO CROSS-DEFENDANT:**
*(AVISO AL CONTRA-DEMANDADO):*

LEV INVESTMENTS, LLC, DMITRI LIOUDKOVSKI (aka Dmitri Ludkovski),         (Additional Parties Attachment form is attached)

**YOU ARE BEING SUED BY CROSS-COMPLAINANT:**
*(LO ESTÁ DEMANDANDO EL CONTRADEMANDANTE):*

RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ, and
SENSIBLE CONSULTING AND MANAGEMENT, INC.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the cross-complainant. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por esgrito en esta corte y hacer que se entregue una copia al contrademandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), o oniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Los Angeles Superior Court
6230 Sylmar Avenue, Van Nuys, CA 91401

SHORT NAME OF CASE *(from Complaint) (Nombre de Caso):*
LEV Investments, LLC v. Feygenberg

CASE NUMBER: *(Número del Caso):*
19VECV00878

The name, address, and telephone number of cross-complainant's attorney, or cross-complainant without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del contrademandante, o del contrademandante que no tiene abogado, es):*

John G. Burgee/Burgee & Abramoff, PC, 20501 Ventura Blvd. #262, Woodland Hills, CA 91364 8182647575

DATE: 03/20/2020
*(Fecha)*

Clerk, by     Sherri R. Carter Executive Officer / Clerk of Court
*(Secretaria)*     A. Boyadzhyan     , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual cross-defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-110 [Rev. July 1, 2009]

**SUMMONS—CROSS-COMPLAINT**

Code of Civil Procedure, §§ 412.20, 428.60, 465
*www.courtinfo.ca.gov*

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| LEV Investments, LLC v. Feygenberg | 19VECV00878 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☐ Defendant    ☐ Cross-Complainant    ☑ Cross-Defendant

YEVGENIYA LISITSA (aka Y. GINA LISITSA), LISITSA LAW, INC., REAL PROPERTY TRUSTEE, INC., MIKE KEMEL, and ROES 1 to 50,

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Electronically FILED by Superior Court of California, County of Los Angeles on 01/21/2020 08:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Boyadzhyan,Deputy Clerk

1  **JOHN G. BURGEE, ESQ. (State Bar No. 132129)**
   **BURGEE & ABRAMOFF, P.C.**
2  20501 Ventura Boulevard, Suite 262
   Woodland Hills, California  91364
3  Tel: (818) 264-7575
   Fax: (818) 264-7576
4
5  Attorneys for Defendants RUVIN FEYGENBERG,
   MICHAEL LEIZEROVITZ and SENSIBLE
   CONSULTING AND MANAGEMENT, INC.
6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF LOS ANGELES

10                              NORTHWEST DISTRICT

11

12  LEV INVESTMENTS, LLC,                 )   CASE NO. 19VECV00878
                                          )
13                    Plaintiff,          )   CROSS-COMPLAINT OF RUVIN
                                          )   FEYGENBERG, MICHAEL LEIZEROVITZ
14        v.                              )   AND SENSIBLE CONSULTING AND
                                          )   MANAGEMENT, INC. FOR DAMAGES AND
15  RUVIN FEYGENBERG, et al.,             )   EQUITABLE RELIEF:
                                          )
16                    Defendants.         )   1. BREACH OF CONTRACT
                                          )   2. BREACH OF FIDUCIARY DUTY
17  _____        )   3. CONCEALMENT
                                          )   4. INDEMNITY
18  RUVIN FEYGENBERG, MICHAEL             )   5. DECLARATORY RELIEF
    LEIZEROVITZ, and SENSIBLE             )   6. QUIET TITLE
19  CONSULTING AND MANAGEMENT,            )   7. CANCELLATION OF INSTRUMENTS
    INC.                                  )   8. WRONGFUL FORECLOSURE
20                    Cross-Complainants, )   9. DECLARATORY AND INJUNCTIVE
                                          )        RELIEF
21        v.                              )
                                          )
22  LEV INVESTMENTS, LLC, DMITRI          )
    LIOUDKOVSKI (aka Dmitri Ludkovski),   )
23  YEVGENIYA LISITSA (aka Y. GINA        )
    LISITSA), LISITSA LAW, INC., REAL     )
24  PROPERTY TRUSTEE, INC., MIKE          )
    KEMEL, and ROES 1 to 50,              )
25                                        )
                      Cross-Defendants.   )
26  _____        )

27        Cross-Complainants RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ, and SENSIBLE

28  CONSULTING AND MANAGEMENT, INC. allege:

                                        1

                              CROSS-COMPLAINT

**PARTIES**

1.      Cross-Complainants RUVIN FEYGENBERG and MICHAEL LEIZEROVITZ are individuals who reside in the State of California.

2.      Cross-Complainant SENSIBLE CONSULTING AND MANAGEMENT, INC. ("SENSIBLE") is, and was at all times material hereto, a corporation organized and existing under the laws of the State of California.

3.      Cross-Defendants DMITRI LIOUDKOVSKI (also known as Dmitri Ludkovski), YEVGENIYA LISITSA (also known as Y. GINA LISITSA), and MIKE KEMEL are individuals who conducts business in Southern California and the County of Los Angeles.  Cross-Defendants are informed and believe and thereon allege that LIOUSKOVSKI, LISITSA and KEMEL also maintain residences in the County of Los Angeles, State of California.

4.      Cross-Defendant LEV INVESTMENTS, LLC ("LEV") is, and was at all times material hereto, a limited liability company organized and existing under the laws of the State of California.  LIOUDKOVSKI is the sole manager and principal of LEV.

5.      Cross-Defendant LISITSA LAW, INC. is and was at times material hereto, a corporation organized and existing under the laws of the State of California, with its principal place of business in Beverly Hills, California.  Cross-Complainants are informed and believe and thereon allege that LISITSA is and was a shareholder, director and/or officer of LISITSA LAW, INC., and that LISITSA LAW, INC. is LISITSA's law corporation.  (LISITSA and LISITSA LAW, INC. are collectively referred to herein as the "LISITSA PARTIES.")

6.      Cross-Defendant REAL PROPERTY TRUSTEE, INC. (the "TRUSTEE") is, and was at all times material hereto, a Delaware corporation doing business in the County of Los Angeles, and it is currently qualified to do business in the State of California.  Cross-Complainants are informed and believe and thereon allege that KEMEL is the sole officer, director and principal of RPT.

