Michael Shemtoub, Esq.   SBN: 253948
BEVERLY LAW
4929 Wilshire Blvd., Suite 702
Los Angeles, CA 90010
T: (310) 552-6959
F: (323) 421-9397

Attorney for Real Property Trustee, Inc.
and Mike Kemel

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No.: 1-20-bk-11006-VK |
| LEV INVESTMENTS, LLC, | Chapter 11, subchapter V |
| Debtor. | Adv. No.: 1:20-ap-01065-VK |
| LEV INVESTMENTS, LLC, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REMAND IN RESPONSE TO THE ORDER TO SHOW CAUSE re REMAND AND STATUS CONFERENCE |
| Plaintiff, | |
| vs. | |
| RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC.; MING ZHU, LLC; and DOES 1 through 100, inclusive, | Date:        August 12, 2020 |
| | Time:        1:30 p.m. |
| | Location:   Courtroom 301 |
| Defendants. | 21041 Burbank Blvd. |
| | Woodland Hills, CA 91367 |
| AND CROSS-COMPLAINT | |

**TO THE HONORABLE COURT AND ALL PARTIES ENTITLED TO NOTICE:**

Cross-Defendants Real Property Trustee, Inc. and Mike Kemel, hereinafter collectively Cross-Defendants, hereby submit their brief in support of remand in response to the OSC re Remand set on July 2, 2020 by this Court (doc 2).

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

On or about June 5, 2019, Plaintiff, Cross-Defendant, Debtor Lev Investments, LLC, hereinafter the Debtor, engaged Cross-Defendant Real Property Trustee, Inc., hereinafter RPT, to perform a non-judicial foreclosure of the Deed of Trust with the power of sale against that certain vacant land located in Coachella, Riverside County, California, hereinafter the Property. The Deed of Trust secured a promissory note which evidenced a loan of $2,000,000. Cross-Defendant Mike Kemel is the principal of RPT and its Trustee Sale Officer.

On September 19, 2019, RPT recorded the Notice of Sale with a sale date of October 15, 2019. On or about October 8, 2019, John G. Burgee, Esquire, on behalf of Coachella Vineyard Luxury RV, LLC, the Borrower and owner of the Property, gave ex parte notice to stop the foreclosure sale, which was set on October 10, 2019, in the case styled *GA&TV Inc. v. Lev Investments*, Case No.: RIC1905065, in Riverside County Superior Court. On October 10, 2019, the Court issued a temporary restraining order. On or about November 6, 2019, the Court denied Mr. Burgee's request for a preliminary injunction. On the same day, Mr. James R. Felton, Esquire, attorney for the Debtor, instructed Cross-Defendants to conduct the trustee sale on November 7, 2019. Mr. Felton emailed the executed Authorization to Bid to Cross-Defendants, without which Cross-Defendants would not have conducted the sale. At the sale, the Property reverted to the Debtor. On November 8, 2019, the Trustee's Deed upon Sale was recorded.

On January 8, 2020, Mr. Burgee, on behalf of Coachella Vineyard Luxury RV, LLC, the Borrower and owner of the Property, filed yet another action for quiet title, cancellation of instruments, wrongful foreclosure, slander of title, declaratory relief and injunctive relief against RPT in the case styled *Coachella Vineyard v. Lev Investments*, Case No. PSC2000222 in Riverside County Superior Court. This case was not removed and is still pending in Riverside County Superior Court.

On or about February 24, 2020, the Riverside County Superior Court, in *GA&TV Inc. v. Lev Investments*, Case No.: RIC1905065, found that the trustee's sale was premature and was the Debtor's mistake and denied the Debtor's motion to confirm the Trustee's sale *nunc pro tunc*. Based on this order, on May 29, 2020, the Debtor recorded a Rescission of Trustee's Deed. (Doc 81).

Given all of the above and as if all the above frivolous litigation was not enough, on March 20, 2020, the same Mr. Burgee, now on behalf of Defendant, Cross-Complainant Michael Leizerovitz, hamstrung Cross-Defendants into this case, which is completely unrelated and has nothing to do with the Property, has completely different parties, facts, events and theories. In his Cross-Complaint, which again has nothing to do with the Property, but everything to do with a different property located in a completely different county of California, Mr. Burgee, on behalf of Mr. Leizerovitz, alleges three causes of action against Cross-Defendants, that of (7) Cancellation of Instrument, (8) Wrongful Foreclosure and (9) Declaratory and Injunctive Relief.

Mr. Burgee served Cross-Defendants with this lawsuit on or about May 8, 2020. On the same day, Cross-Defendants filed a Declaration of Non-Monetary Status (DNMS). On May 15, 2020, Mr. Burgee objected to Cross-Defendants' DNMS and made Cross-Defendants participate in the case and defend themselves against completely meritless allegations. On May 21, 2020, Cross-Defendants served a Notice of Deposition on all of Mr. Burgee's clients, the Cross-Complainants. They failed to appear and before removing this action to this Court, a Motion to Compel Depositions and Request for Sanctions was pending before the State Court to be heard on August 13, 2020. Also, Cross-Defendants served Mr. Burgee's clients with extensive written discovery. The responses were due the day before Mr. Burgee improperly removed this action to this Court. Mr. Burgee's clients never answered the discovery. The removal was done for an improper purpose to avoid discovery, to avoid a jury trial, to avoid sanctions, to avoid timely dispositive motions, and to forum shop.

On June 26, 2020, Mr. Burgee removed this case to this Court. Mr. Burgee is so desperate to gain an unfair advantage in a frivolous case and avoid answering discovery, knowing full well that his clients will lose and be subject to malicious prosecution, that he tried 3

times to take Cross-Defendants defaults, knowing full well that they are represented by counsel and have been participating in this case from the very beginning. The underhanded tactics are not only unprofessional and unethical but pure slime. See *Fasuyi v. Permatex, Inc.* (2008) 167 Cal.App.4th 681, 701, 84 Cal.Rptr.3d 351 2008 (the court explained a plaintiff's counsel's failure to warn defendant's attorney that a default is about to be taken provided grounds for the court to grant relief from a default because of a professional and ethical reason).

This brief to remand the case back to state court ensues.

## THERE IS NO SUBJECT MATTER JURISDICTION

Removal of state court actions to federal district court is governed by 28 U.S.C. §§ 1441–1455. Removal and remand of actions related to bankruptcy cases is governed by § 1452.

> (a) A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed my remand such claim or cause of action on any equitable ground. . . .
>
> 28 U.S.C. § 1452.

As set forth in § 1452, removal to a bankruptcy court requires that the court have jurisdiction of such claim or cause of action under 28 U.S.C. § 1334. 28 U.S.C. § 1334(b), with regard to bankruptcy cases and proceedings, provides that:

> Except as provided by subsection (e)(2) and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

## THERE IS NO *ARISING UNDER* JURISDICTION IN THIS CASE

"A matter arises under the Bankruptcy Code if its existence depends on a substantive provision of bankruptcy law, that is, if it involves a cause of action created or determined by a statutory provision of the Bankruptcy Code." *In re Ray*, 624 F.3d 1124, 1131 (9th Cir. 2010). The Cross-Complaint against Cross-Defendants has three causes of action that do not depend on

substantive provisions of bankruptcy law. The three causes of action are derived in state statutory and common law. There is no "arising under" jurisdiction in this case.

