1  Lisa D. Angelo (SBN 229000)
   Gina E. Och (SBN 170520)
2  **MURCHISON & CUMMING, LLP**
   801 South Grand Avenue, Ninth Floor
3  Los Angeles, California 90017-4613
   Telephone: (213) 623-7400
4  Facsimile: (213) 623-6336
   E-Mail      langelo@murchisonlaw.com
5              goch@murchisonlaw.com

6  Attorneys for Cross-Defendants, GINA
   LISITSA and LISITSA LAW, INC.
7

8              UNITED STATES BANKRUPTCY COURT

9  CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

10

11 | In re                                    | Case No. 20-bk-11006-VK
   |                                          | Adv. No, 20-ap-01065-VK
12 | Lev Investments, LLC,                    |
   |                                          | Chapter 11
13 |        Debtor.                           |
   |                                          | **NOTICE OF MOTION AND
14 |------------------------------------------| MOTION TO DISMISS THE
   |                                          | CROSS-COMPLAINT;
15 | LEV INVESTMENTS, LLC,                    | MEMORANDUM OF POINTS AND
   |                                          | AUTHORITIES**
16 |        Plaintiff,                        |
   |                                          | *[Filed and Served Concurrently with
17 |        vs.                               | [Proposed] Order lodged in Chambers]*
18 |                                          |
   | RUVIN FEYGENBERG, et al.,                | Date:   TBD
19 |                                          | Time:   10:00 a.m.
   |        Defendants.                       | Crtrm:  303
20 |                                          |
21

22

23 TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

24        PLEASE TAKE NOTICE that on _____, at 10:00 a.m., or as soon

25 thereafter as the matter may be heard in Courtroom 303 of the United States Bankruptcy

26 Court of California, Central District, San Fernando Valley Division located at 21041

27 Burbank Boulevard, Woodland Hills, CA 91367, Cross-Defendants GINA LISITSA

28 and LISITSA LAW, INC. will, and hereby do, move for an order to dismiss the Second

1  Cause of Action for Breach of Fiduciary Duty, Third Cause of Action for Concealment,

2  Fourth Cause of Action for Indemnity, and Fifth Cause of Action for Declaratory Relief

3  of Cross-Defendants' Cross-Complaint or, alternatively, dismiss the Third Cause of

4  Action for Concealment, for failure to state a claim upon which relief can be granted,

5  pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), Federal Rules of

6  Bankruptcy Procedure 7009 and 7012(b), and California Civil Code § 1714.10.

7       Pursuant to Local Rule 9013-1(f) of the Bankruptcy Court, opposing party shall

8  file and serve a written response at least 14 days before the hearing.

9       This Motion is based on this Notice of Motion and Motion; the Memorandum of

10 Points and Authorities set forth below; the court file of this matter; and such further

11 evidence and argument that may be presented to the Court at or before the hearing.

12 DATED:  July 24, 2020              **MURCHISON & CUMMING, LLP**

13

14                              By:  _____*/s/  Lisa D. Angelo*_____

15                                   Lisa D. Angelo
                                     Gina E. Och
16                                   Attorneys for Cross-Defendants,
                                     GINA LISITSA and LISITSA LAW, INC.
17

18

19

20

21

22

23

24

25

26

27

28

2                                      Case No. 20-bk-11006-VK

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................1

I.      INTRODUCTION ........................................................................................1

II.     SALIENT FACTS .......................................................................................1

III.    ARGUMENT................................................................................................2

        A.      The Cross-Complaint and the Third Cause of Action Against
                LISITSA Should Be Dismissed Under Rules 9(b), 12(b)(6), 7009,
                and 7012. .........................................................................................2

        B.      The Cross-Complaint Against LISITSA Should Be Dismissed In
                Its Entirety for Its Failure to Comply with California Civil Code §
                1714.10. ...........................................................................................4

        C.      The Third Cause of Action for Concealment Fails to State a Cause
                of Action..........................................................................................7

IV.     CONCLUSION ............................................................................................8

**1**

# TABLE OF AUTHORITIES

**2**                                                                                                        **Page**

**3**

**CASES**

**4**

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ........................................................................2, 3

**5**

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) ........................................3

**6**

Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC, 162 Cal.App.4th 858,
     869 (2008)..........................................................................................................8

**7**

**8**
Boschma v. Home Loan Center, Inc., 198 Cal.App.4th 230, 248 ...................................7

**9**
Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047,
     1055 (9th Cir. 2011) ........................................................................................4

