DAVID B. GOLUBCHIK (State Bar No. 185520)
JULIET Y. OH (State Bar No. 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dbg@lnbyb.com; jyo@lnbyb.com

Attorneys for Debtor and Debtor in Possession/Defendant

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re: | Case No.: 1:20-bk-11006-VK |
| LEV INVESTMENTS, LLC, | Chapter 11 Case |
| Debtor and Debtor in Possession. | |
| LEV INVESTMENTS, LLC, | Adv. No.: 1:20-ap-01065-VK |
| Plaintiff, | **JOINDER BY PLAINTIFF/DEBTOR IN MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS / CROSS-COMPLAINANTS RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ, AND SENSIBLE CONSULTING AND MANAGEMENT, INC. IN OPPOSITION TO REMAND** |
| vs. | |
| RUVIN FEYGENBERG, et al., | |
| Defendants. | |
| AND CROSS-COMPLAINT. | Status Conference:<br>Date: August 12, 2020<br>Time: 1:30 p.m.<br>Place: Courtroom 301<br>    21041 Burbank Boulevard<br>    Woodland Hills, California 91367 |

1

Lev Investments, LLC, the debtor and debtor in possession herein and a named defendant in the above-captioned adversary proceeding (the "Debtor"), hereby respectfully joins in the *Memorandum Of Points And Authorities Of Defendants/Cross-Complainants Ruvin Feygenberg, Michael Leizerovitz, And Sensible Consulting And Management, Inc. In Opposition To Remand* (the "Memorandum") filed concurrently herewith Ruvin Feygenberg, Michael Leizerovitz, and Sensible Consulting and Management, Inc. (collectively, the "Lenders") in response to the *Order To Show Cause Re: Remand And Notice Of Setting Status Conference (Removed Proceeding)* (the "OSC") entered by the Court on July 2, 2020.

The above-captioned adversary proceeding (the "Action") was initiated by the Debtor pursuant to a complaint filed by the Debtor against the Lenders alleging breach of implied covenant against encumbrances, usury, and quiet title, and seeking declaratory relief (as subsequently amended, the "Complaint") on September 27, 2019 in the Superior Court of the State of California for the County of Los Angeles ("Superior Court"), thereby commencing the case titled *Lev Investments, LLC v. Feygenberg, et al.*, Case Number 19VECV00878. Subsequently, on March 20, 2020, the Lenders filed a cross-complaint against the Debtor, Dmitri Lioudkouski (the manager of the Debtor), Yevgeniya Lisitsa (aka Y. Gina Lisitsa), Lisitsa Law, Inc., Real Property Trustee, Inc. ("RPTI"), and Mike Kemel, alleging, among other causes of action, breach of contract, breach of fiduciary duty, indemnity, quiet title, and seeking declaratory and injunctive relief (the "Cross-Complaint").

The Action involves one of the Debtor's primary assets – residential real property located at 13854 Albers Street, Sherman Oaks, California 91401-5811 (the "Property"). The primary encumbrance against the Property is a Deed of Trust held by the Lenders based upon a pre-petition loan provided by the Lenders to the Debtor (the "Loan"). This Deed of Trust was subject to a pending nonjudicial foreclosure, with a Trustee's sale of the Property scheduled on June 2, 2020, which prompted the Debtor to commence its chapter 11 bankruptcy case on June 1, 2020 (the "Petition Date").

Pursuant to the Complaint, the Debtor seeks, among other relief, monetary damages for the Lenders' breach of covenant against encumbrances, a judicial determination of the Debtor's

rights and duties arising from and related to the Loan and declaration that the interest rate provisions of the Loan agreement are null and void as usurious, a judgment quieting title to the Property, and other declaratory relief.

The Debtor submits that the Action is a "core proceeding" over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(B), which defines core proceedings as the "allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for the purposes of distribution in a case under title 11." The relief being sought by the Debtor in the Action falls squarely within the scope of 28 U.S.C. § 157(b)(2)(B) since the core issue presented by the Debtor's Complaint is the allowance or disallowance of the Lenders' disputed claim against the Debtor. The Action is also a "core proceeding" pursuant to § 157(b)(2)(A) and (O) because it is inextricably intertwined with the claims allowance process in the Debtor's bankruptcy case and will have a significant impact upon the administration of the Debtor's bankruptcy case and the liquidation of the Debtor's primary asset (*i.e.*, the Property).

The Cross-Complaint filed by the Lenders against the Debtor, Mr. Lioudkouski, Ms. Lisitsa, Lisitsa Law, Inc., RPTI and Mr. Kemel, also involves the Property as well as the only other asset of the Debtor's bankruptcy estate, the Debtor's interest in a Deed of Trust in the principal sum of $2,000,000 (the "Coachella Deed") against vacant land located in Coachella, California which is owned by Coachella Vineyard Luxury RV Park, LLC. Since the Cross-Complaint directly relates to the Property and the parties' respective rights and claims arising therefrom, it is inextricably intertwined with the Complaint and cannot effectively be considered separate and apart from the Debtor's Complaint. Accordingly, the Debtor respectfully submits that the entire Action (encompassing both the Complaint and the Cross-Complaint) should be adjudicated by this Court, particularly where, as here, the Action implicates the two primary (and possibly only) assets of the Debtor's bankruptcy estate and will have a significant impact upon the administration of the Debtor's bankruptcy case and any potential recovery to the Debtor's

creditors. Based on the foregoing, and for all of the reasons set forth in the Memorandum filed by the Lenders concurrently herewith, the Debtor believes that equitable considerations weigh against remand of the Action and the Debtor therefore joins in the Lenders' request that the Court retain jurisdiction over the Action.

Dated: July 29, 2020

LEV INVESTMENTS, LLC

By: _____
DAVID B. GOLUBCHIK
JULIET Y. OH
LEVENE, NEALE, BENDER, YOO
    & BRILL L.L.P.
Attorneys for Debtor and
Debtor in Possession/Plaintiff

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **JOINDER BY PLAINTIFF / DEBTOR IN MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS / CROSS-COMPLAINANTS RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ, AND SENSIBLE CONSULTING AND MANAGEMENT, INC. IN OPPOSITION TO REMAND** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 29, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Lisa D Angelo**    langelo@murchisonlaw.com, cthomas@murchisonlaw.com
- **John Burgee**    jburgee@bandalaw.net
- **Caroline Renee Djang (TR)**    caroline.djang@bbklaw.com, C190@ecfcbis.com;sansanee.wells@bbklaw.com;wilma.escalante@bbklaw.com
- **David B Golubchik**    dbg@lnbyb.com, stephanie@lnbyb.com
- **Juliet Y Oh**    jyo@lnbrb.com, jyo@lnbrb.com
- **Thomas D Sands**    thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
- **Michael Shemtoub**    michael@lexingtonlg.com
- **David A Tilem**    davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;DianaChau@tilemlaw.com
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **July 29, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*None.*

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 29, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 29, 2020 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              **F 9013-3.1.PROOF.SERVICE**