Lisa D. Angelo (SBN 229000)
Gina E. Och (SBN 170520)
**MURCHISON & CUMMING, LLP**
801 South Grand Avenue, Ninth Floor
Los Angeles, California 90017-4613
Telephone: (213) 623-7400
Facsimile: (213) 623-6336
E-Mail    langelo@murchisonlaw.com
             goch@murchisonlaw.com

Attorneys for Cross-Defendants, GINA LISITSA and LISITSA LAW, INC.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | CASE NO. 1:20-bk-11006 |
| Lev Investments, LLC, | Adv. No, 20-ap-01065-VK |
| Debtors. | Chapter 11 |
| LEV INVESTMENTS, LLC, | **REPLY TO OPPOSITION TO ORDER TO SHOW CAUSE RE: REMAND ACTION (DKT. NO. 2) AND IN SUPPORT OF REMAND** |
| Plaintiff, | |
| vs. | Date:    August 12, 2020<br>Time:    1:30 p.m.<br>Crtrm.:  301 |
| RUVIN FEYGENBERG, et al., | 21041 Burbank Blvd.<br>Woodland Hills, CA 91367 |
| Defendants. | |

Cross-Defendants GINA LISITSA and LISITSA LAW, INC. (collectively as "LISITSA") submit their Reply to Opposition (Dkt. #21) in response to the Order to Show Cause Re: Remand (Dkt. # 2) and in support of Remand:

/ / /

/ / /

/ / /

/ / /

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

I. INTRODUCTION ............................................................................................... 1

II. THE OPPOSITION FAILS TO DEMONSTRATE WHY, AT VERY LEAST, THE CLAIMS AGAINST LISITSA SHOULD NOT BE REMANDED ...................................................................................................... 2

    A. The Court Can Remand Part of the Cross-Complaint as the Claims Against LISITSA Were Improperly Removed ......................................... 2

    B. The Equitable Grounds Weigh in Favor of Remanding the Claims Against LISITSA ................................................................................... 3

        1. First, and most significant, is the striking fact that the Cross-Complaint against LISITSA does not involve the administration of the bankruptcy estate. ........................................ 3

        2. Second, the Cross-Complaint against LISITSA is based entirely on state law. ................................................................... 5

        3. Third, the Cross-Complaint involves numerous issues of state law and disputed facts. ............................................................ 5

        4. Fourth, Remand is Appropriate in the Interests of Comity. ........... 6

        5. Fifth, this Court Should Permit State Court to Determine State Law. ........................................................................................ 6

        6. Sixth, LISITSA's right to a jury trial should not be denied simply because Cross-Complainants have teamed up with the Debtor to reach a united effort against the Cross-Defendants. .................................................................................. 7

        7. Seventh, LISITSA is prejudiced by the Removal as the case against her does not belong in Bankruptcy Court ........................... 7

    C. The Claims Against LISITSA Are Non-Core; Thus, This Court May Properly Withdraw and Remand to State Court ............................... 8

III. CONCLUSION ................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

## CASES

Burnham Lambert Group, Inc. v. Vigilant Ins. Co., 130 B.R. 405, 409, 1991 U.S. Dist. LEXIS 10775 (1991) ............................................................................... 7

Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ..................................................... 3

In re Eastport Assocs., 935 F.2d 1071, 1077 (9th Cir.1991) ......................................... 8, 9

In re Enron Corp., 296 B.R. 505, 508 (C.D. Cal. 2003) .................................................... 3

In re Tamalpais Bancorp, 451 B.R. 6, 11 (N.D. Cal. 2011) .............................................. 9

Maitland v. Mitchell (In re Harris Pine Mills), 44 F.3d 1431, 1435 (9th Cir. 1995) ................................................................................................................... 8

Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) ................. 3

Ret. Sys. of Ala. v. Merrill Lynch & Co., 209 F.Supp.2d 1257, 1267 n.14 (M.D. Ala. 2002) ................................................................................................ 2, 3

