**JOHN G. BURGEE, ESQ. (State Bar No. 132129)**
jburgee@bandalaw.net
**BURGEE & ABRAMOFF, P.C.**
20501 Ventura Boulevard, Suite 262
Woodland Hills, California 91364
T: (818) 264-7575
F: (818)264-7576

Attorneys for Defendants/Cross-Complainants
RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ and SENSIBLE CONSULTING AND MANAGEMENT, INC.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Lev Investments, LLC,<br><br>    Debtor.<br>_____<br>Lev Investments, LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>Ruvin Feygenberg, Michael Leizerovitz, Sensible Consulting and Management, Inc., Ming Zhu, LLC and Does 1 Through 100;<br><br>    Defendants.<br>_____<br>AND CROSS-COMPLAINT.<br>_____ | Case No. 1:20-bk-11006-VK<br><br>Chapter 11<br><br>Adversarial No. 1:20-ap-01065-VK<br><br>RESPONSE OF DEFENDANTS/ CROSS-COMPLAINANTS RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ, AND SENSIBLE CONSULTING AND MANAGEMENT, INC. TO BRIEFS OF MIKE KEMEL, REAL PROPERTY TRUSTEE, INC., YEVGENIYA LISITSA AND LISITSA LAW, INC. IN SUPPORT OF REMAND; DECLARATION OF JOHN G. BURGEE<br><br>Status Conference: August 12, 2020<br>Time: 1:30 p.m.<br>Courtroom:   301<br>    21041 Burbank Blvd.<br>    Woodland Hills, CA 91367 |

Defendants/Cross-Complainants Ruvin Feygenberg, Michael Leizerovitz, and Sensible Consulting and Management, Inc. ("Sensible") submit the following points and authorities and attached Declaration of John G. Burgee in response to the briefs of Mike Kemel, Real Property Trustee, Inc., Yevgeniya Lisitsa and Lisitsa Law, Inc. in support of Remanding this adversary proceeding to State Court:

1

I.  **INTRODUCTION.**

Debtor Lev Investments, LLC has opposed the remand of this action. However, Cross-Defendants Mike Kemel, Real Property Trustee, Inc., Yevgeniya Lisitsa and Lisitsa Law, Inc. have submitted briefs and other documents in support of remand. As stated in the brief of the responding parties filed in Opposition to Remand (AP Document 24), the claims against the opposing Cross-Defendants fall into two categories: the causes of action against Yevgeniya Lisitsa and Lisitsa Law, Inc. (jointly "Lisitsa") which are based upon the unknown, "secret", loans Lev obtained from Ayzenberg, FR LLC and potentially others; and causes of action against Mike Kemel and Real Property Trustee, Inc. (jointly "RPT") related to the improper foreclosure on land in Coachella, California. Lev is a cross-defendant on all of the causes of action. None of the argument put forth by RPT or Lisitsa overcome the substantial and important reasons why all of the removed claims should remain in this Court set forth in the Opposition to Remand. The Court should therefore discharge its Order to Show Cause and retain jurisdiction of all of the removed claims.

II. **THE WRONGFUL FORECLOSURE CLAIMS AGAINST RPT AND LEV.**

RPT submits a minimal retread of the brief that was filed by FR LLC in support of the remand of the related adversary action *FR LLC v. Lev Investments, LLC* (1:20-ap-1060) heard just a couple weeks ago on July 15, 2020, including arguments rejected by this Court in denying remand. For many of the same reasons that the Court rejected the positions advocated in the *FR LLC* action, the Court should reject RPT's arguments here.

A. **The Court Has Jurisdiction for The Wrongful Foreclosure Claims.**

RPT totally ignores the fact that it is a co-tortfeasor and thus a co-cross-defendant with the Debtor. RPT thus wholly fails to address the relationship of the administration of this bankruptcy to these claims. As explained in the Opposition to Remand, the claims have a direct impact on the administration of the bankruptcy, the property of the estate,

2

and the potential distributions to creditors.

Among other things, Lev held title to the subject Coachella land until days before the bankruptcy was commenced, filing an ostensible Rescission of the Trustee's Deed through which it obtained title to the property at the last minute. The legitimacy of this transfer (which is currently unknown) has a substantial impact on this bankruptcy since, if the transfer was defective or invalid for any reason, Lev would still hold title to the property. Clearly this is something that needs to be determined in the administration of this bankruptcy.

