Michael Shemtoub, Esq.   SBN: 253948
BEVERLY LAW
4929 Wilshire Blvd., Suite 702
Los Angeles, CA 90010
T: (310) 552-6959
F: (323) 421-9397

Attorney for Mike Kemel; Reliable Reality.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>     LEV INVESTMENTS, LLC,<br><br>                                 Debtor.<br>_____<br>Lev Investments<br><br>              Plaintiff,<br><br>      vs.<br><br>Ruvin Feygenberg, Michael Leizerovitz,<br>Sensible Consulting and Management,<br>Inc., Ming Zhu, LLC and Does 1<br>Through 100;<br>              Defendants.<br>_____ | Case No.: 1:20-bk-11006-VK<br><br>Chapter 11, subchapter V<br><br>Adv. No.: 1:20-ap-01065-VK<br><br>**REPLY MEMORANDUM OF POINTS**<br>**AND AUTHORITIES IN SUPPORT OF**<br>**REMAND IN RESPONSE TO THE**<br>**ORDER TO SHOW CAUSE re REMAND**<br>**AND STATUS CONFERENCE [DOC 2]**<br><br>Date:        August 12, 2020<br>Time:        1:30 p.m.<br>Location:    Courtroom 301<br>                   21041 Burbank Blvd.<br>                   Woodland Hills, CA 91367 |

1

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REMAND IN
RESPONSE TO THE ORDER TO SHOW CAUSE re REMAND AND STATUS CONFERENCE [DOC
2]

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

## IDENTIFICATION OF PARTIES AND THE PROCEDURAL HISTORY OF ACTION AND THEIR ATTORNEYS'

"Life is difficult. This is a great truth, one of the greatest truths. It is a great truth because once we truly see this truth, we transcend it. Once we truly know that life is difficult-once we truly understand and accept it-then life is no longer difficult. Because once it is accepted, the fact that life is difficult no longer matters." ― M. Scott Peck, The Road Less Traveled, 1978.

1. On March 4, 2013, Ruvin Feygenberg has a judgment entered against them in the San Francisco Superior Court in favor of Ming Zue, LLC, San Francisco Superior Court Case Number CGC-11-516808, in the amount of $169,885.38.  At 10% interest accruing per day from March 4, 2013 to August 5, 2020 (2711 days) Mr. Feygenberg owes $296,065.89, which is comprised of the principal amount with $126,180.51 in interest bearing at the rate of $46.54 per day.

2. Mr. Feygenberg doesn't pay the judgment that he owes, even though he has the money to, and instead leaves San Francisco 4 Los Angeles.

3. On April 22, 2013, the judgment is recorded with the Los Angeles County recorder bearing instrument number 20130597359.

4. In late December 2018, 5 entities which include FR LLC, Mr. Feygenberg, Mr. Leizerovitz, Ms. Ayzenberg, and Mr. Lioudkovski, pooled money together and obtained the note secured by real property located on Albers St. in Sherman Oaks, CA.  The property is especially attractive to these Russian folks as they know facts about the property that the common man does not.  The property belonged to an attorney for an Armenian crime Lord who was suffering (and still is) a fallout with crime lord / boss.  The homeowner / attorney did not appreciate the gravity of harm he faced by upsetting a man who killed his wife because he didn't want to deal with a divorce (this is common knowledge; no one can prove it, or disprove it).  The full range of the history of the people behind the Albers Property can be found at Glendale News Press (link is) https://www.latimes.com/socal/glendale-news-

2

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REMAND IN RESPONSE TO THE ORDER TO SHOW CAUSE re REMAND AND STATUS CONFERENCE [DOC 2]

press/news/story/2020-02-19/glendale-detective-suspected-mobster-mexican-mafia The article is ambiguous about one fact: the former Glendale Police Detective, Det. Balian hired Mr. Jonathan "Trigger" Montano to hurt an "unknown man" the article says. The "unknown man" is the former homeowner of Albers Property.

5.  In early 2019, the Albers Property is foreclosed on by the quintet. The quintet wanted to sell the property quickly for a substantial profit; but they cannot. That is because the Judgment of Ming Zue, LLC, that had attached to Feygenberg in 2013, attached to the title to the Property in when the foreclosure occurred.