7.      The names and capacities, whether individual, corporate, associate or otherwise, of Cross-Defendants named herein as ROES 1 to 50, inclusive, are unknown to Cross-Complainants, who therefore sue such Cross-Defendants by such fictitious names.  Cross-Complainants will amend

2

1    this Cross-Complaint when the true names and capacities of such Cross-Defendants have been

2    ascertained.  Cross-Complainants further allege that each such Cross-Defendant is responsible in

3    some manner for the actions alleged herein and further for the damages suffered by Cross-

4    Complainants.

5         8.    Cross-Complainants are informed and believe and thereon allege that there exists,

6    and at all times relevant herein there existed, a unity of interest and ownership between Cross-

7    Defendants LIOUDKOVSKI, LEV and ROES 1 to 10 (collectively the "LEV PARTIES"), such that

8    any individuality and separateness between these parties has ceased.  Additionally, Cross-

9    Complainants are informed and believe and thereon allege that LEV and ROES 1 to 5 are

10   undercapitalized, failed to observe corporate formalities, are mere shell entities, and/or are

11   instrumentalities of LIOUDKOVSKI and ROES 6 to 10.  Cross-Complainants therefore are

12   informed and believe and thereon allege that the LEV PARTIES are the alter egos of each other and

13   it would be unjust not to hold each of these parties liable for the claims against any of the other

14   parties alleged herein.

15        9.    Cross-Complainants are informed and believe and thereon allege that there exists,

16   and at all times relevant herein there existed, a unity of interest and ownership between Cross-

17   Defendants KEMEL, RPT and ROES 11 to 20 (collectively the "RPT PARTIES"), such that any

18   individuality and separateness between these parties has ceased.  Additionally, Cross-Complainants

19   are informed and believe and thereon allege that RPT and ROES 11 to 15 are undercapitalized,

20   failed to observe corporate formalities, are mere shell entities, and/or are instrumentalities of

21   KEMEL and ROES 16 to 20.  Cross-Complainants therefore are informed and believe and thereon

22   allege that the RPT PARTIES are the alter egos of each other and it would be unjust not to hold

23   each of these parties liable for the claims against any of the other parties alleged herein.

24                        **GENERAL ALLEGATIONS**

25        10.   In or about December 2018, FEYGENBERG and LEIZEROVITZ entered into a

26   business transaction with LEV for LEV's acquisition of a real property located in Sherman Oaks,

27   California consisting of a single-family dwelling (the "Property").  The parties' plan was to purchase

28   a defaulted Promissory Note secured by a first position Deed of Trust for the Property which was in

                                3

1    the process of being foreclosed, and to complete the non-judicial foreclosure in order for LEV to

2    obtain title to the Property.  FEYGENBERG's and LEIZEROVITZ's role in the transaction was

3    principally to act as lenders who were initially secured by having an interest in the purchased Note

4    and after foreclosure, were to be secured by a first-position lien against the Property.  Pursuant the

5    principal written agreement among the parties for this venture, which was prepared by LISITSA (the

6    "CONTRACT"), LEV was supposed to contribute $1,022,500 to the purchase of the Note and Deed

7    of Trust.  The LISITSA PARTIES acted as counsel for all parties to the CONTRACT.

8         11.    Unbeknownst to FEYGENBERG and LEIZEROVITZ, LIOUDKOVSKI was making

9    secret deals with others to obtain the funds LEV needed to contribute to the purchase of the Note

10   and Deed of Trust (the "Secret Loans").  LIOUDKOVSKI purported to make these deals on behalf

11   of LEV, FEYGENBERG and LEIZEROVITZ, even though FEYGENBERG and LEIZEROVITZ

12   never gave LIOUDKOVSKI authority to do so and were unaware of the deals he was making.

13   Cross-Complainants are informed and believe and thereon allege that in order to obtain funds from

14   third parties, LIOUDKOVSKI promised them first-position liens on the Property.  LIOUDKOVSKI

15   obtained an unknown amount of funds from the third parties in this manner.  Cross-Complainants

16   are informed and believe and thereon allege that one of the third parties that provided funds to LEV

17   based upon LIOUDKOVSKI's promise of a first-position lien against the Property was a relative of

18   LISITSA and that the LISITSA PARTIES were aware of these Secret Loans obtained by

19   LIOUDKOVSKI for LEV.

20        12.    LEV, FEYGENBERG and LEIZEROVITZ acquired the defaulted Promissory Note

21   on or about December 31, 2018.  During the next month, the owner of the Property engaged in legal

22   actions in both the Superior Court and the Bankruptcy Court to try to derail the foreclosure.

23   LISITSA represented Lev, FEYGENBERG and LEIZEROVITZ as counsel of record in these legal

24   proceedings .  Since they were principally acting as lenders, FEYGENBERG and LEIZEROVITZ

25   never agreed, expected or were told that they would be responsible for any attorneys fees or legal

26   costs incurred in order to proceed with the foreclosure.  Nonetheless, they were charged in excess of

27   $24,000 for their share of Defendants' attorneys fees for these court proceedings.  FEYGENBERG

28   and LEIZEROVITZ  reluctantly accepted that they were being charged for the LISITSA PARTIES'

1    attorneys fees based upon the understanding and expectation that, as lenders, they would ultimately

2    be reimbursed for costs and expenses related to their loan when the loan was paid-off.