### THERE IS NO *ARISING IN* JURISDICTION IN THIS CASE

"A proceeding 'arises in' a case under the Bankruptcy Code if it is an administrative matter unique to the bankruptcy process that has no independent existence outside of bankruptcy and could not be brought in another forum, but whose cause of action is not expressly rooted in the Bankruptcy Code." *Id*.

Matters that "arise under or in Title 11 are deemed to be 'core' proceedings . . . ." *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995). Title 28, United States Code, section 157(b)(2) sets out a non-exclusive list of core proceedings, including "matters concerning the administration of the estate," "allowance or disallowance of claims," "objections to discharges," "motions to terminate, annul, or modify the automatic stay," and "confirmation of plans." Bankruptcy courts have the authority to hear and enter final judgments in "all core proceedings arising under title 11, or arising in a case under title 11 . . . ." 28 U.S.C. § 157(b)(1); *Stern v. Marshall*, 564 U.S. 462, 475-76, 131 S.Ct. 2594, 2604, 180 L.Ed.2d 475 (2011).

There is no "*arising in*" jurisdiction in this case because this Cross-Complaint is not unique to the bankruptcy process, it does not have anything to do with the bankruptcy process and it is certainly not expressly rooted in the Bankruptcy Code. The three causes of action against Cross-Defendants are solely derived from state law and have been pending way before this bankruptcy case was concocted by the Debtor and Mr. Burgee's clients.

### THERE IS NO *RELATED TO* JURISDICTION IN THIS CASE

Bankruptcy courts also have jurisdiction over proceedings that are "related to" a bankruptcy case. 28 U.S.C. § 1334(b); *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005). A proceeding is "related to" a bankruptcy case if:

[T]he outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or

BRIEF IN SUPPORT OF REMAND IN RESPONSE TO THE OSC re REMAND AND STATUS
CONFERENCE

freedom of action (either positively or negatively) and which in any way impacts

upon the handling and administration of the bankrupt estate.

*Pegasus Gold Corp.*, 394 F.3d at 1193 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d

984, 994 (3d Cir. 1984) (emphasis omitted)).

"[C]ivil proceedings are not within 28 U.S.C. § 1334(b)'s grant of jurisdiction if they…

'are so tangential to the title 11 case or the result of which would have so little impact on the

administration of the title 11 case… Put another way, litigation that would not have an impact

upon the administration of the bankruptcy case, or on property of the estate, or on the distribution

to creditors, cannot find a home in the district court based on the court's bankruptcy

jurisdiction.'" *Wisdom v. Gugino (In re Wisdom)* (Bankr.D.Idaho May 5, 2015, Nos. 11-01135-

JDP, 13-06045-TLM) 2015 Bankr. LEXIS 1532, at 26-27 (quoting 1 Collier on Bankruptcy, ¶

3.01[3][e][v] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014)).

Here, there is not even "*related to*" jurisdiction over this matter. Leizerovitz is suing

Cross-Defendants for cancellation of instrument that was cancelled already, wrongful foreclosure

which was rescinded already, and there are no rights to be declared or injunction to be had

because Leizerovitz was put in the exactly same position he was before the Trustee's Deed was

recorded. *See* Ca Civ Code § 1058.5(b). There is absolutely no case. Leizerovitz claim against

Cross-Defendants will not impact the administration of the estate, if fact, this case will make the

administration of the estate more time consuming, costly and inefficient. Consequently, this

Court has no subject matter jurisdiction over this action.

## THE COURT MUST EXERCISE MANDATORY ABSTENTION

Remand under 28 USC 1452(b) is kindred to abstention under 28 USCS § 1334(c) as

they both evince congressional policy that, absent countervailing circumstances, trial of state law

created issues and rights should be allowed to proceed in state court, particularly where there is

no basis for federal jurisdiction independent of 28 USCS § 1334(b) and where litigation can be

timely completed in state court. *Dubose v. Merchs. & Farmers Bank*, 318 F. Supp. 2d 419 (S.D.

Miss. 2003) (Remand under 28 USCS § 1452(b) was proper where (1) there was no basis for

jurisdiction independent of "related-to" jurisdiction under 28 USCS § 1334(b) and (2) equitable

BRIEF IN SUPPORT OF REMAND IN RESPONSE TO THE OSC re REMAND AND STATUS
CONFERENCE

remand under 28 USCS § 1452(b) was proper based on convenience, deference to state court's expertise, and preference for having entire dispute resolved in one court).

For the Court to mandate abstention all of the following elements would have to be met— (1) A timely motion; (2) a purely state law question; (3) a non-core proceeding § 157(c)(1); (4) a lack of independent federal jurisdiction absent the petition under Title 11; (5) that an action is commenced in a state court; (6) the state court action may be timely adjudicated; (7) a state forum of appropriate jurisdiction exists. *In re Gen. Carriers Corp.*, 258 B.R. 181, 189 (B.A.P. 9th Cir. 2001).

Here, all of the elements are easily met to mandate abstention. The State Court is open and hearing cases on regular basis, Judge Traber issues orders quickly and efficiently. In fact, all of the hearings are still on her calendar to be heard if this Court remands the case back. See **Exhibit A**, a true and correct copy of the docket, attached hereto and incorporated herein by reference. This action has been pending since June 20, 2019. All parties were served and litigated, discovery has been started. This action progressed far enough in state court to warrant abstention. *Gregory v. Lyman* (*In re Gregory Rock House Ranch, LLC*), 339 B.R. 249 (Bankr. D.N.M. 2006) (in plaintiff Chapter 11 debtor ranch's action against defendants since no further damages were accruing and action had and did exist independent from bankruptcy, it had no major impact on bankruptcy was remanded under 28 USCS § 1334(c)(2)'s mandatory abstention provision).

## THE COURT SHOULD REMAND THE CASE

"Bankruptcy courts have broad discretion to remand cases over which they otherwise have jurisdiction on any equitable ground." *In re Enron Corp.*, 296 B.R. 505, 508 (C.D. Cal. 2003). 28 U.S.C. § 1452(b) provides, in pertinent part: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." "'[E]ven where federal jurisdiction attaches in actions 'related to' bankruptcy proceedings, Congress has explicitly provided for courts to find that those matters are more properly adjudicated in state court.'" *Parke v. Cardsystem Solutions, Inc.*, 2006 WL 2917604 (N.D. Cal. October 11, 2006) (quoting *Williams v. Shell Oil Co.*, 169 B.R. 684, 690 (S.D. Cal. 1994)).

BRIEF IN SUPPORT OF REMAND IN RESPONSE TO THE OSC re REMAND AND STATUS CONFERENCE

Courts generally consider up to fourteen factors in deciding whether to remand a case to state court. *Enron*, 296 B.R. at 508. Factors courts should consider in deciding whether to remand are:

(1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;

(2) extent to which state law issues predominate over bankruptcy issues;

(3) difficult or unsettled nature of applicable law;

(4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;

(5) jurisdictional basis, if any, other than [section] 1334;

(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden on the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of nondebtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action. *Id.*, 508 n.2; *see also In re Cytodyn of New Mexico, Inc.*, 374 B.R. 733, 738 (Bankr. C.D. Cal. 2007).