**10**

Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) .....................................................4

**11**

Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010).................4

**12**

Eclectic Props. E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 995 n.5 (9th
     Cir. 2014)............................................................................................................8

**13**

**14**   In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) .............................4

**15**   Klotz v. Milbank, Tweed, Hadley & McCloy, 238 Cal.App.4th 1339, 1350
     (2015).................................................................................................................5

**16**

Marksman Partners, L.P. v. Chantal Pharm. Corp., 927 F.Supp. 1297, 1309
     (C.D. Cal. 1996) ...............................................................................................4

**17**

**18**   Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996) ................................................7

**19**   Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).....................3

**20**   N. Star Int'l v. Ariz. Corps. Comm'n, 720 F.2d 578, 583 (9th Cir. 1983)....................3

**21**   Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998)........................................................3

**22**   Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985)................................................3

**23**   Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) ............................................4

**24**   Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003) ....................3

**25**

**STATUTES**

**26**
California Civil Code § 1714.10................................................................................passim

**27**

**28**

1 **RULES**

2  Federal Rule of Civil Procedure 9(b)....................................................................3, 7

3  Federal Rules of Bankruptcy Procedure 7009 ...........................................................3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 20-bk-11006-VK

1

# MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.

3

## INTRODUCTION

4      Cross-Defendants GINA LISITSA and LISITSA LAW, INC. (collectively

5  "LISITSA") bring this Motion to Dismiss the Cross-Complainant as to LISITSA

6  because its allegations sound in conspiracy between an attorney and her client; thus,

7  the Cross-Complaint fails to comply with California Civil Code § 1714.10, which

8  requires the Cross-Complainants to obtain a court order prior to filing a complaint

9  against an attorney when premised on conspiracy. Alternatively, the Third Cause of

10  Action for Concealment fails to plead the requisite specific facts under the heightened

11  pleading standard that would support a fraud-based cause of action.

12

## II.

13

## SALIENT FACTS

14      According to the Cross-Complaint [Dkt. #1], Debtor, Plaintiff, and Cross-

15  Defendant LEV INVESTMENTS, LLC ("LEV") and Defendants and Cross-

16  Complainants RUVIN FEYGENBERG and MICHAEL LEIZEROVITZ (collectively

17  referred to as "the Parties") hired LISITSA to prepare a contract for them to enter into

18  a business transaction to acquire real property in Sherman Oaks, California, which was

19  in the process of being foreclosed. (Cross-Complaint, ¶ 10.) The Parties allegedly

20  planned to purchase a defaulted Promissory Note secured by a first position Deed of

21  Trust for the property. (Id.) LEV was supposed to contribute $1,022,500 toward the

22  purchase of the Note and Deed of Trust. (Id.)

23      Cross-Defendant, DMITRI LIOUDKOVSKI, acting on behalf of LEV, is

24  alleged to have made secret deals with others in order to obtain the necessary funds

25  required for LEV to purchase the Promissory Note and Deed of Trust ("Secret Loans").

26  (Cross-Complaint, ¶ 11.) Unbeknownst to RUVIN FEYGENBERG and MICHAEL

27  LEIZEROVITZ, LEV needed help in coming up with his share of the contribution

28

1                                    Case No. 20-bk-11006-VK

1  toward the purchase of the Note and Deed of Trust.  (Id.)  In order to obtain the

2  necessary funds, LIOUDKOVSKI allegedly promised a first-position lien on the

3  Sherman Oaks property to third party investors.  (Id.)  The Cross-Complaint finally

4  alleges, through "information and belief," that LISITSA somehow had knowledge of

5  LEV's secret third party investor loans (hereinafter "Secret Loans") because one of the

6  third party investors was a relative of Ms. Lisitsa.  (Id.)  Notably, the Cross-complaint

7  does not identify the "relative" by name and in the same paragraph, Cross-

8  Complainants allege they were "unaware of the deals [LIOUDKOVSKI] was making."

9  (Id.)

10        The Cross-Complaint then makes vague and conclusory allegations that because

11  LISITSA acted as counsel for the Parties,  LISITSA had a duty to disclose her

12  knowledge about LEV's "Secret Loans" to RUVIN FEYGENBERG and MICHAEL

13  LEIZEROVITZ and that LISITSA purposefully concealed the existence of the loans in

14  order to deceive the Cross-Complainants.  These general allegations, which sound in

15  civil conspiracy between an attorney and client, fails to comply with California Civil

16  Code § 1714.10, which requires the Cross-Complainants to obtain a court order prior

17  to filing a complaint when premised on conspiracy.  Moreover, the allegations do not

18  meet the strict specificity and particularity requirements for pleading fraud causes of

19  action.  Thus, the Cross-Complaint should be dismissed as to LISITSA in its entirety;

20  or, at a minimum, the third cause of action should be dismissed for want of specificity.