## OTHER AUTHORITIES

28 U.S.C. § 1334 ............................................................................................................... 4

28 U.S.C. § 1452 ........................................................................................................ 2, 3, 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Despite a 19-page opposition, Cross-Complainants fail to address any of the cases or legal arguments set forth in LISITSA's Brief in support of the Order to Show Cause Re: Remand (Dkt. # 2) and in support of remand. Not surprisingly, Cross-Complainants mention LISITSA only a handful of times and offer a comprehensive summary of facts and arguments that have nothing to do with LISITSA. The broad opposition that is designed to respond to any and presumably all Cross-Defendants rather than LISITSA, whose brief (Dkt. # 21) warrants a better and more direct response from Cross-Complainants, again simply bootstraps LISITSA into a case to which she does not belong. In so doing, Cross-Complainants seek to deprive LISITSA from a trial by jury, race her through litigation in an improper venue, force her to produce documents and sit for a deposition before she has had any time to undergo any discovery of her own,[1] and then, simultaneously sue her yet again in State Court for the exact same action under a different cause of action.

Nowhere, in their 19-page opposition, do Cross-Complainants address how LISITSA is not a party to the real property and loan transactions at issue. Nowhere do Cross-Complainants address how LISITSA is not an interested party, and not a party to the bankruptcy proceeding. And, nowhere do Cross-Complainants respond to the argument that resolution of Mr. Feygenberg, Mr. Leizerovitz, and SENSIBLE's claims against LISITSA *will not significantly impact* the administration of the bankruptcy estate.

---

[1] As shown by Debtor LEV INVESTMENTS, LLC's ("LEV") "joinder" to the Cross-Complainants' Opposition (Dkt. # 27), these parties who were initially State Court foes at opposite ends of the table, have now, in this Court, teamed up and started to work together against Cross-Defendants to reach a unified result at an expedited rate. Such collusive tactics should not be rewarded.

For these reasons, LISITSA argues that by weighing the relevant factors, they must tip in favor of remand. Therefore, the claims against LISITSA and perhaps ***only*** LISITSA should be remanded to State Court. Indeed, to the extent this Court is not inclined to remand the entire Cross-Complaint to State Court, LISITSA can and should be <u>severed</u> from the adversarial case and she should be permitted to defend herself in the proper state court forum, along with the related legal malpractice action.

## II.
## THE OPPOSITION FAILS TO DEMONSTRATE WHY, AT VERY LEAST, THE CLAIMS AGAINST LISITSA SHOULD NOT BE REMANDED

**A.    <u>The Court Can Remand Part of the Cross-Complaint as the Claims Against LISITSA Were Improperly Removed</u>**

The bankruptcy-related removal statutes are drafted so as "to insure that [jurisdiction] is exercised only when appropriate to the expeditious disposition of bankruptcy cases." <u>Ret. Sys. of Ala. v. Merrill Lynch & Co.</u>, 209 F.Supp.2d 1257, 1267 n.14 (M.D. Ala. 2002) (quoting House Report from predecessor statute)). This is why 28 U.S.C. § 1452(a) provides only that "a party may remove any claim or cause of action in a civil action" if the district court to which it is removed "has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). It does not demand that an entire civil action be removed.

As first expressed by <u>Ret. Sys. of Ala.</u>:

> [I]t is a misreading of the plain language of §1452 to interpret "claim or cause of action in a civil action" as authorizing "a party" to remove an entire case, a "civil action" from state court. If authorizing the removal of an entire case by any party asserting or defending against a claim related to a bankruptcy was the intent of Congress, why would it use language that markedly differs from the §

> 1441(a) ("any civil action . . . may be removed")? The more
> sensible reading seems to be that § 1452 authorizes a party
> to remove a particular "claim or cause of action" that
> touches on the administration of a bankruptcy estate, but not
> an entire "action" involving claims and other parties that
> may have nothing to do with the bankruptcy.