Further, RPT improper assumes that the reconveyance of the property, if determined to be valid, vitiates any claim related to the wrongful foreclosure. This is not the case. (Burgee Decl., ¶ 2.) The reconveyance was more than six months after the wrongful foreclosure. (*Id.*) During this period, substantial damages occurred. (*Id.*) By the time of the hearing of this Order to Show Cause, the wrongful foreclosure it is going to be the subject of a claim filed by Dr. Leizerovitz in this bankruptcy proceeding. (*Id.*) It will certainly be a disputed claim. In order to administer this bankruptcy, Dr. Leizerovitz's claim against the Debtor and RPT, jointly, regarding damages sustained by the foreclosure on the Coachella property which RPT admits was a violation of statute, will need to be determined. RPT's prospectively liability for such damages is an integral part of this determination. In fact, Lev's bankruptcy schedules filed at the very outset of this proceeding identify a cause of action against RPT for "wrongful foreclosure advise re: Coachella property." (BK Document 1, page 40.) The wrongful foreclosure claim is therefore a claim that is "arising in" and certainly "related to" this bankruptcy. The Court has jurisdiction of this claim and the causes of action asserted.

**B.    Mandatory Abstention is not Appropriate.**

As set for in the Opposition to Remand, this Court already ruled that mandatory abstention is not appropriate in removed proceedings and, in any case, the State Court does not provide a forum where the claims can be timely adjudicated. RPT asserts that

the State Court is quick and efficient and ready to proceed on motions in this matter. It may have briefly appeared that way; however, the State Court has since continued all proceedings to the end of October. (Burgee Decl., ¶ 3.) This action will be halfway to trial by then in this Court. As set forth in the Status Conference Report, except for RPT, whose counsel purposely refused to participate in scheduling discussions (see, Document 29, page 26), the parties are proposing trial sometime between November 2020 and March 2021. The pursuant to the July 10, 2020 order submitted with the Opposition to Remand, the State Court is not even beginning to have jury trials (which is what RPT says it wants) until February 2021 – and by the time the State Court has a status hearing in late October, where there is no certainty a trial date will even be set, there is no chance of getting a trial date before late 2021 or 2022. RPT's assertion that there can be a timely adjudication in State Court is pure fantasy. Mandatory abstention is not supported.

    **C.**    **RPT Does Not Provide Grounds for the Remand of this Action.**

RPT makes complaints about conducting discovery, being able to bring a dispositive motion and having a jury trial, all of which are not only possible, but more efficient in this Court. The FRBP which significantly incorporates the FRCP with respect to adversary actions, streamlines these processes. RPT's real complaint is that the procedures of this Court reduce gamesmanship and delay. Summary judgment is more flexible and faster in Federal Court. Discovery is organized through the mandatory cooperation of counsel to form a plan and there are meet and confer obligations to submit joint documents as to disputes. RPT's complaint is that its efforts, which are based upon the gutter-service of documents and false claims of sending letters and giving notices, are going to be thwarted by this Court. (Burgee Decl., ¶ 4. See, also, e.g., AP 1:20-ap-1060 Document 10, pages 4-5 [RPT's counsel falsely claimed that email and letters were served giving notice of an *ex parte* appearance].) RPT calls this forum shopping. However, it is actually RPT that rejected the judge assigned to this case in the State Court so that the current judge has had absolutely no hearings on this case.

In this regard, RPT's claim that this matter had significant progress in State Court is wholly specious. As discussed in the Opposition to Remand, the only hearings on this case have been two demurrer hearings on the complaint by the judge that RPT disqualified. The Cross-Complaint against RPT was only recently filed and RPT's response is a motion to strike which has been submitted in this Court. No discovery has been completed.

If RPT was truly interested in having its claims adjudicated quickly, either through a dispositive motion or trial, it would welcome being in this Court. However, that is clearly not RPT's true intent.

RPT has not shown grounds for remand and the Opposition to Remand shows that there are significant and compelling reasons for this action to remain in this Court. The Court should retain jurisdiction of this action.

### III. THE "SECRET" LOAN CLAIMS AGAINST LISITSA AND LEV.

#### A. The Malpractice Claims Against Lisitsa involve Different Issues and Were Appropriately Left in State Court.

Lisitsa correctly states that there are two actions by the Responding Parties against her. One is the Cross-Complaint that has been removed to this Court which involves causes of action jointly asserted against the Debtor Lev. They were removed to this Court based upon (1) the fact that Lev is a co-tortfeasor so that the claim needs to be determined in connection with the administration of this bankruptcy, and (2) the relationship of the claim to the removed action *FR LLC v. Lev Investments, LLC* (1:20-ap-1060). As explained in the Opposition to Remand, these causes of action are essentially a cross-claim in the *FR LLC* action.