6.  Feygenberg was / is resolute that he doesn't want to pay Ming Zue.

7.  In 2019, Mr. Lioudkovski initiated an action (since removed to this Court; i.e. this case) against Feygenberg, Leizerovitz, Sensible Consulting and Management, and Ming Zue, naming as Plaintiff, his LLC, Lev Investments. LASC Case No. 19VECV00878. Every Defendant but Ming Zue was / is represented by Mr. Burgee.

8.  Mr. Lioudkovski was not concerned about sale of the Property because he orchestrated insurance scheme on the insurance company that insured the property prior to him getting possession of it (the settlement agreement that this Court approved that had been obtained by Mr. Nodd).

9.  The other parties to the quintet were not so docile. Ms. Ayzenberg sued Lev Investments, Mr. Lioudkovski, Ruvin Feygenberg, Mr. Leizerovitz, and Sensible Consulting and Management, in LASC Case No. 19STCV38222 on October 24, 2019. Lioudkovski soon

thereafter settled[12] that Action knowing that the consequences for financial abuse of an elder (especially one suffering from cancer) must naturally be draconian.

10. Taking a step back in time Mr. Burgee represented Abraham Gottlieb, Managing Member of Coachella Vineyard Luxury RV Park LLC, who owed Mr. Lioudkovski / LDI Ventures, LLC substantial monies. Mr. Burgee sued Mr. Lioudkovski on October 4, 2019, and the Riverside Superior Court Case RIC1905065 - GA&TV INC VS LEV INVESTMENTS LLC, seeking a preliminary injunction to stop the foreclosure that was imminent and was to be carried out by Mr. Kemel who at that time took instructions from Mr. Lioudkovski and Ms. Lisitsa as Mr. Lioudkovski's lawyer.

    a. Ms. Lisitsa represented Mr. Lioudkovski and his LLC in the action till mid-October 2019. Mr. Fenton began representing Mr. Lioudkovski and his companies no later than October 22, 2019. Based on Ms. Lisitsa' advocacy (both oral and written) of Mr. Lioudkovski and his companies, the Riverside Superior Court issued a tentative decision later adopted whereby the Superior Court on November 6, 2019 denied the preliminary injunction.

    b. On November 6, 2019, Mr. Fenton (who was by then representing Mr. Lioudkovski and his entities) directed Real Property Trustees to foreclose on the property, the next day.

    c. Based on the instructions of Mr. Lioudkovski through his attorney, Mr. Fenton, Real Property Trustees foreclosed on the property as instructed.

---

[1] The case was settled and request for dismissal was filed on December 4, 2019; the removal of the dismissed case to this court and its subsequent remand back to state court open up Mr. Lioudkovski and Lev Investments for breach of settlement agreement damages and expose Mr. Golubchik to malicious prosecution damages. The objection to the word "agree" that consumed a hearing on July 29, 2020, was for the purpose of preserving the record that Ms. Ayzenberg and the Debtor, its attorney and Mr. Lioudkovski did not "agree" to anything and that Ms. Ayzenberg was unlawfully and maliciously sued by way of the adversary proceeding.

[2] Mr. Golubchik causes disqualifying factors beyond those that already mandate his recusal when he undertakes conduct that creates liability for the Debtor post-petition; liability that he is professionally liable for to its own current client and liability for malicious prosecution of his former client. *In re B.E.S.*, 93 B.R. 228, 235 (Bankr. E.D. Cal. 1988)

4

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REMAND IN RESPONSE TO THE ORDER TO SHOW CAUSE re REMAND AND STATUS CONFERENCE [DOC 2]

        d.    Real Property Trustees was instructed by Mr. Fenton, attorney (i.e. agent) of principal Mr. Lioudkovski to foreclose on property when the Lawyer Fenton did not know that Civil Code §2924g(d) prohibited a foreclosure from occurring within 7 days of the vacated preliminary injunction (so as to afford the now on protected property from seeking other relief without fearing of sale the very next day; Mr. Fenton admitted to same in a declaration that he provided to the Superior Court along with one that Mr. Lioudkovski submitted to the Superior Court asking the Court to eradicate §2924g(d) from existence as they faced liability for wrongful foreclosure. The Superior Court denied the addlepated advisor from his sins in a very terse order on February 24, 2020.

        e.    Since then, Mr. Fenton has sought and received orders relieving him from the obligation to further represent the debtor Mr. Lioudkovski or his other LLCs. The hearing on the motion to be relieved as counsel for the Riverside Action is scheduled to occur on August 17, 2020.