3        13.    The foreclosure sale of the Property occurred on January 30, 2019.  Although the

4    Property was sold based upon a credit bid of the amount due on the Promissory Note, the sale did

5    not proceed as agreed by FEYGENBERG, LEIZEROVITZ and LEV.  Despite the agreement that

6    only LEV would take title to the Property and that FEYGENBERG and LEIZEROVITZ would be

7    provided with a first-position Deed of Trust as soon as the foreclosure occurred, the Trustee

8    conducting the foreclosure sale under the direction and supervision of the LEV PARTIES and

9    LISITSA, issued a Trustee's Deed naming LEV,  FEYGENBERG and LEIZEROVITZ jointly as

10   owners of the Property.  Realizing this mistake, LISITSA prepared a Grant Deed to divest

11   FEYGENBERG and LEIZEROVITZ of ownership of the Property and a Deed of Trust to secure

12   FEYGENBERG's and LEIZEROVITZ's loan as a lien against the Property.   (LEIZEROVITZ

13   assigned his loan to SENSIBLE, his business entity, which became a beneficiary of the Deed of

14   Trust with FEYGENBERG which the Deed of Trust was prepared by LISITSA.)  These documents

15   were executed on January 31, 2019, just one day after the Trustee's sale.  However, the LISITSA

16   PARTIES, who had possession of these instruments, acting at the direction and in concert with the

17   LEV Parties, did not record them until March 22, 2019, after many demands from Cross-

18   Complainants for copies of the recorded documents.

19       14.    In early March 2019, before the Grant Deed and Deed of Trust were recorded to try

20   to conform to the parties' agreement, LEV acting through the LISITSA PARTIES asked Cross-

21   Complainants to provide a pay-off demand for their loan in connection with an escrow for a

22   purported sale of the Property.  In connection with that transaction, Cross-Complainants were told

23   that there was a "problem" with the title to the Property.  That "problem" turned out to be a

24   judgment lien against FEYGENBERG for an old lawsuit that FEYGENBERG believed had been

25   settled and dismissed.  Unbeknownst to FEYGENBERG, the claims against him were not dismissed

26   and a judgment was entered against him for $169,855.38.  This "problem" would have never arisen

27   if the foreclosure on the Property had been handled as agreed where FEYGENBERG would never

28   have been named as a title holder of the Property.  Based upon this "problem", LEV, through its

1    agents, has demanded that SENSIBLE, which had become the sole holder of the loan initially made

2    by FEYGENBERG and LEIZEROVITZ, agree to a payoff of the loan that is reduced by the amount

3    of the judgment.  When SENSIBLE refused to do so, LEV brought this  action against Cross-

4    Complainants seeking compensation not only for the judgment, but also other for other undisclosed

5    liens against the Property that they supposedly caused.  These claims are based in part upon the

6    execution of a Grant Deed by LEIZEROVITZ and FEYGENBERG to convey the interest that they

7    improperly had in the Property to LEV.

8         15.    In October 2019, Cross-Complainants first learned about the Secret Loans when they

9    received notice of a lawsuit brought by Mariya Ayzenberg.  Ms. Ayzenberg alleged that she made a

10   $300,000 loan to LEV and Cross-Defendants, and that her loan was supposed to be secured by a

11   Deed of Trust for the Property.  She recorded a Notice of Pendency of Action against the Property

12   clouding title.  Prior to this time, Cross-Complainants had no idea that Ms. Ayzenberg had

13   purportedly loaned any money to LEV related to the acquisition of the Property.

14        16.    In December 2019, Cross-Complainants learned about another Secret Loan when

15   they received notice of another lawsuit brought against LEV and them, alleging that they borrowed

16   $119,000 from an undisclosed principal for the acquisition of the Property. (The lawsuit was

17   brought by FR LLC as an assignee of the Secret Loan.)  The plaintiff alleged that the loan was

18   supposed to be secured by a first position Deed of Trust for the Property and, according to the court

19   docket, the plaintiff recorded a Notice of Pending Action.  Prior to this time, Cross-Complainants

20   was not aware of this purported loan to LEV related to the acquisition of the Property.

21                            **FIRST CAUSE OF ACTION**

22          (By All Cross-Complainants for Breach of Contract against the LEV PARTIES)

23        17.    Cross-Complainants incorporate here by reference all of the allegations set forth in

24   paragraphs 1 through 16, inclusive, of this Cross-Complaint.

25        18.    The CONTRACT is a written contract between the parties.  (Due to a confidentiality

26   provision in the CONTRACT, Cross-Complainants are not attaching the documents as an exhibit,

27   but have pled the essential relevant terms.)  SENSIBLE is a successor-in-interest to the benefits of

28   LEIZEROVITZ and FEYGENBERG under the CONTRACT.

CROSS-COMPLAINT

19.     Cross-Complainants performed and were ready, willing and able to perform all obligations required of them pursuant to the CONTRACT except as have been waived, excused or rendered impossible by Cross-Defendants and their conduct.

20.     Cross-Defendants breached the contract by (a) failing to contribute $1,022,500 of their own funds (not borrowed funds) to the acquisition of the Property, (b) not causing the Trustee's foreclosure sale of the Property to be conducted as agreed where title to the Property was vested solely in LEV and Cross-Complainants being provided immediately with a first position Deed of Trust; and ( c) based upon promises made in connection with obtaining the Secret Loans, potentially giving third parties lien rights in the Property superior to those of Cross-Defendants.

21.     Based upon Cross-Defendants' breach of contract, Cross-Complainants have sustained damages in terms of the judgment against FEYGENBERG that has now become a lien against the Property and the claims, clouds on title, and prospective defense costs and liability with respect to the Secret Loans.  Cross-Complainants believes that their damages may exceed $600,000, subject to proof at the time of trial.

## SECOND CAUSE OF ACTION

(By all Cross-Complaints for Breach of Fiduciary Duty

Against the LEV PARTIES, the LISITSA PARTIES and ROES 21 to 30)

22.     Cross-Complainants incorporate here by reference all of the allegations set forth in paragraphs 1 through 16, inclusive, of this Cross-Complaint.

23.     The LEV PARTIES were Cross-Complainants' business partners in connection with the transaction memorialized by the CONTRACT.  Further, the LISITSA PARTIES acted a counsel for Cross-Complainants.  Consequently, Cross-Defendants and each of them owed a fiduciary duty of care to Cross-Complainants.

24.     Defendants breached their fiduciary duty to Cross-Complainants by, among other things, arranging and obtaining the Secret Loans, failing to disclose the Secret Loans to Cross-Complainants, and conducting the foreclosure sale of the Property so as to convey title, in part, to FEYGENBERG and LEIZEROVITZ.

//

25.    As the result of Cross-Defendants' breach of fiduciary duty, Cross-Complainants have sustained damages which are believed to be in excess of $600,000.