Here, the factors weigh for remanding this action. As shown above, this action will not have any impact on administration of the estate. The outcome of this action between Leizerovitz and Cross-Defendants will do nothing for the estate except clog the calendar. *White Oak Corp. v. Am. Int'l Group, Inc. (In re Nat'l E. Corp.)*, 391 B.R. 663, 50 Bankr. Ct. Dec. (LRP) 82 (Bankr. D. Conn. 2008) (Motion to abstain and remand case to state court pursuant to 28 USCS §§ 1334(c)(1) and 1452(b) was granted, where claims involved numerous non-debtor parties, where

state court was capable of hearing case and providing jury trial, and where all claims were based on state tort and contract law and arose pre-petition.)

Mr. Burgee removed the action to this Court in an effort to forum shop, avoid responding to discovery, avoid submitting his clients to depositions, avoid a Motion to Compel Depositions and Sanctions, and in general avoid timely resolution of the action on the merits. See **Exhibit A**. *In re Laddusire v. Auto-Owners Ins. Co.*, 494 B.R. 373 (Bankr. W.D. Wis. 2013) (discretionary abstention and remand was appropriate under 28 USCS §§ 1334(c)(1) and 1452(b) with respect to action because state court litigation was well progressed and it made little sense to interrupt proceedings that had already been under way for almost two years); *Fried v. Lehman Bros. Real Estate Assocs. III, L.P.*, 496 B.R. 706 (S.D.N.Y. 2013) (even if mandatory abstention did not apply, court would have abstained based on permissive abstention because complaint was based entirely on state law, there were no bankruptcy or other federal issues, plaintiffs commenced action in state court, parties were entitled to jury trial, and state adjudication would not impede efficient administration of bankruptcy estate). This action must be remanded to state court.

Mr. Burgee created a litigation mess, the two Riverside Court actions are still pending in Riverside Courts, they were not removed to this Court and they concern the Coachella Property directly. Mr. Burgee improperly cross-complained against Cross-Defendants in Los Angeles County Superior Court in an action that has nothing to do with the Coachella Property that is located in Riverside County and being faced with discovery and sanctions, removed this action to this Court in order to forum shop and avoid resolution on the merits. This is clear abuse of process.

///

///

///

///

///

///

///

BRIEF IN SUPPORT OF REMAND IN RESPONSE TO THE OSC re REMAND AND STATUS CONFERENCE

## **CONCLUSION**

For all of the above reasons, Cross-Defendants pray that the Court remands the case to state court or dismisses it.


                                        Respectfully submitted,

Dated: July 23, 2020                     BEVERLY LAW


                                        By /s/ Michael Shemtoub
                                           Michael Shemtoub, Esquire
                                           Attorney for Real Property Trustee, Inc.
                                           and Mike Kemel

BRIEF IN SUPPORT OF REMAND IN RESPONSE TO THE OSC re REMAND AND STATUS
CONFERENCE

## DECLARATION OF MICHAEL SHEMTOUB

I, Michael Shemtoub, declare:

1.      I am an attorney at law duly licensed to practice before all courts in the State of California and a member of the State Bar of California in-good-standing. I am the attorney for Real Property Trustee, Inc. and Mike Kemel and as such I have personal knowledge of the facts stated herein. If called on to do so, I could and would testify to the same.

2.      I make this Declaration in support of the Motion to which this Declaration is attached.

3.      I request that the Court remands the case back to state court or dismisses it.

4.      On or about June 5, 2019, Debtor engaged Real Property Trustee, Inc. to perform a non-judicial foreclosure of the Deed of Trust with the power of sale against that certain vacant land located in Coachella, Riverside County, California, hereinafter the Property. The Deed of Trust secured a promissory note which evidenced a loan of $2,000,000. Cross-Defendant Mike Kemel is the principal of RPT and its Trustee Sale Officer.

5.      On September 19, 2019, RPT recorded the Notice of Sale with a sale date of October 15, 2019.

6.      On or about October 8, 2019, John G. Burgee, Esquire, on behalf of Coachella Vineyard Luxury RV, LLC, the Borrower and owner of the Property, gave ex parte notice to stop the foreclosure sale, which was set on October 10, 2019, in the case styled *GA&TV Inc. v. Lev Investments*, Case No.: RIC1905065, in Riverside County Superior Court.

7.      On October 10, 2019, the Court issued a temporary restraining order.

8.      On or about November 6, 2019, the Court denied Mr. Burgee's request for a preliminary injunction.

9.      On the same day, Mr. James R. Felton, Esquire, attorney for the Debtor, instructed Cross-Defendants to conduct the trustee sale on November 7, 2019.

10.     Mr. Felton emailed the executed Authorization to Bid to Cross-Defendants, without which Cross-Defendants would not have conducted the sale.

11.     At the sale, the Property reverted to the Debtor. On November 8, 2019, the

BRIEF IN SUPPORT OF REMAND IN RESPONSE TO THE OSC re REMAND AND STATUS CONFERENCE

Trustee's Deed upon Sale was recorded.

12.     On January 8, 2020, Mr. Burgee, on behalf of Coachella Vineyard Luxury RV, LLC, the Borrower and owner of the Property, filed yet another action for quiet title, cancellation of instruments, wrongful foreclosure, slander of title, declaratory relief and injunctive relief against RPT in the case styled *Coachella Vineyard v. Lev Investments*, Case No. PSC2000222 in Riverside County Superior Court.

13.     This case was not removed and is still pending in Riverside County Superior Court.

14.     On or about February 24, 2020, the Riverside County Superior Court, in *GA&TV Inc. v. Lev Investments*, Case No.: RIC1905065, found that the trustee's sale was premature and was the Debtor's mistake and denied the Debtor's motion to confirm the Trustee's sale *nunc pro tunc*.

15.     Based on this order, on May 29, 2020, the Debtor recorded a Rescission of Trustee's Deed. (Doc 81).

16.     Given all of the above and as if all the above frivolous litigation was not enough, on March 20, 2020, the same Mr. Burgee, now on behalf of Defendant, Cross-Complainant Michael Leizerovitz, hamstrung Cross-Defendants into this case, which is completely unrelated and has nothing to do with the Property, has completely different parties, facts, events and theories.

17.     In his Cross-Complaint, which again has nothing to do with the Property, but everything to do with a different property located in a completely different county of California, Mr. Burgee, on behalf of Mr. Leizerovitz, alleges three causes of action against Cross-Defendants, that of (7) Cancellation of Instrument, (8) Wrongful Foreclosure and (9) Declaratory and Injunctive Relief.

18.     Mr. Burgee served Cross-Defendants with this lawsuit on or about May 8, 2020. On the same day, Cross-Defendants filed a Declaration of Non-Monetary Status (DNMS). On May 15, 2020, Mr. Burgee objected to Cross-Defendants' DNMS and made Cross-Defendants participate in the case and defend themselves against completely meritless allegations.

BRIEF IN SUPPORT OF REMAND IN RESPONSE TO THE OSC re REMAND AND STATUS CONFERENCE

19.     On May 21, 2020, Cross-Defendants served a Notice of Deposition on all of Mr.

Burgee's clients, the Cross-Complainants. They failed to appear and before removing this action

to this Court, a Motion to Compel Depositions and Request for Sanctions was pending before the

State Court to be heard on August 13, 2020.

20.     Also, Cross-Defendants served Mr. Burgee's clients with extensive written

discovery. The responses were due the day before Mr. Burgee improperly removed this action to

this Court. Mr. Burgee's clients never answered the discovery.