21                                    **III.**

22                                **ARGUMENT**

23  **A.    The Cross-Complaint and the Third Cause of Action Against LISITSA**

24        **Should Be Dismissed Under Rules 9(b), 12(b)(6), 7009, and 7012.**

25        To survive a motion to dismiss, "a complaint must contain sufficient factual

26  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

27  v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

28

1  544, 570 (2007)); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.

2  2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual

3  content,' and reasonable inferences from that content, must be plausibly suggestive of

4  a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal).  At a minimum,

5  the plausibility standard "asks for more than a sheer possibility that a defendant has

6  acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  Consequently, "threadbare

7  recitals of the elements of a cause of action, supported by mere conclusory statements,"

8  are not taken as true. Iqbal, 556 U.S. at 678-679 (citing Twombly, 550 U.S. at 555).

9  Similarly, a court need not accept as true unreasonable inferences, unwarranted

10 deductions of fact, or conclusory legal allegations cast in the form of factual

11 allegations.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations

12 of law and unwarranted inferences are not sufficient to defeat a motion to dismiss").

13 This means that the dismissal of a complaint is proper if it is vague, conclusory, and

14 fails to set forth any material fact in support of the allegation. N. Star Int'l v. Ariz.

15 Corps. Comm'n, 720 F.2d 578, 583 (9th Cir. 1983).

16        Moreover, when a complaint alleges fraud, the pleading requirements imposed

17 by Federal Rule of Civil Procedure 9(b) are incorporated by Rule 7009 of the Federal

18 Rules of Bankruptcy Procedure .  Where a plaintiff alleges "a unified course of

19 fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a

20 claim[,] ... the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the

21 pleading of that claim as a whole must satisfy the particularity requirement of [Federal

22 Rule of Civil Procedure] 9(b)." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-

23 04 (9th Cir. 2003).  To satisfy the heightened standard under Rule 9(b), the allegations

24 must be "specific enough to give defendants notice of the particular misconduct which

25 is alleged to constitute the fraud charged so that they can defend against the charge and

26 not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727,

27 731 (9th Cir. 1985).

28

1    In other words, for a complaint to be alleged with particularity, a plaintiff must

2    allege (1) "the who, what, when, where, and how" of the alleged fraudulent conduct

3    (Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)), (2) the "specific content of the

4    false representations as well as the identities of the parties to the misrepresentations"

5    (Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (internal

6    quotation marks and citation omitted), and (3) "set forth an explanation as to why [a]

7    statement or omission complained of was false and misleading" (In re GlenFed, Inc.

8    Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc) superseded by statute on other

9    grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp., 927 F.Supp.

10    1297, 1309 (C.D. Cal. 1996)). See also Cafasso, ex rel. United States v. Gen. Dynamics

11    C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States

12    v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

13    Taking heed of these directives, and by careful examination of the Cross-

14    Complaint, the Court can only conclude that Cross-Complainants' claims against

15    LISITSA are lacking because then they fail the pre-filing requirement under California

16    law, and the concealment claim is based on conclusory and general allegations.

17    Accordingly, the Court may and should dismiss the Cross-Complaint against LISITSA

18    or, alternatively, the Third Cause of Action for Concealment against LISITSA,

19    especially because as will be further discussed, no amendment can cure the pleading

20    defects.

21    **B.**    **The Cross-Complaint Against LISITSA Should Be Dismissed In Its**

22    **Entirety for Its Failure to Comply with California Civil Code § 1714.10.**

23    California Civil Code § 1714.10 provides, in pertinent part:

24    (a) No cause of action against an attorney for a civil

25    conspiracy with his or her client arising from any attempt to

26    contest or compromise a claim or dispute, and which is based

27    upon the attorney's representation of the client, shall be

28

Case No. 20-bk-11006-VK

1  included in a complaint or other pleading unless the court

2  enters an order allowing the pleading that includes the claim

3  for civil conspiracy to be filed after the court determines that

4  the party seeking to file the pleading has established that

5  there is a reasonable probability that the party will prevail in

6  the action. The court may allow the filing of a pleading

7  claiming liability based upon such a civil conspiracy

8  following the filing of a verified petition therefor

9  accompanied by the proposed pleading and supporting

10  affidavits stating the facts upon which the liability is based.