Ret. Sys. of Ala., 209 F.Supp.2d at 1264. Thus, the Cross-Complaint against LISITSA should not have been removed.

Not surprisingly, "Bankruptcy courts have broad discretion to remand cases over which they otherwise have jurisdiction on any equitable ground." In re Enron Corp., 296 B.R. 505, 508 (C.D. Cal. 2003). Further, remand is required if there is any doubt about the defendant's right to remove. E.g., Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand."); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). It follows, therefore, the claims against LISITSA should be remanded and can, in fact, be remanded.

**B.    The Equitable Grounds Weigh in Favor of Remanding the Claims Against LISITSA**

To reiterate, the Cross-Complaint may be remanded "on *any* equitable ground" under 28 U.S.C. §1452(b). LISITSA submits that every equitable factor provides grounds upon which the Court may remand, at the very least, the claims leveled against LISITSA, who most certainly does not sit in the same boat as the other Cross-Defendants.

**1.    *First, and most significant, is the striking fact that the Cross-Complaint against LISITSA does not involve the administration of the bankruptcy estate.***

The claims alleged in the Cross-Complaint against LISITSA are *not* the

property of the Debtor's estate.  The Cross-Complainants have asserted claims against LISITSA for breaches of duties allegedly owed to them (not the Debtor) and seeking recovery of damages that they (not the Debtor) allegedly suffered.  The Cross-Complainants do not seek to recover on behalf of the estate or of creditors generally, and the Trustee in the LEV bankruptcy has no standing to bring Cross-Complainants' claims against LISITSA.  Resolution of Cross-Complainants' claims can have no binding effect on the Debtor, who will remain free to assert, claim or defend their own rights notwithstanding anything that occurs in this case.  In other words, Mr. Feygenberg, Mr. Leizerovitz, and SENSIBLE's claims against LISITSA will ***not*** have a ***significant*** impact on administration of the estate.  Accordingly, Mr. Feygenberg, Mr. Leizerovitz, and SENSIBLE's pursuit of their own claims asserted in the Cross-Complaint will not affect the Trustee's right to administer the estate and "related to" jurisdiction; therefore, does not exist under to 28 U.S.C. § 1334.

Moreover, the legal malpractice action against LISITSA, related Case No. 20STCV03696, remains pending in the Superior Court of California, County of Los Angeles.  Again, Mr. Feygenberg, Mr. Leizerovitz, and SENSIBLE themselves claim that the legal malpractice action is related to their Cross-Complaint against LISITSA for breach fiduciary duty, concealment, indemnity, and declaratory relief. Ultimately, the claims brought against LISITSA in both the State Court Action and related Case No. 20STCV03696 have nothing to do with LEV's bankruptcy proceeding.

Nowhere in Cross-Complaints' 19-page opposition does it suggest otherwise. LISITSA submits that such an omission from their opposition to remand is telling.  In the absence of any argument rebutting LISITSA's contention that the first equitable in favor of remand weighs in her favor, the Court can and should find that for this equitable ground alone, remand is proper.

/ / /

**2.** *<u>Second, the Cross-Complaint against LISITSA is based entirely on state law.</u>*

Both the State Court Action and related legal malpractice action, Case No. 20STCV03696, seek redress for the alleged negligent handling by a legal professional of a legal matter and real estate transaction, as well as the alleged concealment from her clients of so-called "secret loans" that concern investors who have separate lawsuits filed against the removing parties as well as the Debtor LEV. While the same set of folks appear in the numerous Complaints attached to the RJN, all the causes of action concern civil tortious acts and do not have anything to do with the Chapter 11 filings of only one party—LEV. Moreover, there are no federal rights implicated in any of the Complaints attached to the RJN.

Nowhere in Cross-Complaints' 19-page opposition does it suggest otherwise. LISITSA submits that such an omission from Cross-Complainants' opposition to remand is telling. In the absence of any argument rebutting LISITSA's contention that the second equitable in favor of remand weighs in her favor, the Court can and should find that for this equitable ground alone, remand is proper.