Due to concerns about a one year statute of limitations, Responding Parties previously filed an action asserting a single cause of action for legal malpractice against Lisitsa. (Burgee Decl., ¶ 5.) Lev is not a party to that action. (*Id*.) The claims in the two

actions are different. (*Id*.) The malpractice action is based upon (a) Lisitsa's conflict of interest in representing the Responding Parties and Lev in the transaction where Lev was borrower and the Responding Parties were lenders, and (b) Lisitsa's malpractice with respect to that transaction which led to all of the claims asserted in Lev's First Amended Complaint in this action, namely claiming that the interest set forth in the Loan Agreement prepared by Lisitsa was usurious and failing to properly supervise the foreclosure on the subject property so that Ming Zhu claims a lien on that property. (*Id*.)

Removal of the malpractice action was not supported. (Burgee Decl., ¶ 6.) In involves a single claim against Lisitsa, and Lev was not a party. (*Id*.) As such, that action does not impact the administration of the bankruptcy estate. In fact, it makes sense for the malpractice action to remain in State Court while the claims that underlie the malpractice action are determined in this Court given the relative speed of the two Courts. (*Id*.) It is not uncommon for malpractice claims to be stayed while underlying claims are adjudicated (which is also why there is no exigency for prosecuting the malpractice action). (*Id*.) By this action remaining in this Court, Lisitsa actually is a participant in the adjudication of the claims that underlie the malpractice.[1]

In sum, the two actions involving Lisitsa are different and the malpractice action was appropriately left in State Court. Even if there is any overlap of issues, rulings of this Court would be binding in the malpractice action. As explained in the Opposition to Remand, the causes of action regarding the "secret" loans were necessarily removed to this Court since they are effectively cross-claims that need to be adjudicated with the *FR LLC* action. The Court should retain jurisdiction of these claims.

//
//
//

---

[1] Although in her papers Lisitsa claims that she has no part in this bankruptcy and does not want to be a participant, denying that she is a creditor, she has filed a claim for $140,000 in attorney's fees. (See, BK Claim 7.)

**B.    Lisitsa Does Not Show Good Cause for the Remand of this Action.**

Lisitsa does not tender any contention that this Court lacks jurisdiction of the removed causes of action. Lisitsa's argument is solely based upon "equitable grounds."

The reasons why the Court should decline to remand this action to State Court are discussed in the Opposition to Remand. With respect to the arguments submitted by Lisitsa:

*    Liability for FR's supposed loan is at issue in the *FR LLC* adversary action where the Court has already ruled that it impacts the administration of the bankruptcy. This Court is necessarily going to determine the "secret" loan claim which will be based upon all of the same facts and evidence.

*    This Court regularly adjudicates issues of State Law. There is nothing particularly difficult about determining who caused the FR indebtedness and whether the Responding Parties indemnity and damages from being sued by FR. The *Ayzenberg* action is no longer relevant.

*    As this Court stated in determining not to remand the *FR LLC* action, a jury trial is possible in this Court. It is not the exclusive province of the State Court.

*    This action was filed in State Court since there was no bankruptcy proceeding at the time. However, since the determination of Lev's complaint in this action are necessary for the administration of the bankruptcy and the related *FR LLC* claims were removed to this Court, the "secret" loan claims which are based upon FR's purported loan at this point, the Ayzenberg loan having been resolved, belong in this Court.

*    Lisitsa wholly fails to identify any prejudice of remaining in this Court. This Court is certainly competent to rule on the issues presented and there is no need for the causes of action asserted to be heard in State Court.

In sum, there are no substantial reasons to remand this matter to State Court and any such reasons are by far outweighed by the need to adjudicate the claims asserted in this action in connection with the administration of the bankruptcy as previously

discussed. This Court should retain jurisdiction of this action and not remand it to State Court.

### IV. CONCLUSION.

The parties seeking remand have failed to controvert this Court's jurisdiction over the removed claims or show grounds for remand that exceed the compelling grounds for this Court to adjudicate the removed claims which need to be adjudicated in connection with the administration of the bankruptcy. The State Court does not provide a reasonable alternative for this adjudication. This Court should retain jurisdiction of this action and deny remand to State Court.

DATED: August 5, 2020.                    BURGEE & ABRAMOFF P.C.


By:      /s/ John G. Burgee
         JOHN G. BURGEE
Attorneys for Defendants Ruvin Feygenberg,
Michael Leizerovitz, and Sensible Consulting
and Management, Inc.