11.    On March 20, 2020, Mr. Lioudkovski and Mr. Burgee and his Clients' Feygenberg and Leizerovitz thought it erstwhile to an initiate a cross-complaint in the Los Angeles Superior Court LASC Case No. 19VECV00878 action for the wrongful foreclosure on the Coachella property that is based in Riverside County, based on the spurious allegation that Ms. Lisitsa and real property trustees are somehow liable to Mr. Leizerovitz whose junior deed of trust was wiped out by the wrongful foreclosure that was ordered by Mr. Fenton and Mr. Lioudkovski.

12.    The nutty and brazen Mr. Burgee dismissed Real Property as a Defendant in the Riverside Action on June 1, 2020. To state the obvious, Abraham Gottlieb, Managing Member of Coachella Vineyard Luxury RV Park LLC, a California Limited Liability Company, Trustor, North American Title Company, a California Corporation (the owner of the property) is no longer suing Real Property Trustee, but Mr. Feygenberg and Leizerovitz are (and doing it in the wrong forum and venue (even if they had a true cause of action)).

13.    The undersigned represents Real Property Trustees and Mr. Kemel in the underlying state action (LASC Case No. 19VECV00878) and set the depositions of Mr.

5

Feygenberg and Mr. Leizerovitz for June 1, 2020 and demanded that they produce substantial number of documents in support of their allegations of liability and damages thereat. Instead of appearing for the depositions as duly noticed, Mr. Feygenberg and Mr. Leizerovitz, did not appear. Shortly thereafter, motions for substantial monetary sanctions against Mr. Burgee, Mr. Feygenberg, and Mr. Leizerovitz was filed by the undersigned. Judge Taber set the motions to be heard in late June. Instead of showing contrition and remorse for the exposed chicanery, Mr. Burgee impermissibly, unlawfully, unjustifiably, and obstructionally removed the action to this Court on June 23, 2020.

## ARGUMENT

## THE REMOVAL OF THE ACTION IS IN BAD FAITH AND OBSTRUCTIONALLY DONE

Mr. Burgee, Mr. Feygenberg and Mr. Leizerovitz have not come to this Court seeking justice. They have come to this Court seeking to do injustice. They say that the Court should retain jurisdiction over this case because it retained jurisdiction over the FR LLC case.

Significantly between the 2, is the fact that FR LLC did not request a jury trial versus the cross-defendants have timely sought requested that a jury preside and have filed statements of contest of this Court's jurisdiction to enter judgment against them as this Court is not an Article III court.

Furthermore (not that it supports their twisted view), the parties opposing remand cite to *In re Lazar* (9th Cir 2001) 237 app third 967 for the proposition that 28 USC §1334(c)(2) does not apply to a removed proceeding. DOC 24, page 15:24.

The correct test is actually contained in *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984) (commonly referenced as the *Pacor* test). *In Montana v. Goldin* (In re Pegasus Gold Corp.), 394 F.3d 1189, 1193-95 (9th Cir. 2005), the Ninth Circuit recognized the *Pacor* test, and articulated a modified and narrower "close nexus" standard for determining related to jurisdiction when the subject proceeding arises post-confirmation of a plan. See *Calvert v. Berg* (In re Consolidated Meridian Funds), 511 B.R. 140, 143-45 (W.D. Wash. 2014) (discussing these tests, and noting the *Pacor* articulation is generally applied pre-confirmation and "close nexus" applied

6

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REMAND IN RESPONSE TO THE ORDER TO SHOW CAUSE re REMAND AND STATUS CONFERENCE [DOC 2]

to post-confirmation proceedings) (citing *In re Wilshire Courtyard,* 729 F.3d 1279, 1287 (9th Cir. 2013), and Ray, 624 F.3d at 1133).