26.    Cross-Defendants' breach of fiduciary duty was committed with fraud and malice as those terms are defined in Civil Code Section 3294.   Cross-Defendants knew that the Secret Loans were contrary to promises and representations made to Cross-Complainants as well as the CONTRACT, and that Cross-Complainants would sustain harm by virtue of the Secret Loans. Further, Cross-Defendants had a duty to disclose the Secret Loans to Cross-Complainants but failed to do so.  Cross-Complainants are therefore entitled to an award of exemplary damages against Cross-Defendants in an amount deemed appropriate by the trier of fact.

**THIRD CAUSE OF ACTION**

(By All Cross-Complainants for Concealment Against

the LEV PARTIES, the LISITSA PARTIES and ROES 21 to 30)

27.    Cross-Complainants incorporate here by reference all of the allegations set forth in paragraphs 1 through 16, inclusive, of this Cross-Complaint.

28.    By The LEV PARTIES were Cross-Complainants' business partners in connection with the transaction memorialized by the CONTRACT.  Further, the LISITSA PARTIES acted a counsel for Cross-Complainants.  By virtue of these relationships, Cross-Defendants and each of them had a duty to disclose the Secret Loans to Cross-Complainants.  However, Cross-Defendants failed to disclose the Secret Loans to Cross-Complainants, purposefully concealing their existence, in order to deceive Cross-Complainants so that they would not know that these loans existed.

29.    Based upon Cross-Defendants' concealment of the Secret Loans, Cross-Complainants were unaware of those Loans and the promises that the LEV PARTIES made to third parties, supposedly on Cross-Complainants' behalf.  Cross-Complainants would not have proceeded with the business transaction with LEV had they known of the Secret Loans.

30.    Cross-Complainants have been damaged by Cross-Defendants' deceit in terms of the claims made by third parties that loaned LEV money pursuant to the Secret Loans which include their placing clouds on title, and prospective defense costs and liability.  Cross-Complainants believes that their damages may exceed $300,000, subject to proof at the time of trial.

31.     Cross-Defendants' concealment of the Secret Loans was fraudulent and committed with malice as those terms are defined in Civil Code Section 3294. Cross-Defendants knew that the Secret Loans were contrary to promises and representations made to Cross-Complainants as well as the CONTRACT, and that Cross-Complainants would sustain harm by virtue of the Secret Loans. Further, Cross-Defendants had a duty to disclose the Secret Loans to Cross-Complainants but failed to do so. Cross-Complainants are therefore entitled to an award of exemplary damages against Cross-Defendants in an amount deemed appropriate by the trier of fact.

**FOURTH CAUSE OF ACTION**

(By All Cross-Complainants for Indemnity Against

the LEV PARTIES, the LISITSA PARTIES and ROES 21 to 30)

32.     Cross-Complainants incorporate here by reference all of the allegations set forth in paragraphs 1 through 16, inclusive, of this Cross-Complaint.

33.     The third parties who made Secret Loans to LEV have brought lawsuits against Cross-Complainants for the breach of such loans. Cross-Complainants have been named as defendants in these actions based upon the unauthorized and fraudulent representations and promises by Cross-Defendants that they were acting on behalf of Cross-Complainants. The claims against Cross-Complainants in these actions are thus wholly based upon the misconduct of Cross-Defendants. Cross-Complainants are therefore entitled to indemnity from Cross-Defendants for any cost and expense in opposing the lawsuits based upon the Secret Loans as well as for any settlement or judgment with respect to those claims that detrimentally impact Cross-Complainants.

**FIFTH CAUSE OF ACTION**

(By All Cross-Complainants for Declaratory Relief Against

the LEV PARTIES, the LISITSA PARTIES and ROES 21 to 30)

34.     Cross-Complainants incorporate here by reference all of the allegations set forth in paragraphs 1 through 16, inclusive, of this Cross-Complaint.

35.     An actual controversy exists among the parties concerning their respective rights and interests in connection with respect to the satisfaction of the judgment against FEYGENBERG and the responsibility for the Secret Loans. Cross-Complainants contend and Cross-Defendants dispute

9

that: (a) Cross-Complainants have no responsibility to satisfy the judgment against FEYGENBERG;

(b) SENSIBLE is entitled to payment of all principal, interest and any other fees and charges on the

loan it holds that is secured by the Property without setoff for the judgment against FEYGENBERG;

(c) Cross-Defendants are solely responsible for any and all costs and liabilities arising from the

Secret Loans; and (d) Cross-Complainants are entitled to indemnity from Cross-Defendants for the

claims asserted by the third parties based upon the Secret Loans, including the attorneys fees and

costs incurred by Cross-Complainants in defending any action related thereto.  Consequently, a

judicial determination of the rights and interest of the parties with respect to these matters is

necessary and appropriate.

<h3 style="text-align:center">GENERAL ALLEGATIONS</h3>

**AS TO ADDITIONAL CLAIMS AGAINST CROSS-DEFENDANTS BY LEIZEROVITZ**

36.     Coachella Vineyard Luxury RV Park, LLC ("RV") owned a real property in

Coachella, California which is vacant land that is being developed as a luxury RV park (the "RV

Property") .  The RV Property is legally described as follows:

LOT 71 OF TRACT 30117-1, IN THE CITY OF COACHELLA, COUNTY OF
RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN
BOOK 331, PAGES 71 AND 78, INCLUSIVE OF MAPS IN THE OFFICE OF THE
COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM 50% INTEREST IN AND TO ALL OIL, GAS AND
OTHER HYDROCARBON SUBSTANCES IN AND UNDER SAID LAND AS
RESERVED BY CANAL WATER LANDOWNERS, A CALIFORNIA
CORPORATION IN DEED RECORDED MAY 27, 1954 IN BOOK 1592, PAGE
201 OF OFFICIAL RECORDS.

EXCEPT THEREFROM THAT PORTION WHICH FALL WITHIN THE
BOUNDARIES OF TRACT 328610-1, AS SHOWN ON THE SUBDIVISION MAP
FILED ON MAY 2,2006 IN BOOK 401 OF MAPS, PAGES 79 TO 88 INCLUSIVE
IN THE OFFICE OF THE RIVERSIDE COUNTY RECORDER.

APN: 601-620-012-0.