21.     The removal was done for an improper purpose to avoid discovery, to avoid a jury

trial, to avoid sanctions, to avoid timely dispositive motions, and to forum shop.

22.     On June 26, 2020, Mr. Burgee removed this case to this Court. Mr. Burgee is so

desperate to gain an unfair advantage in a frivolous case and avoid answering discovery,

knowing full well that his clients will lose and be subject to malicious prosecution, that he tried 3

times to take Cross-Defendants defaults, knowing full well that they are represented by me and

have been participating in this case from the very beginning. The underhanded tactics are

unprofessional and unethical.

23.     Mr. Burgee never informed me that he is seeking defaults of my clients in this

case.

24.     The State Court is open and hearing cases on the regular basis, Judge Traber

issues orders quickly and efficiently. In fact, all of the hearings are still on her calendar to be

heard if this Court remands the case back. See **Exhibit A**, a true and correct copy of the docket,

attached hereto and incorporated herein by reference.

25.     This action has been pending since June 20, 2019. All parties were served and

litigated, discovery is pending and the only thing preventing this case from progressing is it

being improperly removed to this Court. This action progressed far enough in state court to

warrant abstention.

26.     Mr. Burgee created a litigation mess, the two Riverside Court actions are still

pending in Riverside Courts, they were not removed to this Court and they concern the Coachella

Property directly. Mr. Burgee improperly cross-complained against Cross-Defendants in Los

BRIEF IN SUPPORT OF REMAND IN RESPONSE TO THE OSC re REMAND AND STATUS
CONFERENCE

Angeles County Superior Court in an action that has nothing to do with Coachella Property that is located in Riverside County and being faced with discovery and sanctions, removed this action to this Court in order to forum shop and avoid resolution on the merits. This is clear abuse of process.

27.    The Court must remand the case back to State Court or dismiss it.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the State of California and the United States.

Executed on July 23, 2020, at Los Angeles, California.


By:    /s/ Michael Shemtoub
        Michael Shemtoub

BRIEF IN SUPPORT OF REMAND IN RESPONSE TO THE OSC re REMAND AND STATUS
CONFERENCE

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:**  19VECV00878

LEV INVESTMENTS, LLC VS RUVIN FEYGENBERG, ET AL.

**Filing Courthouse:**  Van Nuys Courthouse East

**Filing Date:** 06/20/2019
**Case Type:**  Other Real Property (not eminent domain, landlord/tenant, foreclosure) (General Jurisdiction)
**Status:**  Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

Unknown Cross Reference:  20STCV03696 on 05/26/2020

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**08/13/2020** at 08:30 AM in Department U at 6230 Sylmar Ave., Van Nuys, CA 91401
Hearing on Motion to Compel the Depositions

**08/13/2020** at 08:30 AM in Department U at 6230 Sylmar Ave., Van Nuys, CA 91401
Hearing on Demurrer - without Motion to Strike

**09/21/2020** at 08:30 AM in Department U at 6230 Sylmar Ave., Van Nuys, CA 91401
Case Management Conference

**10/27/2020** at 08:30 AM in Department U at 6230 Sylmar Ave., Van Nuys, CA 91401
Status Conference

**12/14/2020** at 08:30 AM in Department U at 6230 Sylmar Ave., Van Nuys, CA 91401
Non-Appearance Case Review

**12/28/2020** at 08:30 AM in Department U at 6230 Sylmar Ave., Van Nuys, CA 91401
Non-Appearance Case Review

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

BURGEE JOHN G. - Attorney for Defendant

FELTON JAMES - Attorney for Plaintiff

FEYGENBERG RUVIN - Defendant

FEYGENBERG RUVIN - Cross-Complainant

HAYES KELLY - Attorney for Cross-Defendant

KEMEL MIKE - Cross-Defendant

KRANTZ TIM - Attorney for Defendant


EXHIBIT A

LEIZEROVITZ MICHAEL - Cross-Complainant

LEIZEROVITZ MICHAEL - Defendant

LEV INVESTMENTS LLC - Plaintiff

LEV INVESTMENTS LLC - Cross-Defendant

LIOUDKOVSKI DMITRI AKA DMITRI LUDKOVSKI - Cross-Defendant

LISITSA LAW INC. - Cross-Defendant

LISITSA YEVGENIYA AKA Y. GINA LISITSA - Cross-Defendant

MING ZHU LLC - Defendant

REAL PROPERTY TRUSTEE INC. - Cross-Defendant

SENSIBLE CONSULTING AND MANAGEMENT INC. - Defendant

SENSIBLE CONSULTING AND MANAGEMENT INC. - Cross-Complainant

SHEMTOUB MICHAEL - Attorney for Cross-Defendant


## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Documents Filed (Filing dates listed in descending order)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

12/05/2019   06/24/2019

**06/29/2020** Notice of Status Conference and Order
Filed by Clerk

**06/29/2020** Notice of Stay of Proceedings (Bankruptcy)
Filed by Lev Investments, LLC (Plaintiff)

**06/29/2020** Notice of Status Conference and Order
Filed by Clerk

**06/26/2020** Notice of Removal to Federal Court
Filed by Ruvin Feygenberg (Defendant); Michael Leizerovitz (Defendant); Sensible Consulting and Management, Inc. (Defendant)

**06/22/2020** Demurrer - without Motion to Strike
Filed by YEVGENIYA LISITSA (Cross-Defendant); LISITSA LAW, INC. (Cross-Defendant)

**06/19/2020** Stipulation and Order (STIPULATION AND [PROPOSED] ORDER STRIKING PUNITIVE DAMAGES LANGUAGE AGAINST CROSS-DEFENDANTYEVGENIYA LISITSA (aka Y. GINA LISITSA) and LISITSA LAW, INC.)
Filed by YEVGENIYA LISITSA (Cross-Defendant); LISITSA LAW, INC. (Cross-Defendant)

**06/19/2020** Proof of Service by Mail
Filed by YEVGENIYA LISITSA (Cross-Defendant); LISITSA LAW, INC. (Cross-Defendant)

**06/19/2020** Memorandum of Points & Authorities
Filed by YEVGENIYA LISITSA (Cross-Defendant); LISITSA LAW, INC. (Cross-Defendant)

**06/19/2020** Declaration (OF KELLY M. HAYES, ESQ. IN SUPPORT OF DEMURRER BY CROSS-DEFENDANTS YEVGENIYA LISITSA (aka Y. GINA LISITSA) and LISITSA LAW, INC. TO CROSS-COMPLAINANT'S CROSS-COMPLAINT)
Filed by YEVGENIYA LISITSA (Cross-Defendant); LISITSA LAW, INC. (Cross-Defendant)

**06/18/2020** Declaration (of Shemtoub ISO of auto ext of time to respond to cross-complaint by Real Property Trustee, Inc. Mike Kemel)

Filed by MIKE KEMEL (Cross-Defendant); REAL PROPERTY TRUSTEE, INC. (Cross-Defendant)

**06/15/2020** Proof of Service (not Summons and Complaint)

Filed by REAL PROPERTY TRUSTEE, INC. (Cross-Defendant)

**06/15/2020** Notice of Stay of Proceedings (Bankruptcy)

Filed by MIKE KEMEL (Cross-Defendant); REAL PROPERTY TRUSTEE, INC. (Cross-Defendant)