11  The court shall order service of the petition upon the party

12  against whom the action is proposed to be filed and permit

13  that party to submit opposing affidavits prior to making its

14  determination. The filing of the petition, proposed pleading,

15  and accompanying affidavits shall toll the running of any

16  applicable statute of limitations until the final determination

17  of the matter, which ruling, if favorable to the petitioning

18  party, shall permit the proposed pleading to be filed.

19  (b) Failure to obtain a court order where required by

20  subdivision (a) shall be a defense to any action for civil

21  conspiracy filed in violation thereof.

22  Cal. Civ. Code, § 1714.10(a) and (b).

23  "The purpose of section 1714.10 is to discourage frivolous claims that an

24  attorney conspired with his or her client to harm another.  Therefore, rather than

25  requiring the attorney to defeat the claim by showing it is legally meritless, the plaintiff

26  must make a prima facie showing before being allowed to assert the claim. [Citation.]."

27  Klotz v. Milbank, Tweed, Hadley & McCloy, 238 Cal.App.4th 1339, 1350 (2015)

28

5    Case No. 20-bk-11006-VK

1  (citation omitted).  "The statute thus performs a '"gatekeeping"' function and requires

2  a plaintiff to establish a reasonable probability of prevailing before he or she may

3  pursue a '"cause of action against an attorney for a civil conspiracy with his or her

4  client arising from any attempt to contest or compromise a claim or dispute."'

5  [Citation.]" Id.

6      With respect to LISITSA, Cross-Complainants are in violation of § 1714.10.

7  They assert the Second Cause of Action for Breach of Fiduciary Duty, Third Cause of

8  Action for Concealment, Fourth Cause of Action for Indemnity, and Fifth Cause of

9  Action for Declaratory Relief against LISITSA.  These causes of action are premised

10  on a conspiracy involving LISITSA and at least one of her clients—LEV by and

11  through LIOUDKOVSKI. (Cross-Complaint, ¶ 11.)  Paragraph 28 of the Cross-

12  Complainant alleges: "the LISITSA PARTIES acted a[s] [sic] counsel for Cross-

13  Complaints.  By virtue of these relationships, Cross-Defendants and each of them had

14  a duty to disclose the Secret Loans to Cross-Complainants.  However, Cross-

15  Defendants failed to disclose the Secret Loans to Cross-Complainants, purposefully

16  concealing their existence, in order to deceive Cross-Complainants so that they would

17  not know that these loans existed." (Cross-Complaint, ¶ 28.)  Paragraphs 10 through

18  16 of the Cross-Complaint provide further allegations all sounding in civil conspiracy

19  between an attorney and her clients.  Paragraph 13 of the Cross-Complaint alleges:

20  "However, the LISITSA PARTIES, who had possession of these instruments, *acting*

21  *at the direction and in concert with the LEV Parties*, did not record them [Grant Deed

22  and Deed of Trust] until March 22, 2019, after many demands from Cross-

23  Complainants for copies of the recorded documents. (Cross-Complaint, ¶ 13.)

24  (emphasis added.)

25      On this ground alone, their claims against LISITSA are barred as they are

26  premised on the allegation that LISITSA acted in concert with LEV to harm and

27  defraud the Cross-Complainants.  Cross-Complainants failed to obtain a court order

28

6

1 supported by affidavits prior to filing their Cross-Complaint.  Consequently, the Cross-

2 Complaint can and should be dismissed in its entirety as to LISITSA.

3 **C.**    **The Third Cause of Action for Concealment Fails to State a Cause of**

4     **Action.**

5     To successfully plead a cause of action for fraud, a plaintiff must show: (1) a

6 false representation; (2) knowledge of its falsity; (3) intent to defraud; (4) justifiable

7 reliance; and (5) damages. <u>Moore v. Brewster</u>, 96 F.3d 1240, 1245 (9th Cir. 1996)

8 (quotations omitted).  "[T]he elements of an action for fraud and deceit based on

9 concealment are: (1) the defendant must have concealed or suppressed a material fact,

10 (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3)

11 the defendant must have intentionally concealed or suppressed the fact with the intent

12 to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would

13 not have acted as he did if he had known of the concealed or suppressed fact, and (5)

14 as a result of the concealment or suppression of the fact, the plaintiff must have

15 sustained damage." <u>Boschma v. Home Loan Center, Inc.</u>, 198 Cal.App.4[th] 230, 248.