**3.** *<u>Third, the Cross-Complaint involves numerous issues of state law and disputed facts.</u>*

Among the state law issues to be decided will be: (1) state law breach of contract; (2) state law professional negligence, including the standard of care and damages arising from said negligence; (3) state law concealment against an attorney, (4) state law statutes of limitations periods; (5) state law indemnity and declaratory relief; (6) state law conversion claims; and (7) state law concealment and elder abuse claims. Each of these issues is within the expertise of the state court and none requires the expertise of a federal bankruptcy judge.

Nowhere in Cross-Complaints' 19-page opposition does it suggest otherwise. LISITSA submits that such an omission from their opposition to remand is telling. In

the absence of any argument rebutting LISITSA's contention that the third equitable in favor of remand weighs in her favor, the Court can and should find that for this equitable ground alone, remand is proper.

### 4.   *Fourth, Remand is Appropriate in the Interests of Comity.*

In this case, simply because LEV is a Debtor in a Chapter 11 reorganization case, that is no reason for a federal court to now take this case away from the state court system, particularly when the Cross-Complaint against LITISA has nothing to do with the administration of the bankruptcy estate, the related legal malpractice action, Case No. 20STCV03696, is still pending in state court, and potential conflicting rulings and outcomes could occur should the related case proceed in state court while the removed Cross-Complaint remains in this federal court.

Nowhere in Cross-Complaints' 19-page opposition does it suggest otherwise. LISITSA submits that such an omission from their opposition to remand is telling.  In the absence of any argument rebutting LISITSA's contention that the fourth equitable in favor of remand weighs in her favor, the court can and should find that for this equitable ground alone, remand is proper.

### 5.   *Fifth, this Court Should Permit State Court to Determine State Law.*

The claims brought by the removing parties against LISITSA have no interest in the bankruptcy proceeding and all the tortious claims leveled against her are grounded in California state law.   Moreover, the facts giving rise to the civil actions preceded the bankruptcy altogether as Case No. 19VECV00878 was filed more than a year ago on June 20, 2019 and the related Case No. 20STCV03696 was filed on January 29, 2020.  The Debtor filed for Chapter 11 reorganization less than two months ago on June 1, 2020.  There is simply no need to uproot all the litigation noted in the concurrently filed RJN simply because one party filed for Chapter 11 reorganization less than two months ago.

Nowhere in Cross-Complaints' 19-page opposition does it suggest otherwise.

LISITSA submits that such an omission from their opposition to remand is telling.  In the absence of any argument rebutting LISITSA's contention that the fifth equitable in favor of remand weighs in her favor, the court can and should find that for this equitable ground alone, remand is proper.

**6.**     *Sixth, LISITSA's right to a jury trial should not be denied simply because Cross-Complainants have teamed up with the Debtor to reach a united effort against the Cross-Defendants.*

LISITSA has a clear right to a jury trial and demanded as much in her Notice of Appearance filed in this Court on July 20, 2020. (Dkt. # 12.)  Should LISITSA ever be served with a copy of the summons and Complaint in the related Case No. 20STCV03696, she will demand a jury trial for that case as well.  "Demands for jury trials have been considered a sufficient ground for an equitable remand." Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co., 130 B.R. 405, 409, 1991 U.S. Dist. LEXIS 10775 (1991).

Nowhere in Cross-Complaints' 19-page opposition does it provide any grounds as to why LISITSA's Constitutional right to jury trial should be denied.  LISITSA submits that such an omission from their opposition to remand is telling.  In the absence of any argument rebutting LISITSA's contention that the sixth equitable in favor of remand weighs in her favor, the court can and should find that for this equitable ground alone, remand is proper.