# DECLARATION OF JOHN G. BURGEE

I, JOHN G. BURGEE declare:

1. I am an attorney at law duly qualified before this Court and am a principal of the law firm Burgee & Abramoff Professional Corporation, attorneys of record for Cross-Complainant Michael Leizerovitz. I have personal knowledge of the facts stated herein and if called upon to testify, I can and will competently testify thereto.

2. The ostensible rescission of the wrongful foreclosure on the Coachella land, even if determined to be valid which is currently unknown, does not vitiates any claim related to the wrongful foreclosure. The reconveyance was more than six months after the wrongful foreclosure. Dr. Leizerovitz is claiming substantial damages as a result. By the time of the hearing of this Order to Show Cause, the wrongful foreclosure it is going to be the subject of a claim filed by Dr. Leizerovitz in this bankruptcy proceeding.

3. The State Court has continued all proceedings that had been schedule prior to remand to October 27, 2020. It remains unlikely that the State Court would have a trial before late 2021 or 2022.

4. RPT's complaint about discovery proceedings in the State Court are based upon its gamesmanship. RPT's tactics included purportedly serving documents by presumably leaving them in the hallway outside my office when it was closed, failing to communicate regarding the scheduling of depositions, demanding personal appearances at depositions during the Covid pandemic, and claiming to have faxed letters that were never transmitted (my fax machine keeps track of every fax received), among other things. I provided details and evidence of such tactics where RPT's counsel falsely claimed that email were sent and letters were faxed in connection with giving notice of an *ex parte* appearance in Document 10 filed in *FR LLC v. Lev Investments, LLC,* 1:20-ap-1060, at pages 4-5. I was well-prepared to oppose counsel's gamesmanship in State Court which had nothing to do with the removal of this action. Rather, I removed this action since the claims stated herein need to be adjudicated in connection with the administration of Lev's bankruptcy in order to protect my clients' rights.

5.    I filed an action asserting a single cause of action for legal malpractice against Lisitsa for the Responding Parties due to concerns about a one year statute of limitations, Lev is not a party to that action. The claims in the malpractice actions are different than those asserted in this action. The malpractice action is based upon (a) Lisitsa's conflict of interest in representing the Responding Parties and Lev in the transaction where Lev was borrower and the Responding Parties were lenders, and (b) Lisitsa's malpractice with respect to that transaction which led to all of the claims asserted in Lev's First Amended Complaint in this action, namely claiming that the interest set forth in the Loan Agreement prepared by Lisitsa was usurious and failing to properly supervise the foreclosure on the subject property so that Ming Zhu claims a lien on that property.

6.    I was my opinion that removal of the malpractice action was not supported. In involves a single claim against Lisitsa, and Lev was not a party. In fact, it makes sense for the malpractice action to remain in State Court while the claims that underlie the malpractice action are determined in this Court given the relative speed of the two Courts. It is not uncommon for malpractice claims to be stayed while underlying claims are adjudicated (which is also why there is no exigency for prosecuting the malpractice action).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 5, 2020, at Woodland Hills, California.

                                        /s / John G. Burgee
                                        JOHN G. BURGEE

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

20501 Ventura Boulevard, Suite 262, Woodland Hills, CA 91364

A true and correct copy of the foregoing document entitled (*specify*): <u>RESPONSE OF DEFENDANTS/ CROSS-CROSS-COMPLAINANTS RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ, AND SENSIBLE CONSULTING AND MANAGEMENT, INC. TO BRIEFS OF MIKE KEMEL, REAL PROPERTY TRUSTEE, INC., YEVGENIYA LISITSA AND LISITSA LAW, INC. IN SUPPORT OF REMAND; DECLARATION OF JOHN G. BURGEE</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/05/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below: Lisa D Angelo langelo@murchisonlaw.com, cthomas@murchisonlaw.com

United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov; Michael Shemtoub michael@lexingtonlg.com
Caroline Renee Djang (TR) caroline.djang@bbklaw.com; sansanee.wells@bbklaw.com; wilma.escalante@bbklaw.com
David A Tilem davidtilem@tilemlaw.com, DianaChau@tilemlaw.com, JoanFidelson@ecf.inforuptcy.com
David B Golubchik dbg@lnbyb.com, stephanie@lnbyb.com; Juliet Y Oh jyo@lnbrb.com, jyo@lnbrb.com
Thomas D. Sands thomas@thesandslawgroup.com        ☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 08/05/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Victoria Kaufman, Judge, US Bankruptcy Court, 21041 Burbank Blvd., Suite 354, Woodland Hills, CA 91367

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 07/29/2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/05/2020 | John G. Burgee | /s/ John G. Burgee |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                            **F 9013-3.1.PROOF.SERVICE**