Mr. Burgee engages in hyperbolic and long-winded writing in order to fantasize about her reality which will never be: The reality that this case will stay in this Court and be adjudicated to judgment. If the Court were to keep this case in this Court, the prospect of relief for the Debtor with disintegrate as the cross actions against the Debtor, his former attorney etc. his current attorney, the son of the Debtor, Mr. Gottlieb, etc. will avalanche the Court's docket.

The removal of the state action is not even superficially appealing, as the idea that the claims against parties requesting remand are "related to" the bankruptcy in the sense required under 28 U.S.C. § 1334(b) does not hold. That argument is like a stage scrim; it appears to have substance, but with sufficient illumination and focus, it becomes pellucid. This adversary proceeding as against Mr. Kemel and Real Property Trustee, must be dismissed for lack of subject matter jurisdiction, and the Court, acting under 28 U.S.C. § 157(b)(3) and sua sponte pursuant to Civil Rule 12(h)(3), should enter an appropriate order.

Contrary to what has been presented in the opposition, the reason that this case was removed from the superior court to this court is because the Superior Court was moving at breakneck speed and a speedy resolution to the malicious claims asserted against the moving parties requesting remand is just what justice requires. Judge Taber's lack of patience for delay or toleration for the frustration of the due administration of justice is well known throughout the County. No one should traverse her Court without being sure of their claim or defense. The undersigned disqualified Judge Cotton by utilizing a preemptory challenge prior to making an appearance in the Superior Court because Judge Cotton at times liberally permits advocates to do what they will; such is his discretion and it is respected.

In turn the removing parties have removed this action inequitably in preference for lethargy and delay; hoping to ride the coattail of Mr. Golubchik. The conduct of the removing parties militates if not mandates remand back to the state court as it is removal for all things inequitable and frustrating to the orderly administration of justice by the State Court. *Maria Vista Estates v. Mi Nipomo, LLC* (In re Maria Vista Estates), No. 9:07-bk-10362-PC, at *19-20

7

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REMAND IN RESPONSE TO THE ORDER TO SHOW CAUSE re REMAND AND STATUS CONFERENCE [DOC 2]

(Bankr. C.D. Cal. Apr. 5, 2016) ("Section 1447(c) states that a case must be remanded if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Bankruptcy courts may also remand a claim or cause of action to the court from which it was removed 'on any equitable ground.' 28 U.S.C. § 1452(b). 'This 'any equitable ground' remand standard is an unusually broad grant of authority.' *McCarthy v. Prince* (In re McCarthy), 230 B.R. 414, 417 (9th Cir. BAP 1999). 'It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes.' Id.")

## CONCLUSION

The proverbial gloves of litigation will soon come off; there are procedural matters to initially tend to (i.e. the undersigned cannot battle with the attorney / former attorney of Mike Kemel and Reliable Reality).

The removing parties have come to this Court when they should not have. But they will not have to wait long before they come back to this Court, not as removing Petitioners but on an involuntary basis. It must be noted that Mr. Feygenberg caused the uproar when he refused to honor his obligations imposed on him in 2013 by the San Francisco Superior Court. His representative, Mr. Burgee is suffering under a mountain of undisputed liability for taxes and other debts that have gone unsatisfied. The undersigned will need just one more cause to add to the toolbox to have the trio before this Court on proper grounds. §303.

Dated: August 5, 2020

Respectfully submitted,

BEVERLY LAW

By _____
Michael Shemtoub, Esquire
Attorney for Mike Kemel; Reliable Reality.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 4929 Wilshire Blvd, Suite 702, Los Angeles, CA 90010

A true and correct copy of the foregoing document entitled (*specify*): **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REMAND IN RESPONSE TO THE ORDER TO SHOW CAUSE re REMAND AND STATUS CONFERENCE [DOC 2]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 8-5-2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below: Katherine Bunker kate.bunker@usdoj.gov
☐ John Burgee jburgee@bandalaw.net
☐ Caroline Renee Djang (TR) caroline.djang@bbklaw.com, C190@ecfcbis.com;sansanee.wells@bbklaw.com;wilma.escalante@bbklaw.com
☐ David B Golubchik dbg@lnbyb.com, stephanie@lnbyb.com
☐ Juliet Y Oh jyo@lnbrb.com, jyo@lnbrb.com
☐ Thomas D Sands thomas@thesandslawgroup.com, thomas@thesandslawgroup.com
☐ David A Tilem davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com; DianaChau@tilemlaw.com
☐ United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov

          X   Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 8-5-2020 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

          X   Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 08-05-2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
Hon. Victoria S. Kaufman
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 354 / Courtroom 301
Woodland Hills, CA 91367

          X Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8-5-2020 | Michael Shemtoub, Esq. | *[signature]* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*       **F 9013-3.1.PROOF.SERVICE**

```
0973-1                                                                              Franchise Tax Board
Case 1:20-bk-11006-VK           ATTN BANKRUPTCY UNIT                                Bankruptcy Section MS: A-340
Central District of California  PO BOX 54110                                        P. O. Box 2952
San Fernando Valley             LOS ANGELES CA 90054-0110                           Sacramento, CA 95812-2952
Tue Jun 16 14:06:24 PDT 2020

Internal Revenue Service
PO Box 7346                                                                         Lev Investments, LLC
Philadelphia, PA 19101-7346                                                         13854 Albers Street
                                                                                    Sherman Oaks, CA 91401-5811


(p)OFFICE OF FINANCE CITY OF LOS ANGELES
200 N SPRING ST RM 101 CITY HALL        Securities & Exchange Commission            San Fernando Valley Division
LOS ANGELES CA 90012-3224               444 South Flower St., Suite 900             21041 Burbank Blvd,
                                        Los Angeles, CA 90071-2934                  Woodland Hills, CA 91367-6606


FR, LLC
c/o Michael Shemtoub, Esq.              Franchise Tax Board                         G&B Law, LLP
4929 Wilshire Blvd., suite 702          Special Procedures                          Attn:  James R. Felton
Los Angeles, CA 90010-3824              POB 2952                                    16000 Ventura Blvd., suite 1000
                                        Sacramento, CA 95812-2952                   Encino, CA 91436-2762


(p) INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS       Jeff Nodd, Esq.                             LDI Ventures, LLC
PO BOX 7346                             15250 Ventura Blvd                          423 N Palm dr
PHILADELPHIA PA 19101-7346              Encino, CA 91403-3201                       Beverly Hills, CA 90210-3974


Landmark Land, LLC
Attn Alex Polovinchik                   Michael Leizerovitz                         Michael Masinovsky
860 Via De La Paz, suite E-1            15 Via Monarca St.                          21810 Eaton Place
Pacific Palisades, CA 90272-3668        Dana Point, CA 92629-4082                   Cupertino, CA 95014-1182


Ming Zhou
Thomas Krantz, Esq.                     (p)REAL PROPERTY TRUSTEE  INC               Sensible Consulting & Mgmt Inc
2082 Michelson Drive, Suite 212         ATTN MIKE KEMEL                             c/o John Burgee Esq.
Irvine, CA 92612-1213                   PO BOX 17064                                20501 Ventura Boulevard, Suite 262
                                        BEVERLY HILLS CA 90209-3064                 Woodland Hills, CA 91364-6410


Thomas Sands, Esq.
The Sands Law Group, APLC               U.S. Trustee  San Fernando  Valley          United States Trustee (SV)
205 South Broadway, Suite 903           915 Wilshire Blvd.                          915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90012-3618              Suite 1850                                  Los Angeles, CA 90017-3560
                                        Los Angeles, CA 90017-3560


Caroline Renee Djang (TR)
18101 Von Karman Ave., Suite 1000       David B Golubchik                           Juliet Y Oh
Irvine, CA 92612-0164                   Levene Neale Bender Yoo & Brill LLP         10250 Constellation Blvd Ste 1700
                                        10250 Constellation Blvd Ste 1700           Los Angeles, CA 90067-6253
                                        Los Angeles, CA 90067-6253
```

                The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
                by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bankruptcy Unit
P.O. Box 54110
Los Angeles, CA 90051-0110

Insolvency I Stop 5022
300 N. Los Angeles St., #4062
Los Angeles, CA 90012-9903

(d)Los Angeles County Tax Collector
P.O. Box 54018
Los Angeles, CA 90054-0018

Real Property Trustee, Inc.
P.O. Box 17064
Beverly Hills, CA 90209

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

End of Label Matrix
Mailable recipients    26
Bypassed recipients     1
Total                  27