37.     Prior to July 2018, LEIZEROVITZ held certain Deeds of Trust securing loans he had

made to RV and affiliated entities.  Pursuant to an agreement with RV and others, LEIZEROVITZ

agreed to release his Deeds of Trust on the RV Property to allow RV to obtain new financing for the

development of that property.  The new financing including a loan made by LEV on or about July

31, 2018, purporting to be in the principal amount of $2,000,000 (the "LEV Loan").  The LEV Loan

10

was secured by a first-position Deed of Trust on the RV Property (the "LEV Deed of Trust") which was recorded on August 7, 2018.

38.    In consideration for releasing his Deeds of Trust against the RV Property, LEIZEROVITZ received, among other things, an unsecured Promissory Note from RV in the amount of $400,000 (the "Unsecured Note") and a Promissory Note (the "Secured Note") which was secured by a Deed of Trust against the RV Property in the amount of $500,000 (the "RV Deed of Trust").

39.    In February 2019, RV agreed that the Unsecured Note would be secured by the RV Deed of Trust as an extension of credit.  Additionally, LEIZEROVITZ agreed to provide RV with a further loan of $50,000 as an extension of the loan secured by the RV Deed of Trust.  The total amount secured by the RV Deed of Trust was therefore $950,000.  The RV Deed of Trust was recorded on February 7, 2019 and constituted a third-position lien on the RV Property.

40.    On June 17, 2019, LEV declared the LEV Loan to be in default.  The Notice of Default was prepared by the RPT PARTIES as the successor Trustee for the LEV Deed of Trust and recorded on June 19, 2019.  The Notice of Default declared that the amount due on the LEV Loan was $2,450,244.27.  The asserted amount of the default was disputed by RV.

41.    LEV recorded a Notice of Sale in connection with its foreclosure on the RV Property on September 19, 2019.   The sale was set for October 15, 2018.

42.    Although LEV ultimately reduced its payoff demand for its loan, RV continued to dispute the amount demanded by LEV and brought a legal action in the Riverside Superior Court seeking a restraining order and preliminary injunction to prevent LEV from completing the foreclosure with the excessive payoff demand (*GA&TV Inc. v. Lev Investments, LLC*, Case Number RIC 1905065) (the "Riverside Acton").  The Riverside Court granted the restraining order on October 10, 2019.  By stipulation of the parties, the hearing on the preliminary injunction was heard on November 6, 2019.  Although the Riverside Court agreed that the Notice of Default and the original demand by LEV was excessive, the Court denied the preliminary injunction sought by RV.  Nonetheless, the Riverside Court specifically stated that the foreclosure sale would need to be based upon LEV's reduced demand.

CROSS-COMPLAINT

43.    The expiration of the temporary retraining order and the Court's denial of the preliminary injunction was on November 6, 2019.  Civil Code 2924g(d) imposes an automatic seven day stay upon a foreclosure sale after the expiration of a temporary retraining order and denial of a preliminary injunction, unless there is an express court order waiving the provisions of that statute.  Here, there was no waiver of the stay by the Court.  Hence, pursuant to Civil Code 2924g(d), the earliest date that LEV could proceed with its foreclosure sale of the RV Property was November 13, 2019.

44.    LEIZEROVITZ was following LEV's foreclosure and the Riverside Action as a junior lien holder.   LEIZEROVITZ was interested in the foreclosure and in possibly acquiring the RV Property at the foreclosure sale in order to protect his financial interest in the property by virtue of the RV Deed of Trust.  However, on or about November 12, 2019, LEIZEROVITZ learned that the RPT PARTIES conducted the foreclosure for LEV on November 7, 2019.  The sale was therefore in violation of Civil Code 2924g(d) and LEIZEROVITZ was denied the opportunity to attend the foreclosure and prospectively purchase the RV Property.

45.    Furthermore, the Trustee's Deed from LEV's foreclosure on the RV Property indicates that the foreclosure proceeded based upon an unpaid debt of $2,570,949.36 and that the amount paid by LEV as a credit bid was $2,500,000.00.  This amount appears to be in excess of the amount that the Riverside Court ruled was appropriate so that the foreclosure was in violation of this Court's Order.  In this regard, it is questionable that LEV could have submitted a credit bid for $2,500,000 since that appears to be more than the Riverside Court determined was owed on the loan.

46.    Cross-Complainants are informed and believe and thereon allege that RV demanded that the improper foreclosure sale of the RV Property be set aside.  However, Cross-Defendants have failed to cancel the Trustee's Deed or confirm RV's title to the Property which would restore the RV Deed of Trust and LEIZEROVITZ's secured interest in the property.  As a result, LEIZEROVITZ has lost his security interest in the RV Property which devalues his loans to RV and denies him the opportunity to foreclose on the RV Property if the loans are not repaid.

//

**SIXTH CAUSE OF ACTION**

(By LEIZEROVITZ for Quiet Title against the LEV PARTIES)

47.     Cross-Complainants incorporate here by reference all of the allegations set forth in paragraphs 1 through 9, and 36 through 46, inclusive, of this Cross-Complaint.

48.     The foreclosure sale of the RV Property was in violation of law and void based upon the failure of consideration.  The foreclosure was thus ineffective to divest RV of title to the RV Property and extinguish the RV Deed of Trust.

49.     Cross-Defendants claim and assert that LEV is the owner of the RV Property and that the RV Deed of Trust was extinguished pursuant to the improper and unlawful foreclosure sale. Cross-Defendants' claim of title to the RV Property is adverse to the claim of LEIZEROVITZ that the RV Deed of Trust remains a valid encumbrance of title to the property.

50.     LEIZEROVITZ seeks to quiet title as of November 7, 2019 (the date of the unlawful foreclosure) as to the RV Deed of Trust as a valid and existing encumbrance of title to the RV Property free and clear of any liens Cross-Defendants caused to become attached to the property since that date.

51.     LEIZEROVITZ has and will sustain incidental damages, subject to proof at the time of trial.

**SEVENTH CAUSE OF ACTION**

(By LEIZEROVITZ for Cancellation of Instruments

against the LEV PARTIES, the RPT PARTIES and ROES 31 to 40)

52.     Cross-Complainants incorporate here by reference all of the allegations set forth in paragraphs 1 through 9, and 36 through 46, inclusive, of this Cross-Complaint.