**06/15/2020** Certificate of Mailing for ((Non-Appearance Case Review) of 06/15/2020)

Filed by Clerk

**06/15/2020** Minute Order ( (Non-Appearance Case Review))

Filed by Clerk

**06/15/2020** Motion to Compel (THE DEPOSITIONS OF 1. RUVIN FEYGENBERG 2. MICHAEL LEIZEROVITZ; 3. SENSIBLE CONSULTING AND MANAGEMENT, INC; 4. REQUEST FOR SANCTIONS AGAINST RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC, AND JOHN GERARD BURGEE)

Filed by MIKE KEMEL (Cross-Defendant); REAL PROPERTY TRUSTEE, INC. (Cross-Defendant)

**05/22/2020** Answer

Filed by Lev Investments, LLC (Cross-Defendant); DMITRI LIOUDKOVSKI (Cross-Defendant)

**05/22/2020** Certificate of Mailing for ([Minute Order (Non-Appearance Case Review)])

Filed by Clerk

**05/22/2020** Certificate of Mailing for ([Certificate of Mailing for (Non-Appearance Case Review) of 05/22/2020, Minute Order (Non-Appearance Case Review)])

Filed by Clerk

**05/22/2020** Certificate of Mailing for ((Non-Appearance Case Review) of 05/22/2020)

Filed by Clerk

**05/22/2020** Minute Order ( (Non-Appearance Case Review))

Filed by Clerk

**05/15/2020** Notice of Related Case

Filed by Michael Leizerovitz (Cross-Complainant); Sensible Consulting and Management, Inc. (Cross-Complainant); Ruvin Feygenberg (Cross-Complainant)

**05/15/2020** Objection (TO DECLARATION OF NON-MONETARY STATUS OF CROSS-DEFENDANT MIKE KEMEL)

Filed by Michael Leizerovitz (Cross-Complainant)

**05/15/2020** Objection (TO DECLARATION OF NON-MONETARY STATUS OF CROSS-DEFENDANT REAL PROPERTY TRUSTEE, INC.)

Filed by Michael Leizerovitz (Cross-Complainant)

**05/13/2020** Certificate of Mailing for ((Court Order (Re: Peremptory Challenge Pursuant to Code of Civ...) of 05/13/2020)

Filed by Clerk

**05/13/2020** Notice of Case Reassignment and Order for Plaintiff to Give Notice

Filed by Clerk

**05/13/2020** Minute Order ( (Court Order (Re: Peremptory Challenge Pursuant to Code of Civ...))

Filed by Clerk

**05/11/2020** Challenge To Judicial Officer - Peremptory (170.6)

Filed by REAL PROPERTY TRUSTEE, INC. (Cross-Defendant)

**05/08/2020** Declaration (Decl of Non-Monetary Status)

Filed by MIKE KEMEL (Cross-Defendant)

**05/08/2020** Declaration (Declaration of Non Monetary Status)

Filed by REAL PROPERTY TRUSTEE, INC. (Cross-Defendant)

**04/15/2020** Notice ( of Continuance of Case Management Conference)

Filed by Lev Investments, LLC (Cross-Defendant)

**04/08/2020** Notice of Lis Pendens

Filed by Michael Leizerovitz (Cross-Complainant)

**04/03/2020** Notice Re: Continuance of Hearing and Order

Filed by Clerk

**03/20/2020** Summons (on Cross-Complaint)

Filed by Michael Leizerovitz (Cross-Complainant); Sensible Consulting and Management, Inc. (Cross-Complainant); Ruvin
Feygenberg (Cross-Complainant)

**03/20/2020** Cross-Complaint

Filed by Michael Leizerovitz (Cross-Complainant); Sensible Consulting and Management, Inc. (Cross-Complainant); Ruvin
Feygenberg (Cross-Complainant)

**03/20/2020** Answer

Filed by Ruvin Feygenberg (Defendant); Michael Leizerovitz (Defendant); Sensible Consulting and Management, Inc.
(Defendant)

**02/19/2020** Request for Dismissal

Filed by Lev Investments, LLC (Plaintiff)

**02/18/2020** Minute Order ( (Case Management Conference; Hearing on Demurrer - with Motion...))

Filed by Clerk

**02/14/2020** Case Management Statement

Filed by Lev Investments, LLC (Plaintiff)

**02/07/2020** Reply (TO OPPOSITION TO MOTION TO STRIKE)

Filed by Ruvin Feygenberg (Defendant); Michael Leizerovitz (Defendant); Sensible Consulting and Management, Inc.
(Defendant)

**02/07/2020** Reply (TO OPPOSITION TO DEMURRER)

Filed by Ruvin Feygenberg (Defendant); Michael Leizerovitz (Defendant); Sensible Consulting and Management, Inc.
(Defendant)

**02/04/2020** Opposition (Lev Investments, LLC's Opposition to Defendants Ruvin Feygenberg, Michael Leizerovitz and
Sensible Consulting and Management, Inc.'s (I) Demurrer to First Amended Complaint, and (II) Motion to Strike;
Memorandum of Points and Authorities)

Filed by Lev Investments, LLC (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   12/05/2019   06/24/2019

**12/05/2019** Order Granting Attorney's Motion to Be Relieved as Counsel-Civil

Filed by Thomas D Sands (Attorney); Lev Investments, LLC (Plaintiff)

**12/04/2019** Substitution of Attorney

Filed by Lev Investments, LLC (Plaintiff)

**12/04/2019** Minute Order ( (Case Management Conference))

Filed by Clerk

**11/25/2019** Notice (CIV 123 - Notice of Entry of Judgment_Dismissal_Other Order-Relieved as Counsel for Lev Investments-
11-22-2019)

Filed by Lev Investments, LLC (Plaintiff)

**11/22/2019** Minute Order ( (Hearing on Motion to be Relieved as Counsel))

Filed by Clerk

**11/01/2019** Motion to Strike (not initial pleading)

Filed by Ruvin Feygenberg (Defendant); Michael Leizerovitz (Defendant); Sensible Consulting and Management, Inc.

(Defendant)

**11/01/2019** Demurrer - with Motion to Strike (CCP 430.10)
Filed by Ruvin Feygenberg (Defendant); Michael Leizerovitz (Defendant); Sensible Consulting and Management, Inc. (Defendant)

**10/28/2019** Proof of Service (not Summons and Complaint)
Filed by Lev Investments, LLC (Plaintiff)

**10/28/2019** Declaration in Support of Attorney's Motion to Be Relieved as Counsel-Civil
Filed by Thomas D Sands (Attorney); Lev Investments, LLC (Plaintiff)

**10/28/2019** Motion to Be Relieved as Counsel
Filed by Thomas D Sands (Attorney); Lev Investments, LLC (Plaintiff)

**10/25/2019** Demurrer - without Motion to Strike
Filed by Ming Zhu, LLC (Defendant)

**10/22/2019** Minute Order ( (Case Management Conference))
Filed by Clerk

**10/09/2019** Proof of Service by Mail
Filed by Lev Investments, LLC (Plaintiff)

**10/09/2019** Case Management Statement
Filed by Lev Investments, LLC (Plaintiff); Ruvin Feygenberg (Defendant); Michael Leizerovitz (Defendant) et al.