16     Pursuant to Rule 9(b), the Cross-Complainants are obligated to plead

17 concealment with particularity.  This means sufficient facts must be stated in support

18 of each element of the cause of action.  This also means necessary facts, such as, the

19 who, what, when, where, and how, must be alleged to state a plausible claim of

20 concealment under the heightened pleading standard.  Notably missing are any facts

21 setting forth how the alleged secret loans are material facts, how LISITSA allegedly

22 had knowledge of the secret dealings and loans obtained by LIOUDKOVSKI, or how

23 Cross-Complainants sustained actual damages when they acquired the defaulted

24 Promissory Note on or about December 31, 2018, as provided for in the contract they

25 hired LISITSA to prepare and draft on their behalves.

26 ///

27 ///

28

1    Although Cross-Complainants offer the vague allegation that they "are informed

2  and believe and thereon allege that one of the third parties that provided funds to LEV

3  based upon LIOUDKOVSKI'S promise of a first-position lien against the Property was

4  a relative of Ms. Lisitsa and that LISITSA were aware of these Secret Loans obtained

5  by LIOUDKOVSKI for LEV." (Cross-Complaint, ¶ 11.)  Cross-Complainants fail to

6  allege any then-existing fact, regarding what specific roles were played by LISITSA

7  and their alleged acts or omissions. Nor does the Cross-Complaint suggest how

8  LISITSA could have been aware of the relevant facts, even if such facts did exist at the

9  time. Cross-Complainants must allege a plausible factual foundation for the inference

10  that LISITA had knowledge of the statement's falsity. Eclectic Props. E., LLC v.

11  Marcus & Millichap Co., 751 F.3d 990, 995 n.5 (9th Cir. 2014).

12    Further, Cross-Complainants fail to allege any causal connection as to

13  LISITSA's alleged wrongful conduct and the harm caused to Cross-Complainants.

14  Cross-Complainants fail to allege any facts as to how LISITSA fraudulently intended

15  to induce action or inaction on the part of Cross-Complainants.  Similarly, an intent to

16  deceive the Cross-Complainants is legally meaningless unless the deception caused

17  actual injury. Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC, 162

18  Cal.App.4th 858, 869 (2008).  The Cross-Complaint does not allege that LISITSA

19  fraudulently induced Cross-Complainants to enter into the agreements. Cross-

20  Complainants base their claims on conduct and events that occurred *after* the execution

21  of the agreements.

22    Since Cross-Complainants have failed to meet the specificity and particularity

23  requirements under the heightened pleading standard for stating a cause of action for

24  concealment, LISITSA's motion to dismiss the third cause of action should be granted.

25                                  **IV.**

26                            **CONCLUSION**

27    WHEREFORE, Cross-Defendants LISITSA respectfully request that the Court

28

Case No. 20-bk-11006-VK

1  grant the instant motion to dismiss the Cross-Complaint in its entirety or, in part, as to

2  the third cause of action.

3  DATED:  July 24, 2020                    **MURCHISON & CUMMING,  LLP**

4

5                                          By:      */s/  Lisa D. Angelo*

6                                                   Lisa D. Angelo
                                                    Gina E. Och
7                                                   Attorneys for Cross-Complainants,
                                                    GINA LISITSA and LISITSA LAW, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 20-bk-11006-VK

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
801 South Grand Avenue, Ninth Floor, Los Angeles, CA  90017

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION TO DISMISS THE CROSS-COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 24, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Katherine Bunker, kate.bunker@usdoj.gov
 John Burgee, jburgee@bandalaw.net
 Caroline Renee Djang (TR) caroline.djang@bbklaw.com,
C190@ecfcbis.com; sansanee.wells@bbklaw.com;wilma.escalante@bbklaw.com
 David B Golubchik dbg@lnbyb.com, stephanie@lnbyb.com
 United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov
davidtilem@tilemlaw.com;
DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;DianaChau@tilemlaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

None

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)July 24, 2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Victoria Kaufman, Judge Presiding                    Lev Investments, LLC
 Central District of California                            13854 Albers Street
 21041 Burbank Boulevard                                   Sherman Oaks, CA  91401
 Woodland Hills, CA 91367

Ming Zhu LLC

☐Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 24, 2020 | Michelle L. Fisher | /s/ *Michelle L. Fisher* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.