**7.**     *Seventh, LISITSA is prejudiced by the Removal as the case against her does not belong in Bankruptcy Court.*

The Debtor filed his original verified Complaint in the County of Los Angeles, Superior Court of California (Case No. 19VECC00878) and the removing parties (Mr. Feygenberg, Mr. Leizerovitz,  and SENSIBLE) originally filed their Cross-Complaint and related Case No. 20STCV03696 in the Superior Court of California, County of Los Angeles.  Since these parties chose to pursue their rights in the Los

Angeles Superior Court, this Court should remand Mr. Feygenberg, Mr. Leizerovitz, and SENSIBLE's case to its originally selected forum.

The state court is an appropriate choice because: (1) the state court has extensive experience in legal malpractice, even where they touch upon real estate business litigation matters; (2) this case does not require the special expertise of a bankruptcy court; (3) the underlying acts and omissions leading to Debtor's original Complaint and Mr. Feygenberg, Mr. Leizerovitz, and SENSIBLE's Cross-Complaint for damages occurred in Los Angeles County; (4) LISITSA are subject to suit in Los Angeles County Superior Court; and (5) LISITSA are located in Los Angeles County.

Nowhere in Cross-Complaints' 19-page opposition does it suggest otherwise. LISITSA submits that such an omission from their opposition to remand is telling. In the absence of any argument rebutting LISITSA's contention that the seventh equitable in favor of remand weighs in her favor, the court can and should find that for this equitable ground alone, remand is proper.

## C. The Claims Against LISITSA Are Non-Core; Thus, This Court May Properly Withdraw and Remand to State Court

"[C]laims that arise under or in Title 11 are deemed to be 'core' proceedings, while claims that are related to Title 11 are 'noncore' proceedings." Maitland v. Mitchell (In re Harris Pine Mills), 44 F.3d 1431, 1435 (9th Cir. 1995). By contrast, an action is non-core when there is "not a cause of action created by title 11 or one that only arises in title 11 cases," even if the action "will affect the administration of the estate." In re Eastport Assocs., 935 F.2d 1071, 1077 (9th Cir.1991).

In the instant case, LISITSA seeks to withdraw from this Court and this adversary proceeding the Second Cause of Action for Breach of Fiduciary Duty, Third Cause of Action for Concealment, Fourth Cause of Action for Indemnity, and Fifth Cause of Action for Declaratory Relief of Cross-Defendants' Cross-Complaint pled against LISITSA so they can be litigated and tried with the related legal

malpractice action against LISITSA in Case No. 20STCV03696.  These claims do not depend upon the bankruptcy laws for their existence, but rather are California common law claims that were actually brought in state court *before* LEV filed for Chapter 11.  Under Ninth Circuit law, an action is non-core when there is "not a cause of action created by title 11 or one that only arises in title 11 cases," even if the action may have some impact on the administration of the estate. In re Eastport Assocs., 935 F.2d at 1077; see also In re Tamalpais Bancorp, 451 B.R. 6, 11 (N.D. Cal. 2011) (noting that though a claim may have "a profound impact on the bankruptcy proceedings," it will nevertheless be non-core if it could have been brought in the absence of a bankruptcy case).

For these reasons, the Court may withdraw and remand the claims against LISITSA to state court.

### III.
### CONCLUSION

Remand is justified on numerous equitable grounds, based on 28 U.S.C. §1452(b). When the basis for removal is, as here, simply on a debtor's bankruptcy filing, there is a liberal approach to remands, pursuant to 28 U.S.C. §1452(b). Based on considerations of judicial economy, comity, respect for the decision-making capacities of the state court, the predominance of state law issues and the effect of remand on the administration of the bankruptcy case, this Court should conclude that remand is appropriate, and remand to Los Angeles Superior Court.

DATED:  August 5, 2020          **MURCHISON & CUMMING, LLP**

By:      */s/ Lisa D. Angelo*
         Lisa D. Angelo
         Gina E. Och
         Attorneys for Cross-Defendants, GINA LISITSA and LISITSA LAW, INC.