53.     The RPT PARTIES' foreclosure sale of the RV Property was in violation of law and void based upon the failure of consideration.  The RPT PARTIES therefore did not have legal authority to execute the Trustee's Deed purported conveying title to the RV Property to LEV and the Trustee's Deed is a void instrument.

54.     LEIZEROVITZ has and will sustain serious injury and pecuniary loss based upon LEV's claims of title to the RV Property pursuant to the invalid Trustee's Deed.  Among other

13

1    things, LEIZEROVITZ has lost security for loans totaling $950,000 in principal.  The Court should

2    therefore declare that the Trustee's Deed is canceled and of no force and effect.

3        55.    LEIZEROVITZ has and will sustain incidental damages, subject to proof at the time

4    of trial.

### EIGHTH CAUSE OF ACTION

(By LEIZEROVITZ for Wrongful Foreclosure

against the LEV PARTIES, the RPT PARTIES and ROES 31 to 40)

8        56.    Cross-Complainants incorporate here by reference all of the allegations set forth in

9    paragraphs 1 through 9, and 36 through 46, inclusive, of this Cross-Complaint.

10        57.    As describe herein, Cross-Defendants caused an illegal foreclosure sale of the RV

11    Property.  The foreclosure was in violation of Civil Code 2924g(d) and this Court's specific order.

12    The sale and the resulting Trustee's Deed are therefore void.

13        58.    LEIZEROVITZ was following LEV's foreclosure and the Riverside Action as a

14    junior lien holder.   LEIZEROVITZ was interested in possibly acquiring the RV Property at the

15    foreclosure sale in order to protect his financial interest in the property by virtue of the RV Deed of

16    Trust.  However, LEIZEROVITZ was preempting from monitoring the foreclosure and

17    prospectively acquiring the RV Property by Cross-Defendants' action in surreptitiously proceeding

18    with the trustee's sale before it was legal to do so.

19        59.    LEIZEROVITZ has been substantially damaged based upon the loss of the RV

20    Property as security for his loans.  Without the RV Property as security, LEIZEROVITZ expects to

21    have difficulty in obtaining repayment and his damages could be in excess of $1,000,000.

22        60.    Even if the Court restores RV's title to the property and LEIZEROVITZ's Deed of

23    Trust, LEIZEROVITZ has and will sustain incidental damages, subject to proof at the time of trial.

### NINTH CAUSE OF ACTION

(By LEIZEROVITZ for Declaratory and Injunctive Relief

against the LEV PARTIES, the RPT PARTIES and ROES 31 to 40)

27        61.    Cross-Complainants incorporate here by reference all of the allegations set forth in

28    paragraphs 1 through 9, and 36 through 46, inclusive, of this Cross-Complaint.

14

62.     A current dispute exists between the parties as to the invalidity of LEV's foreclosure on the RV Property and whether LEIZEROVITZ's Deed of Trust was extinguished. LEIZEROVITZ contends that Cross-Defendants' non-judicial foreclosure sale of the RV Property is void and that the RV Deed of Trust remains a valid encumbrance of the RV Property. Cross-Defendants deny and dispute these contentions. LEIZEROVITZ therefore seeks a judicial determination of this controversy which is necessary and appropriate to determine ownership of the RV Property and prevent Cross-Defendants from depriving LEIZEROVITZ of security for his loans to RV and its affiliates.

63.     LEIZEROVITZ is informed and believes and thereon alleges that Cross-Defendants plan to encumber, hypothecate, transfer, and/or sell the RV Property. Such action will potentially prevent LEIZEROVITZ from obtaining the relief sought through this action and cause irreparable damage to LEIZEROVITZ. LEIZEROVITZ is owed over $1,000,000 that is supposed to be secured by the RV Property. The Court should therefore issue a temporary restraining order and preliminary injunction enjoining Cross-Defendants from encumbering, hypothecating, transferring, and/or selling the RV Property during the pendency of this action as well as a permanent injunction once the parties' rights are determined by the Court.

**PRAYER**

WHEREFORE, Cross-Complainants pray for judgment against Cross-Defendants, and each of them, as follows:

**ON THE FIRST CAUSE OF ACTION:**

1.     For compensatory damages of $600,000.00, according to proof;

**ON THE SECOND CAUSE OF ACTION:**

2.     For compensatory damages of $600,000.00, according to proof;

3.     For punitive damages;

**ON THE THIRD CAUSE OF ACTION:**

4.     For compensatory damages of $300,000.00, according to proof;

5.     For punitive damages;

//

15

CROSS-COMPLAINT

**ON THE FOURTH OF ACTION:**

6.      For an order that Cross-Defendants indemnify Cross-Complainants for any cost and expense in opposing the lawsuits based upon the Secret Loans as well as for any settlement or judgment with respect to those claims that detrimentally impact Cross-Complainants;

**ON THE FIFTH CAUSE OF ACTION:**

7.      For a judicial determination and declaration that: (a) Cross-Complainants have no responsibility to satisfy the judgment against FEYGENBERG; (b) SENSIBLE is entitled to payment of all principal, interest and any other fees and charges on the loan it holds that is secured by the Property without setoff for the judgment against FEYGENBERG; (c) Cross-Defendants are solely responsible for any and all costs and liabilities arising from the Secret Loans; and (d) Cross-Complainants are entitled to indemnity from Cross-Defendants for the claims asserted by the third parties based upon the Secret Loans, including the attorneys fees and costs incurred by Cross-Complainants in defending any action related thereto;

**ON THE SIXTH CAUSE OF ACTION:**

8.      For a judgment quieting LEIZEROVITZ'S Deed of Trust to the RV Property senior to any liens created by LEV since November 7, 2019;

9.      For incidental damages subject to proof at the time of trial;

**ON THE SEVENTH CAUSE OF ACTION:**

10.     For cancellation of the Trustee's Deed purporting to convey title to the RV Property to LEV;

11.     For incidental damages subject to proof at the time of trial;

**ON THE EIGHTH CAUSE OF ACTION:**

12.     For compensatory damages of $1,000,000.00, according to proof;

**ON THE NINTH CAUSE OF ACTION:**

13.     For a permanent injunction enjoining Cross-Defendants from encumbering, hypothecating, transferring, and/or selling the RV Property;

14.     For a temporary restraining order and preliminary injunction enjoining Cross-Defendants from encumbering, hypothecating, transferring, and/or selling the RV Property during

16

1  the pendency of this action;

2  **ON ALL CAUSES OF ACTION:**

3          15.    For prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288;

4          16.    For costs of suit; and

5          17.    For such further relief as the Court deems just and proper.