**09/30/2019** Minute Order ( (Hearing on Demurrer - without Motion to Strike))
Filed by Clerk

**09/27/2019** Amended Complaint (First Amended Complaint)
Filed by Lev Investments, LLC (Plaintiff)

**09/27/2019** Amended Complaint (First Amended Complaint)
Filed by Lev Investments, LLC (Plaintiff)

**09/10/2019** Minute Order ( (Hearing on Demurrer - without Motion to Strike))
Filed by Clerk

**09/05/2019** Demurrer - without Motion to Strike
Filed by Ming Zhu, LLC (Defendant)

**09/03/2019** Reply (REPLY TO OPPOSITION TO DEMURRER TO COMPLAINT)
Filed by Michael Leizerovitz (Defendant); Sensible Consulting and Management, Inc. (Defendant)

**08/30/2019** Notice (Of Withdrawal of Demurrer Inadvertently Calendered for Sept 23, 2019)
Filed by Ming Zhu, LLC (Defendant)

**08/26/2019** Opposition (to Demurrer of Defendants Michael Leizerovitz and Sensible Consulting and Management, Inc. to Complaint)
Filed by Lev Investments, LLC (Plaintiff)

**08/15/2019** Joinder to Motion (JOINDER OF DEFENDANT RUVIN FEYGENBERG IN DEMURRER TO COMPLAINT)
Filed by Ruvin Feygenberg (Defendant)

**08/14/2019** Request for Entry of Default / Judgment
Filed by Lev Investments, LLC (Plaintiff)

**08/14/2019** Request for Entry of Default / Judgment
Filed by Lev Investments, LLC (Plaintiff)

**08/06/2019** Request for Judicial Notice
Filed by Michael Leizerovitz (Defendant); Sensible Consulting and Management, Inc. (Defendant)

**08/06/2019** Demurrer - without Motion to Strike
Filed by Michael Leizerovitz (Defendant); Sensible Consulting and Management, Inc. (Defendant)

**07/17/2019** Proof of Personal Service
Filed by Lev Investments, LLC (Plaintiff)

**07/17/2019** Proof of Service by Substituted Service
Filed by Lev Investments, LLC (Plaintiff)

**07/17/2019** Proof of Personal Service
Filed by Lev Investments, LLC (Plaintiff)

**07/17/2019** Proof of Service by Substituted Service
Filed by Lev Investments, LLC (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   12/05/2019   06/24/2019

**06/24/2019** Notice of Case Management Conference
Filed by Clerk

**06/20/2019** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**06/20/2019** Civil Case Cover Sheet
Filed by Lev Investments, LLC (Plaintiff)

**06/20/2019** Summons (on Complaint)
Filed by Lev Investments, LLC (Plaintiff)

**06/20/2019** Complaint
Filed by Lev Investments, LLC (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   12/05/2019   06/24/2019


## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Proceedings Held (Proceeding dates listed in descending order)

*06/15/2020* at 3:15 PM in Department U, Theresa M. Traber, Presiding
Non-Appearance Case Review

*06/11/2020* at 08:30 AM in Department A, Huey P. Cotton, Presiding
Case Management Conference - **Not Held - Rescheduled by Court**

*05/22/2020* at 2:47 PM in Department U, Theresa M. Traber, Presiding
Non-Appearance Case Review

*05/13/2020* at 10:30 AM in Department A, Huey P. Cotton, Presiding
Court Order

*02/18/2020* at 08:30 AM in Department A, Huey P. Cotton, Presiding
Hearing on Demurrer - without Motion to Strike - **Held**

*02/18/2020* at 08:30 AM in Department A, Huey P. Cotton, Presiding
Hearing on Demurrer - with Motion to Strike (CCP 430.10) - **Held**

*02/18/2020* at 08:30 AM in Department A, Huey P. Cotton, Presiding
Case Management Conference - **Held - Continued**

*12/11/2019* at 08:30 AM in Department A, Huey P. Cotton, Presiding
Hearing on Demurrer - with Motion to Strike (CCP 430.10) - **Not Held - Advanced and Continued - by Court**

**12/10/2019** at 08:30 AM in Department A, Huey P. Cotton, Presiding

Hearing on Demurrer - without Motion to Strike - **Not Held - Advanced and Continued - by Court**

**12/04/2019** at 08:30 AM in Department A, Huey P. Cotton, Presiding

Hearing on Demurrer - without Motion to Strike

**12/04/2019** at 08:30 AM in Department A, Huey P. Cotton, Presiding

Case Management Conference - **Held - Continued**

**11/22/2019** at 08:30 AM in Department A, Huey P. Cotton, Presiding

Hearing on Motion to be Relieved as Counsel - **Held**

**10/22/2019** at 08:30 AM in Department A, Huey P. Cotton, Presiding

Case Management Conference - **Held - Continued**

**09/30/2019** at 08:30 AM in Department A, Huey P. Cotton, Presiding

Hearing on Demurrer - without Motion to Strike - **Not Held - Taken Off Calendar by Court**

**09/24/2019** at 08:30 AM in Department A, Huey P. Cotton, Presiding

Hearing on Demurrer - without Motion to Strike

**09/10/2019** at 08:30 AM in Department A, Huey P. Cotton, Presiding

Hearing on Demurrer - without Motion to Strike - **Held**

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Register of Actions (Listed in descending order)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

02/04/2020   08/15/2019

**06/29/2020** Notice of Status Conference and Order

Filed by Clerk

**06/29/2020** Notice of Stay of Proceedings (Bankruptcy)

Filed by Lev Investments, LLC (Plaintiff)

**06/29/2020** Notice of Status Conference and Order

Filed by Clerk

**06/26/2020** Notice of Removal to Federal Court

Filed by Ruvin Feygenberg (Defendant); Michael Leizerovitz (Defendant); Sensible Consulting and Management, Inc. (Defendant)

**06/22/2020** Demurrer - without Motion to Strike

Filed by YEVGENIYA LISITSA (Cross-Defendant); LISITSA LAW, INC. (Cross-Defendant)

**06/19/2020** Declaration (OF KELLY M. HAYES, ESQ. IN SUPPORT OF DEMURRER BY CROSS-DEFENDANTS YEVGENIYA LISITSA (aka Y. GINA LISITSA) and LISITSA LAW, INC. TO CROSS-COMPLAINANT'S CROSS-COMPLAINT)

Filed by YEVGENIYA LISITSA (Cross-Defendant); LISITSA LAW, INC. (Cross-Defendant)

**06/19/2020** Proof of Service by Mail

Filed by YEVGENIYA LISITSA (Cross-Defendant); LISITSA LAW, INC. (Cross-Defendant)

**06/19/2020** Stipulation and Order (STIPULATION AND [PROPOSED] ORDER STRIKING PUNITIVE DAMAGES LANGUAGE AGAINST CROSS-DEFENDANTYEVGENIYA LISITSA (aka Y. GINA LISITSA) and LISITSA LAW, INC.)