6

7  DATED: March 20, 2020.                    BURGEE & ABRAMOFF P.C.

8
                                            By:_____/s/ John G. Burgee_____
9                                                  JOHN G. BURGEE
                                            Attorneys for Defendants and Cross-Complainants
10                                          RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ
                                            and SENSIBLE CONSULTING AND
11                                          MANAGEMENT, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CROSS-COMPLAINT

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 20501 Ventura Boulevard, Woodland Hills, California 91364.

     On March 20, 2020, I served the foregoing document described as: CROSS-COMPLAINT OF RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ AND SENSIBLE CONSULTING AND MANAGEMENT, INC. FOR DAMAGES AND EQUITABLE RELIEF on the interested parties in this action:

/X/    by placing /_/ the original /X/ a true copy thereof enclosed in sealed envelopes addressed as follows:

James R. Felton, Esq.
G&B Law, LLP
16000 Ventura Blvd., Suite 1000
Encino, California 91436-2730
E:  jfelton@gblawllp.com
Fax:  818-986-6534

[X]    BY MAIL

    [X]    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **(BY PERSONAL SERVICE) I delivered such envelope by hand to the office/home of the addressee.

    Executed March 20, 2020, at Woodland Hills, California.

/X/    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    John Burgee                      /s/ John G. Burgee
Type or Print Name                   Signature

EXHIBIT 2

DECLARATION OF NON-MONETARY INTEREST

Michael Shemtoub, Esq.   SBN 253948
BEVERLY LAW
4929 Wilshire Boulevard, Suite 702
Los Angeles, California 90010
Telephone:    (310) 552-6921
Facsimile:    (323) 421-9397

Attorney for Real Property Trustee, Inc.
and Mike Kemel

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

NORTHWEST JUDICIAL DISTRICT

| | |
|---|---|
| LEV INVESTMENTS, LLC, | Case No.: 19VECV00878 |
| Plaintiff, | DECLARATION OF NON-MONETARY STATUS OF DEFENDANTS REAL PROPERTY TRUSTEE, INC. AND MIKE KEMEL |
| vs. | |
| RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC.; MING ZHU, LLC; and DOES 1 through 100, inclusive, | Place:        Dept. A |
| | Judge:        Hon. Huey P. Cotton |
| Defendants. | Complaint Filed:    June 20, 2019 |
| | Trial Date:        Not set |
| RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC. | |
| Cross-Complainants, | |
| vs. | |
| LEV INVESTMENTS, LLC, DMITRI LIOUDKOVSKI (aka Dmitri Ludkovski), YEVGENIYA LISITSA (aka Y. GINA LISITSA), LISITSA LAW, INC., REAL PROPERTY TRUSTEE, INC., MIKE KEMEL, and ROES 1 to 50, | |
| Cross-Defendants. | |

- 1 -

DECLARATION OF NON-MONETARY STATUS OF DEFENDANTS REAL PROPERTY TRUSTEE, INC.
AND MIKE KEMEL

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF

RECORD:

NOTICE IS HEREBY GIVEN THAT Defendants Real Property Trustee, Inc. and Mike

Kemel, hereinafter collectively Defendants, hereby submit the attached Declaration of Trustee's

Non-Monetary status pursuant to California Civil Code § 2924*l*.

California Civil Code § 2924*l*(a) provides in pertinent part that:

In the event that a trustee under a deed of trust is named in an action or proceeding
in which that deed of trust is the subject, and in the event that the trustee maintains
a reasonable belief that it has been named in the action or proceeding solely in its
capacity as trustee, and not arising out of any wrongful acts or omissions on its part
in the performance of its duties as trustee, then, at any time, the trustee may file a
declaration of nonmonetary status.
California Civil Code § 2924*l*(a).

Defendants believe that they have been named in this case solely in their capacity as

Trustee under the Deed of Trust dated July 31, 2018 executed by **Abraham Gottlieb, Managing**

**Member of Coachella Vineyard Luxury RV Park LLC, a California Limited Liability**

**Company,** Trustor, **North American Title Company, a California Corporation**, Trustee, **Lev**

**Investments, LLC, a California Limited Liability Company**, Beneficiary/Lender, and

recorded as Instrument No. **2018-0317977** on **August 7, 2018**, in book ___, page ____, of

Official Records in the County Recorder's office of Riverside County, California, as described in

said deed of trust, against the vacant land in Coachella, California, 92236, APN: 697-330-002-4.


Respectfully submitted,

Dated: May 8, 2020                    BEVERLY LAW


By_____
        Michael Shemtoub, Esq.
        Attorney for Real Property Trustee, Inc.
        and Mike Kemel

## DECLARATION OF MIKE KEMEL

I, Mike Kemel, declare as follows:

1.   I am the principal of Real Property Trustee, Inc., hereinafter RPT, and the Defendant in this case and as such have personal knowledge of the facts contained herein and if called as a witness, I could and would competently testify thereto.

2.   I submit this declaration pursuant to California Civil Code § 2924*l*.

3.   RPT was the substitute/successor trustee under the Deed of Trust dated July 31, 2018 executed by **Abraham Gottlieb, Managing Member of Coachella Vineyard Luxury RV Park LLC, a California Limited Liability Company,** Trustor, **North American Title Company, a California Corporation**, Trustee, **Lev Investments, LLC, a California Limited Liability Company**, Beneficiary/Lender, and recorded as Instrument No. **2018-0317977** on **August 7, 2018**, in book ___, page ____, of Official Records in the County Recorder's office of Riverside County, California, as described in said deed of trust, hereinafter trust deed. That trust deed is the subject of this action.

4.   At all relevant times, I was the trustee sale officer acting on behalf of RPT under the trust deed.

5.   RPT and I maintain a reasonable belief that we have been named as defendants in this case solely in our capacity as a trustee under that trust deed. Furthermore, it is our reasonable belief that we have not been named as defendants because of any acts or omissions on our part in the performance of our duties as trustee.