Filed by YEVGENIYA LISITSA (Cross-Defendant); LISITSA LAW, INC. (Cross-Defendant)

**06/19/2020** Memorandum of Points & Authorities

Filed by YEVGENIYA LISITSA (Cross-Defendant); LISITSA LAW, INC. (Cross-Defendant)

**06/18/2020** Declaration (of Shemtoub ISO of auto ext of time to respond to cross-complaint by Real Property Trustee, Inc. Mike Kemel)

Filed by MIKE KEMEL (Cross-Defendant); REAL PROPERTY TRUSTEE, INC. (Cross-Defendant)

**06/15/2020** at 3:15 PM in Department U, Theresa M. Traber, Presiding

Non-Appearance Case Review

**06/15/2020** Notice of Stay of Proceedings (Bankruptcy)

Filed by MIKE KEMEL (Cross-Defendant); REAL PROPERTY TRUSTEE, INC. (Cross-Defendant)

**06/15/2020** Motion to Compel (THE DEPOSITIONS OF 1. RUVIN FEYGENBERG 2. MICHAEL LEIZEROVITZ; 3. SENSIBLE CONSULTING AND MANAGEMENT, INC; 4. REQUEST FOR SANCTIONS AGAINST RUVIN FEYGENBERG; MICHAEL LEIZEROVITZ; SENSIBLE CONSULTING AND MANAGEMENT, INC, AND JOHN GERARD BURGEE)

Filed by MIKE KEMEL (Cross-Defendant); REAL PROPERTY TRUSTEE, INC. (Cross-Defendant)

**06/15/2020** Minute Order ( (Non-Appearance Case Review))

Filed by Clerk

**06/15/2020** Certificate of Mailing for ((Non-Appearance Case Review) of 06/15/2020)

Filed by Clerk

**06/15/2020** Proof of Service (not Summons and Complaint)

Filed by REAL PROPERTY TRUSTEE, INC. (Cross-Defendant)

**06/11/2020** at 08:30 AM in Department A, Huey P. Cotton, Presiding

Case Management Conference - **Not Held - Rescheduled by Court**

**05/22/2020** at 2:47 PM in Department U, Theresa M. Traber, Presiding

Non-Appearance Case Review

**05/22/2020** Certificate of Mailing for ([Certificate of Mailing for (Non-Appearance Case Review) of 05/22/2020, Minute Order (Non-Appearance Case Review)])

Filed by Clerk

**05/22/2020** Certificate of Mailing for ((Non-Appearance Case Review) of 05/22/2020)

Filed by Clerk

**05/22/2020** Minute Order ( (Non-Appearance Case Review))

Filed by Clerk

**05/22/2020** Answer

Filed by Lev Investments, LLC (Cross-Defendant); DMITRI LIOUDKOVSKI (Cross-Defendant)

**05/22/2020** Certificate of Mailing for ([Minute Order (Non-Appearance Case Review)])

Filed by Clerk

**05/15/2020** Objection (TO DECLARATION OF NON-MONETARY STATUS OF CROSS-DEFENDANT MIKE KEMEL)

Filed by Michael Leizerovitz (Cross-Complainant)

**05/15/2020** Objection (TO DECLARATION OF NON-MONETARY STATUS OF CROSS-DEFENDANT REAL PROPERTY TRUSTEE, INC.)

Filed by Michael Leizerovitz (Cross-Complainant)

**05/15/2020** Notice of Related Case

Filed by Michael Leizerovitz (Cross-Complainant); Sensible Consulting and Management, Inc. (Cross-Complainant); Ruvin Feygenberg (Cross-Complainant)

**05/13/2020** at 10:30 AM in Department A, Huey P. Cotton, Presiding

Court Order

**05/13/2020** Certificate of Mailing for ((Court Order (Re: Peremptory Challenge Pursuant to Code of Civ...) of 05/13/2020)

Filed by Clerk

**05/13/2020** Minute Order ( (Court Order (Re: Peremptory Challenge Pursuant to Code of Civ...))

Filed by Clerk

**05/13/2020** Notice of Case Reassignment and Order for Plaintiff to Give Notice

Filed by Clerk

**05/11/2020** Challenge To Judicial Officer - Peremptory (170.6)

Filed by REAL PROPERTY TRUSTEE, INC. (Cross-Defendant)

**05/08/2020** Declaration (Decl of Non-Monetary Status)

Filed by MIKE KEMEL (Cross-Defendant)

**05/08/2020** Declaration (Declaration of Non Monetary Status)

Filed by REAL PROPERTY TRUSTEE, INC. (Cross-Defendant)

**04/15/2020** Notice ( of Continuance of Case Management Conference)

Filed by Lev Investments, LLC (Cross-Defendant)

**04/08/2020** Notice of Lis Pendens

Filed by Michael Leizerovitz (Cross-Complainant)

**04/03/2020** Notice Re: Continuance of Hearing and Order

Filed by Clerk

**03/20/2020** Summons (on Cross-Complaint)

Filed by Michael Leizerovitz (Cross-Complainant); Sensible Consulting and Management, Inc. (Cross-Complainant); Ruvin
Feygenberg (Cross-Complainant)

**03/20/2020** Cross-Complaint

Filed by Michael Leizerovitz (Cross-Complainant); Sensible Consulting and Management, Inc. (Cross-Complainant); Ruvin
Feygenberg (Cross-Complainant)

**03/20/2020** Answer

Filed by Ruvin Feygenberg (Defendant); Michael Leizerovitz (Defendant); Sensible Consulting and Management, Inc.
(Defendant)

**02/19/2020** Request for Dismissal

Filed by Lev Investments, LLC (Plaintiff)

**02/18/2020** at 08:30 AM in Department A, Huey P. Cotton, Presiding

Hearing on Demurrer - without Motion to Strike - **Held**

**02/18/2020** at 08:30 AM in Department A, Huey P. Cotton, Presiding

Hearing on Demurrer - with Motion to Strike (CCP 430.10) - **Held**

**02/18/2020** at 08:30 AM in Department A, Huey P. Cotton, Presiding

Case Management Conference - **Held - Continued**

**02/18/2020** Minute Order ( (Case Management Conference; Hearing on Demurrer - with Motion...))

Filed by Clerk

**02/14/2020** Case Management Statement

Filed by Lev Investments, LLC (Plaintiff)

**02/07/2020** Reply (TO OPPOSITION TO DEMURRER)

Filed by Ruvin Feygenberg (Defendant); Michael Leizerovitz (Defendant); Sensible Consulting and Management, Inc.
(Defendant)

**02/07/2020** Reply (TO OPPOSITION TO MOTION TO STRIKE)

Filed by Ruvin Feygenberg (Defendant); Michael Leizerovitz (Defendant); Sensible Consulting and Management, Inc.
(Defendant)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   02/04/2020   08/15/2019

**02/04/2020** Opposition (Lev Investments, LLC's Opposition to Defendants Ruvin Feygenberg, Michael Leizerovitz and Sensible Consulting and Management, Inc.'s (I) Demurrer to First Amended Complaint, and (II) Motion to Strike; Memorandum of Points and Authorities)
Filed by Lev Investments, LLC (Plaintiff)

**12/11/2019** at 08:30 AM in Department A, Huey P. Cotton, Presiding
Hearing on Demurrer - with Motion to Strike (CCP 430.10) - **Not Held - Advanced and Continued - by Court**

**12/10/2019** at 08:30 AM in Department A, Huey P. Cotton, Presiding
Hearing on Demurrer - without Motion to Strike - **Not Held - Advanced and Continued - by Court**

**12/05/2019** Order Granting Attorney's Motion to Be Relieved as Counsel-Civil
Filed by Thomas D Sands (Attorney); Lev Investments, LLC (Plaintiff)