6.   The basis for our belief is the language of the Cross-Complaint ¶ 40.

7.   We agree to be bound by whatever order or non-monetary judgment is issued by the Court regarding the trust deed.

Executed this 8th day of May, 2020 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

/s/ _____
Mike Kemel

DECLARATION OF NON-MONETARY STATUS OF DEFENDANTS REAL PROPERTY TRUSTEE, INC.
AND MIKE KEMEL

POS-050/EFS-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY:      STATE BAR NO: 253,948 | FOR COURT USE ONLY |
|---|---|

NAME: Michael Shemtoub, Esq.
F RM NAME: BEVERLY LAW
STREET ADDRESS: 4929 Wilshire Boulevard, Suite 702
CITY: Los Angeles                    STATE: CA      ZIP CODE: 90010
TELEPHONE NO.: (310) 552-6921        FAX NO. : (323) 421-9397
E-MAIL ADDRESS: michaelshemtoub@gmail.com
ATTORNEY FOR (name): Real Property Trustee, Inc. and Mike Kemel

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 6230 Sylmar Ave.
MAILING ADDRESS: 6230 Sylmar Ave.
CITY AND ZIP CODE:    Van Nuys 91401
BRANCH NAME: Van Nuys Courthouse East

PLAINTIFF/PETITIONER: LEV INVESTMENTS, LLC

DEFENDANT/RESPONDENT: RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ, et al.

CASE NUMBER:
19VECV00878

JUDICIAL OFFICER:
Hon. Huey P. Cotton

**PROOF OF ELECTRONIC SERVICE**

DEPARTMENT:
A

1. I am at least 18 years old.

   a. My residence or business address is *(specify):*
      4929 Wilshire Boulevard, Suite 702
      Los Angeles, California 90010

   b. My electronic service address is *(specify):*
      michaelshemtoub@gmail.com

2. I electronically served the following documents *(exact titles):*
   DECLARATION OF NON-MONETARY STATUS OF DEFENDANTS REAL PROPERTY TRUSTEE, INC. AND MIKE KEMEL

   ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:

   a. Name of person served: John G. Burgee, Esq. and James R. Felton, Esq.

      On behalf of *(name or names of parties represented, if person served is an attorney):*
      Feygenberg, Leizerovitz, Sensible Consulting and Management, Inc., Lev Investments, LLC

   b. Electronic service address of person served *:*
      jburgee@bandalaw.net; jfelton@gblawllp.com

   c. On *(date):*  May 8, 2020

      ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
      *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date: May 8, 2020

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Michael Shemtoub, Esq.
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

Print this form | Save this form | Clear this form

EXHIBIT 3


SUPERIOR COURT MINUTE ORDER OF MAY 22, 2020

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Northwest District, Van Nuys Courthouse East, Department U

**19VECV00878**                                                                    May 22, 2020
**LEV INVESTMENTS, LLC vs RUVIN FEYGENBERG, et al.**                      2:47 PM

Judge: Honorable Theresa M. Traber          CSR: None
Judicial Assistant: R. Duron                ERM: None
Courtroom Assistant: E. Vince Cruz          Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Non-Appearance Case Review

On May 8, 2020, Cross-Defendants REAL PROPERTY TRUSTEE, INC. and MIKE KEMEL
filed a declaration of non-monetary status pursuant to California Civil Code section 2924l,
declaring their "reasonable belief that [they had] been named in the action or proceeding solely
in [their] capacity as trustee, and not arising out of any wrongful acts or omissions on [their] part
in the performance of [their] duties as trustee." (Cal. Civil Code section 2924l(a).) In response,
Defendants and Cross-complainants RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ and
SENSIBLE CONSULTING AND MANAGEMENT, INC. timely filed on May 15, 2020 an
objection to Cross-Defendants' declaration pursuant to subdivision (c) of section 2924l. The
Court finds that the objection is timely filed and in proper format and, thus, pursuant to
subdivision (e) of section 2924l, Cross-defendants are required to participate in the ongoing
action. Pursuant to section 2924l(f) and Code of Civil Procedure section 1013(a), Cross-
defendants have until June 19, 2020 to file an answer or other responsive pleading to the cross-
complaint.

Defendants are order to provide notice of the Court's ruling.

Certificate of Mailing is attached.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

20501 Ventura Boulevard, Suite 262, Woodland Hills, CA 91364

A true and correct copy of the foregoing document entitled (*specify*): MEMORANDUM IN SUPPORT OF
REQUEST FOR CLERK ENTRY OF DEFAULT OF CROSS-DEFENDANTS REAL PROPERTY TRUSTEE, INC. AND
MIKE KEMEL; DECLARATION OF JOHN G. BURGEE

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
07/17/2020_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

Katherine Bunker kate.bunker@usdoj.gov;   United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov;

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ___07/17/2020_____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

Michael Shemtoub, Esq., Law Offices of Michael Shemtoub, 4929 Wilshire Blvd., Suite 702, Los Angeles, CA 90010
Kelly Hayes, Esq., Murchison & Cumming, LLP, 750 B Street, Suite 2550, San Diego CA 92101
James R. Felton, Esq., G&B Law, LLP, 16000 Ventura Blvd., Suite 1000, Encino, California 91436-2730

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___07/17/2020_____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

Hon. Victoria S. Kaufman, U.S. Bankruptcy Court, 21041 Burbank Blvd, Suite 354/Ctrm 301, Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/17/2020 | John G. Burgee | | /s/ John G. Burgee |
|---|---|---|---|
| *Date* | *Printed Name* | | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

ADDITIONAL PARTIES SERVED BY UNITED STATES MAIL
In re: Lev Investments, LLC
Lev Investments, LLC v. Feygenberg, et al.
Case 1:20-ap-01065-VK


Lev Investments, LLC
13854 Albers Street
Sherman Oaks, CA 91401-5811

David B. Golubchik, Esq.
Levene, Neale, Bender, Yoo & Brill L.L.P.
10250 Constellation Blvd., Suite 1700
 Los Angeles, CA 90067

Mike Kemel
9107 Wilshire Blvd., Suite 450
Beverly Hills CA 90210

Real Property Trustee, Inc.
C/o Registered Agents Inc.
1267 Willis Street, Suite 200
Redding, CA 96001