**12/04/2019** at 08:30 AM in Department A, Huey P. Cotton, Presiding
Hearing on Demurrer - without Motion to Strike

**12/04/2019** at 08:30 AM in Department A, Huey P. Cotton, Presiding
Case Management Conference - **Held - Continued**

**12/04/2019** Minute Order ( (Case Management Conference))
Filed by Clerk

**12/04/2019** Substitution of Attorney
Filed by Lev Investments, LLC (Plaintiff)

**11/25/2019** Notice (CIV 123 - Notice of Entry of Judgment_Dismissal_Other Order-Relieved as Counsel for Lev Investments-11-22-2019)
Filed by Lev Investments, LLC (Plaintiff)

**11/22/2019** at 08:30 AM in Department A, Huey P. Cotton, Presiding
Hearing on Motion to be Relieved as Counsel - **Held**

**11/22/2019** Minute Order ( (Hearing on Motion to be Relieved as Counsel))
Filed by Clerk

**11/01/2019** Motion to Strike (not initial pleading)
Filed by Ruvin Feygenberg (Defendant); Michael Leizerovitz (Defendant); Sensible Consulting and Management, Inc. (Defendant)

**11/01/2019** Demurrer - with Motion to Strike (CCP 430.10)
Filed by Ruvin Feygenberg (Defendant); Michael Leizerovitz (Defendant); Sensible Consulting and Management, Inc. (Defendant)

**10/28/2019** Motion to Be Relieved as Counsel
Filed by Thomas D Sands (Attorney); Lev Investments, LLC (Plaintiff)

**10/28/2019** Declaration in Support of Attorney's Motion to Be Relieved as Counsel-Civil
Filed by Thomas D Sands (Attorney); Lev Investments, LLC (Plaintiff)

**10/28/2019** Proof of Service (not Summons and Complaint)
Filed by Lev Investments, LLC (Plaintiff)

**10/25/2019** Demurrer - without Motion to Strike
Filed by Ming Zhu, LLC (Defendant)

**10/22/2019** at 08:30 AM in Department A, Huey P. Cotton, Presiding
Case Management Conference - **Held - Continued**

**10/22/2019** Minute Order ( (Case Management Conference))
Filed by Clerk

**10/09/2019** Proof of Service by Mail
Filed by Lev Investments, LLC (Plaintiff)

**10/09/2019** Case Management Statement
Filed by Lev Investments, LLC (Plaintiff); Ruvin Feygenberg (Defendant); Michael Leizerovitz (Defendant) et al.

**09/30/2019** at 08:30 AM in Department A, Huey P. Cotton, Presiding
Hearing on Demurrer - without Motion to Strike - **Not Held - Taken Off Calendar by Court**

**09/30/2019** Minute Order ( (Hearing on Demurrer - without Motion to Strike))
Filed by Clerk

**09/27/2019** Amended Complaint (First Amended Complaint)
Filed by Lev Investments, LLC (Plaintiff)

**09/27/2019** Amended Complaint (First Amended Complaint)
Filed by Lev Investments, LLC (Plaintiff)

**09/24/2019** at 08:30 AM in Department A, Huey P. Cotton, Presiding
Hearing on Demurrer - without Motion to Strike

**09/10/2019** at 08:30 AM in Department A, Huey P. Cotton, Presiding
Hearing on Demurrer - without Motion to Strike - **Held**

**09/10/2019** Minute Order ( (Hearing on Demurrer - without Motion to Strike))
Filed by Clerk

**09/05/2019** Demurrer - without Motion to Strike
Filed by Ming Zhu, LLC (Defendant)

**09/03/2019** Reply (REPLY TO OPPOSITION TO DEMURRER TO COMPLAINT)
Filed by Michael Leizerovitz (Defendant); Sensible Consulting and Management, Inc. (Defendant)

**08/30/2019** Notice (Of Withdrawal of Demurrer Inadvertently Calendered for Sept 23, 2019)
Filed by Ming Zhu, LLC (Defendant)

**08/26/2019** Opposition (to Demurrer of Defendants Michael Leizerovitz and Sensible Consulting and Management, Inc. to
Complaint)
Filed by Lev Investments, LLC (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   02/04/2020   08/15/2019

**08/15/2019** Joinder to Motion (JOINDER OF DEFENDANT RUVIN FEYGENBERG IN DEMURRER TO COMPLAINT)
Filed by Ruvin Feygenberg (Defendant)

**08/14/2019** Request for Entry of Default / Judgment
Filed by Lev Investments, LLC (Plaintiff)

**08/14/2019** Request for Entry of Default / Judgment
Filed by Lev Investments, LLC (Plaintiff)

**08/06/2019** Request for Judicial Notice
Filed by Michael Leizerovitz (Defendant); Sensible Consulting and Management, Inc. (Defendant)

**08/06/2019** Demurrer - without Motion to Strike
Filed by Michael Leizerovitz (Defendant); Sensible Consulting and Management, Inc. (Defendant)

**07/17/2019** Proof of Personal Service
Filed by Lev Investments, LLC (Plaintiff)

**07/17/2019** Proof of Service by Substituted Service
Filed by Lev Investments, LLC (Plaintiff)

**07/17/2019** Proof of Service by Substituted Service
Filed by Lev Investments, LLC (Plaintiff)

**07/17/2019** Proof of Personal Service
Filed by Lev Investments, LLC (Plaintiff)

**06/24/2019** Notice of Case Management Conference

Filed by Clerk

**06/20/2019** Civil Case Cover Sheet

Filed by Lev Investments, LLC (Plaintiff)

**06/20/2019** Summons (on Complaint)

Filed by Lev Investments, LLC (Plaintiff)

**06/20/2019** Complaint

Filed by Lev Investments, LLC (Plaintiff)

**06/20/2019** Notice of Case Assignment - Unlimited Civil Case

Filed by Clerk

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   02/04/2020   08/15/2019

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 4929 Wilshire Blvd., Suite 702, Los Angeles, CA 90010

A true and correct copy of the foregoing document entitled (*specify*): BRIEF IN SUPPORT OF REMAND IN RESPONSE TO THE OSC re REMAND AND STATUS CONFERENCE will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 7/24/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Lisa D Angelo**   langelo@murchisonlaw.com, cthomas@murchisonlaw.com
**John Burgee**   jburgee@bandalaw.net
**Caroline Renee Djang (TR)**   caroline.djang@bbklaw.com, C190@ecfcbis.com; sansanee.wells@bbklaw.com; wilma.escalante@bbklaw.com
**David B Golubchik**   dbg@lnbyb.com, stephanie@lnbyb.com
**Juliet Y Oh**   jyo@lnbrb.com, jyo@lnbrb.com
**Thomas D Sands**   thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
**Michael Shemtoub**   michael@lexingtonlg.com
**David A Tilem**   davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com; joanfidelson@tilemlaw.com; JoanFidelson@ecf.inforuptcy.com; DianaChau@tilemlaw.com
**United States Trustee (SV)**   ustpregion16.wh.ecf@usdoj.gov

☐   Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**: On 7/24/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Lev Investments, LLC, Debtor, 13854 Albers St., Sherman Oaks, CA 91401

☐   Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date), I caused service on the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 7/24/2020 | Michael Shemtoub | /s/ Michael Shemtoub |
| *Date* | *Printed Name* | *Signature* |

BRIEF IN SUPPORT OF REMAND IN RESPONSE TO THE OSC re REMAND AND STATUS
CONFERENCE