**JOHN G. BURGEE, ESQ. (State Bar No. 132129)**
jburgee@bandalaw.net
**BURGEE & ABRAMOFF, P.C.**
20501 Ventura Boulevard, Suite 262
Woodland Hills, California  91364
T: (818) 264-7575
F: (818)264-7576

Attorneys for Defendants/Cross-Complainants
RUVIN FEYGENBERG, MICHAEL
LEIZEROVITZ and SENSIBLE CONSULTING
AND MANAGEMENT, INC.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No.  1:20-bk-11006-VK |
| Lev Investments, LLC, | Chapter 11 |
| Debtor. | Adversarial No. 1:20-ap-01065-VK |
| _____ | OBJECTION TO REPLY OF MIKE KEMEL AND REAL PROPERTY TRUSTEE, INC. TO OPPOSITION OF DEFENDANTS/ CROSS-COMPLAINANTS RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ, AND SENSIBLE CONSULTING AND MANAGEMENT, INC. TO ORDER TO SHOW CAUSE RE: REMAND; DECLARATION OF JOHN G. BURGEE |
| Lev Investments, LLC, | |
| Plaintiff, | |
| vs. | |
| Ruvin Feygenberg, Michael Leizerovitz, Sensible Consulting and Management, Inc., Ming Zhu, LLC and Does 1 Through 100; | |
| Defendants. | Status Conference: August 12, 2020 |
| _____ | Time: 1:30 p.m. |
| AND CROSS-COMPLAINT. | Courtroom:   301 |
| _____ | 21041 Burbank Blvd. Woodland Hills, CA 91367 |

Defendants/Cross-Complainants Ruvin Feygenberg, Michael Leizerovitz, and

Sensible Consulting and Management, Inc. ("Sensible") object to the Reply Brief of Mike

Kemel and Real Property Trustee, Inc. (jointly "RPT") to Defendants/Cross-

Complainants' Opposition to the Court's Order to Show Cause re: remanding this

adversary proceeding to State Court:

1

**I.      THE COURT SHOULD DISREGARD ALL FACTUAL AVERMENTS IN THE REPLY BRIEF OF RPT.**

In Reply to the Opposition to Remand of Defendants/Cross-Complainants (AP Document 24), RPT include a multitude of factual contentions that are wholly unsupported by any citation to evidence or other support.  Pretty much the only important fact that RPT got right was that Mr. Kemel and his company RPT conducted a trustee's sale of real property in Coachella, California which was in violation of California Civil Code Section 2924g(d) and that the Riverside Superior Court refused to expunge this violation of law.  Although RPT attempts to blame Lev's attorney for the transgression, (a) whose fault caused the improper foreclosure has not been determined, there is only RPT's contention that it was the attorney's fault, and (b) who is liable for the improper foreclosure has also not been determined.  RPT's effort to "pass the buck" as to fault, does not mean that it necessarily has no responsibility.  To wit, RPT is supposedly the foreclosure professional; it would be incumbent upon RPT to know the law in which it operates its business (and there is no suggestion that it warned anyone that proceeding with the sale would be a violation of law).

Otherwise, RPT's wholly unsupported factual claims are simply wrong.  Some of the material misstatements of fact include:

*      There was no five-way partnership to acquire the Albers property.  There was a three-way written loan agreement between Lev, Dr. Leizerovitz and Dr. Feygenberg.  (See Exhibit 1.)  Ms. Ayzenberg and FR LLC were not part of this contract.  In fact, **FR LLC could not be a lender since it did not exist as an entity at the time.**  (See Exhibit 2.)

*      The Alberts property was not foreclosed on by a "quintet".  The Deed of Trust that was foreclosed was owned by Lev, Dr. Leizerovitz and Dr. Feygenberg.  (See Exhibits 3 and 4.)

*      Dr. Leizerovitz and Dr. Feygenberg were not seeking to sell the Albers property as there were not supposed to be the owners of the property.  They

1        were lenders and did not have an interest in the profits from any sale as

2        confirmed by the loan agreement.  (See Exhibit 1.)

3    *    The causes of action in the Cross-Complaint in this adversary proceeding

4        for the wrongful foreclosure of the Coachella land are *not* asserted against

5        Lisitsa.  (See the Cross-Complaint which is attached as Exhibit 2 to the

6        Opposition to Remand.)

7    *    Dr. Feygenberg has *not* asserted any claim in the Cross-Complaint based

8        upon the wrongful foreclosure of the Coachella land.  (*Id.*)

9    *    FR LLC stated the following in its Memorandum of Points and Authorities

10        in Support of Remand for the action *FR LLC v. Lev Investments, LLC*:  "FR

11        requires a jury trial."  (1:20-ap-1060, Document 8, page 3, line 3.)  Now it

12        is claimed that a jury trial was not requested in that action.

13    There are many other misrepresentations of fact in RPT's Reply, and, again,

14  absolutely no support for any factual allegation therein.  Defendants/Cross-Defendants

15  therefore object to all purported factual statements in RPT's Reply and ask the Court to

16  disregard to those unsupported and generally false statements.

17

18  DATED: August 7, 2020.          BURGEE & ABRAMOFF P.C.

19

20                    By:_____/s/ John G. Burgee_____
                          JOHN G. BURGEE

21                    Attorneys for Defendants Ruvin Feygenberg,
                    Michael Leizerovitz, and Sensible Consulting

22                    and Management, Inc.

23

24

25

26

27

28

# DECLARATION OF JOHN G. BURGEE

I, JOHN G. BURGEE declare:

1.     I am an attorney at law duly qualified before this Court and am a principal of the law firm Burgee & Abramoff Professional Corporation, attorneys of record for Cross-Complainant Michael Leizerovitz.  I have personal knowledge of the facts stated herein and if called upon to testify, I can and will competently testify thereto.

2.     Attached hereto as Exhibit 1 is a true and correct copy of the loan Agreement between Lev, Dr. Leizerovitz and Dr. Feygenberg for the acquisition of the Albers property.  (It is believed that Gina Lisitsa, who prepared the document and acted as attorneys for all parties despite the conflict of interest in doing so, has a fully signed copy of this document.  Ms. Lisitsa and failed and refused to produce documents to her former clients.)

3.     Attached hereto as Exhibit 2 is a true and correct copy of the Articles of Organization of FR L.L.C. downloaded from the Secretary of State website.

4.     Attached hereto as Exhibit 3 is a true and correct copy of the Assignment and Assumption Agreement for the acquisition of the Deed of Trust in foreclosure on the Albers property by Lev, Dr. Leizerovitz and Dr. Feygenberg.  (It is believed that Gina Lisitsa, who prepared the document and acted as attorneys for all parties despite the conflict of interest in doing so, has a fully signed copy of this document.  Ms. Lisitsa and failed and refused to produce documents to her former clients.)

5.     Attached hereto as Exhibit 4 is a true and correct copy of the Trustee's Deed from the foreclosure on the Albers property (which erroneously placed title in the name of Lev, Dr. Leizerovitz and Dr. Feygenberg, jointly instead of Lev alone.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 7, 2020, at Woodland Hills, California.

/s / John G. Burgee
JOHN G. BURGEE

EXHIBIT 1

"LOAN" AGREEMENT

## AGREEMENT

This Agreement, made effective as of December 26, 2018, is entered into by and between the parties identified below, in consideration for the mutual promises, covenants and obligations contained herein, as follows:

## PARTIES

The parties to this Agreement (collectively, the "Parties" and individually, a "Party") are:

A. Lev Investments, LLC, a California limited liability company, ("Lev");

B. Ruvin Feygenberg, an individual, ("Feygenberg");

C. Michael Leizerovitz, an individual, ("Leizerovitz").

## RECITALS

A. The Evergreen Advantage, LLC, a California limited liability company, ("Evergreen") (not a party to this Agreement) extended a loan (the "Loan") in the original principal amount of One Million Seven Hundred Eighty Thousand Dollars ($1,780,000) to **MANUK ABOYAN** ("Borrower"), which is evidenced by that certain Promissory Note Secured by Deed of Trust dated October 24, 2016 (the "Note") executed by Borrower in favor of Evergreen. The Note is secured by that certain Deed of Trust and Assignment of Rents dated October 24, 2016 (the "Deed of Trust"), recorded in the Official Records of Los Angeles County, State of California, on November 1, 2016 as Instrument No. 2016-1352625, which encumbers Borrower's interest in the real property and improvements (the "Real Property") commonly known as **13854 ALBERS STREET, LOS ANGELES, CA 91401**.

B. On July 30, 2018, Evergreen recorded a Notice of Default in the Official Records of Los Angeles County, State of California as Document Number 2018-0758366 (the "NOD"). Borrower failed to cure the default; and on November 5, 2018, the Trustee recorded a Notice of Trustee's Sale in the Official Records of the Los Angeles County, State of California as Document Number 2018-1130193 (the "NOTS").  The NOTS set forth the date of sale on December 4, 2018, which has been postponed to December 26, 2018.

C. Now, the Parties wish to purchase the Loan from Evergreen, foreclose on the Real Property, and sell the Real Property.

D. NOW, THEREFORE, in consideration of the foregoing, the covenants and agreements contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, mutually agree as follows:

TERMS

1.  *Payment*. Lev shall pay $1,022,500.00 towards the purchase of the Loan on or before December 28, 2018. Feygenberg and Leizerovitz shall pay $1,257,675.00 towards the purchase of the Loan on or before December 28, 2018. Parties to deposit all funds to Lisitsa Law Trust Account on or before December 28, 2018.

2.  *Deposit of Lev*. By no later than 5:00 p.m. on December 27, 2018, Lev shall deposit a non-refundable deposit in the amount of $125,000.00 with Evergreen's escrow of choice (the "Settlement Agent").

3.  *Deposit of Feygenberg and Leizerovitz*. By no later than 5:00 p.m. on December 27, 2018, Feygenberg and Leizerovitz shall deposit a non-refundable deposit in the amount of $125,000.00 with the Settlement Agent, receipt of which is hereby acknowledged and was deposited into Lisitsa Law Trust Account.

4.  *Beneficiaries*. Interest in the Loan to be held in the name of Lev Investments, LLC, a California limited liability company, as to an undivided 50.00% interest, Ruvin Feygenberg, an individual, as to an undivided 25.00% interest and Michael Leizerovitz, an individual, as to an undivided 25.00% interest.

5.  *Foreclosure*. Upon foreclosure of the Real Property, title to the Real Property shall go to Lev Investments, LLC and concurrently therewith Feygenberg and Leizerovitz shall place a first position deed of trust against the Real Property in the amount of $1,257,675.00 (the First Position Loan), with the following terms, maturity date one year after Closing Date of Escrow and pre-payment penalty of $120,000 in the first 6 months if and only if Lev pays off the First Position Loan, but not if the Real Property is sold. There is no pre-payment penalty if the Real Property is sold with the pre-payment period.

6.  *Sale of Real Property*. Upon sale of the Real Property, Feygenberg and Leizerovitz shall get paid $1,257,675.00 plus their incurred expenses first in priority, then Lev gets paid the rest of the sale price. Lev shall use all of its best efforts to sell the Real Property as soon as possible. Feygenberg and Leizerovitz promise and warrant to help Lev sell the Real Property as soon as possible.

7.  *Insurance*. Simultaneously with the purchase of the Loan, the Parties are to buy hazard/liability insurance insuring the Real Property and split the cost according to their vesting share.

8.  *Reliance on Own Judgment and Legal Consultation*. Each of the Parties acknowledges, warrants and represents that it relies wholly upon its own (and its own attorney's) judgment, belief and knowledge as to the nature, extent and duration of the issues, claims, defenses, rights and obligations relating to this Agreement, and each of the Parties represents that it has not been influenced to any extent whatsoever in making this Agreement by any representations or statements concerning the subject matter of this Agreement or regarding any other matters made by persons, firms, or corporations who are hereby released, or by any person or persons representing them. Y. Gina Lisitsa, Esq., who drafted this Agreement, represented both sides.

9.      *Acknowledgements, Warranties, and Representations*. The Parties acknowledge, warrant, and represent as follows:

    a.      The execution and delivery of this Agreement, and the consummation and performance of the terms and conditions contemplated by this Agreement, do not require any consent, approval or action of, or to make any filing with or to give notice to any person, court, public authority or entity, and the individuals executing this Agreement are duly authorized to enter into this Agreement on behalf of the Parties.

    b.      This Agreement is executed voluntarily, with full knowledge of the Agreement and its contents, and without duress or undue influence on the part of or on behalf of such Parties or any other person or entity.

10.     *Legal Capacity*. The Parties acknowledge, warrant, and represent that they are legally competent and authorized to execute this Agreement.

11.     *Force Majeure*. If the performance of this Agreement or any obligations hereunder is prevented, restricted or interfered with by reason of earthquake, fire, flood or other casualty or due to strikes, riot, storms, explosions, acts of God, war, terrorism, or a similar occurrence or economic condition beyond the reasonable control of the Parties, the Party so affected shall, upon giving prompt notice to the other Parties, be excused from such performance during such prevention, restriction or interference, and any failure or delay resulting therefrom shall not be considered a breach of this Agreement.

12.     *Entire Agreement/Integration.* This Agreement is the entire understanding and agreement between the Parties relating to the subject matter discussed herein. It is expressly acknowledged and recognized by the Parties that there are no other oral agreements or understandings between the Parties relating to the subject matter of this Agreement.

13.     *Amendments and Modifications.* No supplement, modification or amendment of this Agreement shall be binding unless executed in writing by all the Parties.

14.     *No Waiver*. No waiver of any of the provisions of this Agreement shall be deemed a waiver of, nor shall it constitute a waiver of, any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver.

15.     *Collaborative Drafting*. Neither this Agreement, nor any provision within it, shall be construed against any Party or its attorney because counsel for each of the Parties took part in the negotiation and drafting of this Agreement. The doctrine of *contra proferentem,* to the extent that it is still recognized under California law, shall not be considered with regard to the interpretation of the terms of this Agreement.

16.     *Attorneys' Fees, Expenses, and Cost*s. Each of the Parties shall bear their own attorneys' fees and costs incurred in connection with the subject matter of this Agreement.

17.     *Confidentiality*. The Parties agree that the terms embodied in this Agreement shall be maintained in total confidence and not be disclosed, except as may be mandated by a court of law or government agency, provided, however, that this Agreement shall be admissible in a court of law or government agency upon breach of its terms by either Party. In the event that this Agreement is filed in a court or government agency, the filing party shall give written notice in advance of filing to the other party and will make every effort to file the Agreement under seal.

18.     *Necessary Action*. Each of the Parties shall do any act or thing necessary to execute any or all documents or instruments necessary or proper to effectuate the provisions and intent of this Agreement.

19.     *Counterparts*. This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be an original, but all such counterparts shall constitute one and the same agreement. Signatures of this Agreement may be transmitted via electronic means (including facsimile or e-mail PDF scan) and shall be considered an original and binding against the Party who executed and delivered such signature via electronic means.

20.     *Notice*. Any notice or other communication which a Party is required or may desire to give the other under this Agreement shall be in writing and shall be (a) personally delivered, (b) mailed by registered or certified U.S. mail, postage prepaid with return receipt requested, or (c) delivered by Federal Express or similar generally recognized overnight carrier regularly providing proof of delivery, addressed as follows:

| To Lev: | To Feygenberg and Leizerovitz: |
|---|---|
| c/o | c/o |
| Y. Gina Lisitsa, Esq | Ruvin Feygenberg |
| LISITSA LAW, INC. | |
| 9107 Wilshire Blvd., Suite 450 | PO Box 18166 |
| Beverly Hills, California 90210 | Encino, CA 91416 |
| Telephone: (310) 272-7766 | Telephone: (818) 266-5556 |
| Fax: (424) 744-4141 | |
| Email: gina@lisitsalaw.com | Email: drruvin@sbcglobal.net |

17.     *Time of the Essence*. Time is of the essence with respect to all provisions of this Agreement.

18.     *Governing Law and Forum*. The laws of the State of California, without giving effect to choice of law or conflict of law principles, shall govern the validity, construction, performance and effect of this Agreement.

19.     *Full Force and Effect*. This Agreement shall become effective upon its full execution by the Parties.

The Parties, intending to be legally bound, execute this Agreement on the dates set forth below.

Dated:  December __, 2018                    **LEV INVESTMENTS, LLC**


By:  _____
        Dmitri Lioudkovski, Manager

Dated: December ___, 2018

By: _____
      Ruvin Feygenberg

Dated: December ___, 2018

12/27/18

By: _____
      Michael Leizerovitz

EXHIBIT 2


FR L.L.C. ARTICLES OF ORGANIZATION



## California Secretary of State
### Electronic Filing



FILED

Secretary of State
State of California

# LLC Registration – Articles of Organization

**Entity Name:**    FR L.L.C.

**Entity (File) Number:**    201936410610
**File Date:**    12/19/2019
**Entity Type:**    Domestic LLC
**Jurisdiction:**    California

---

Detailed Filing Information

1. Entity Name:    FR L.L.C.

2. Business Addresses:

    a. Initial Street Address of
       Designated Office in California:    5200 White Oak St. #42
       Encino, California 91316
       United States

    b. Initial Mailing Address:    5200 White Oak St. #42
       Encino, California 91316
       United States

3. Agent for Service of Process:    LEGALZOOM.COM, INC. (C2967349)

4. Management Structure:    One Manager

5. Purpose Statement:    The purpose of the limited liability
    company is to engage in any lawful act
    or activity for which a limited liability
    company may be organized under the
    California Revised Uniform Limited
    Liability Company Act.

Electronic Signature:

The organizer affirms the information contained herein is true and correct.

Organizer:    By: Cheyenne Moseley, Assistant
    Secretary of Legalzoom.com, Inc.

*Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.*

EXHIBIT 3

ASSIGNMENT AND ASSUMPTION AGREEMENT

## ASSIGNMENT AND ASSUMPTION AGREEMENT

This Assignment and Assumption Agreement (this "Agreement") is made and entered into as of December 26, 2018, between The Evergreen Advantage, LLC, a California limited liability company ("Assignor" or "Seller"), and **Lev Investments, LLC, a California limited liability company, as to an undivided 50.00% interest, Ruvin Feygenberg, an individual, as to an undivided 25.00% interest and Michael Leizerovitz, an individual, as to an undivided 25.00% interest** (collectively, "Assignee" or "Buyer").

### RECITALS

A.    Assignor extended a loan (the "Loan") in the original principal amount of One Million Seven Hundred Eighty Thousand Dollars ($1,780,000) to **MANUK ABOYAN** ("Borrower"), which is evidenced by that certain Promissory Note Secured by Deed of Trust dated October 24, 2016 (the "Note") executed by Borrower in favor of Seller. The Note is secured by that certain Deed of Trust and Assignment of Rents dated October 24, 2016 (the "Deed of Trust"), recorded in the Official Records of Los Angeles County, State of California, on November 1, 2016 as Instrument No. 2016-1352625, which encumbers Borrower's interest in the real property and improvements (the "Real Property") commonly known as **13854 ALBERS STREET, LOS ANGELES, CA 91401**.

B.    On July 30, 2018, Assignor recorded a Notice of Default in the Official Records of Los Angeles County, State of California as Document Number 2018-0758366 (the "NOD"). Borrower failed to cure the default; and on November 5, 2018, the Trustee recorded a Notice of Trustee's Sale in the Official Records of the Los Angeles County, State of California as Document Number 2018-1130193 (the "NOTS"). The NOTS set forth the date of sale on December 4, 2018, which has been postponed to December 26, 2018.

C.    The loan documents evidencing the Loan are set forth more fully on Exhibit A attached hereto and incorporated herein by reference, together with any amendments, modifications, extensions or restatements (the "Loan Documents") representing liabilities and obligations of Borrower and any guarantors listed on Exhibit A (if any) to Assignor (the "Obligations").

D.    Assignee is purchasing from Assignor all of Assignor's rights and obligations under the Loan Documents in accordance with the consideration set forth in Exhibit B attached hereto and incorporated herein.

NOW, THEREFORE, in consideration of the foregoing, the covenants and agreements contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties, intending to be legally bound, mutually agree as follows:

1.    Effective as of the Closing Date (as defined herein), in consideration of the payment by Assignee to Assignor specified in Exhibit B, Assignor hereby assigns, transfers and sets over unto Assignee, its successors and assigns, all of its right, title and interest in the Loan Documents, without representation, warranty or recourse. The Closing Date shall be on or before January 8, 2019.

2.    Assignor will provide to Assignee (i) an executed Assignment of Beneficial Interest Deed of Trust with respect to the Deed of Trust in the form attached hereto as Exhibit D, and (ii) an executed Allonge with respect to the Note in the form of Exhibit C attached hereto. Assignee will be responsible for recording the Assignment of Beneficial Interest of Deed of Trust, for filing any UCC financing statements or other recordable documents, and for paying any recording fees

1

and taxes. Assignor has not provided any title exams, lien searches or UCC searches to Assignee and Assignee is responsible for obtaining all necessary searches to determine any lien status.

3.     Assignee hereby represents and warrants to and for the benefit of Assignor that it has the full power and authority to execute, deliver and perform all of the terms of this Agreement and this Agreement constitutes the legal, valid and binding obligation of the Assignee, enforceable in accordance with its terms.

4.     Assignor makes no representation or warranty, express or implied, at law or in equity, with respect to the Loan Documents, including, without limitation, enforceability, liability, lien perfection or priority, collectability, the value or condition of any collateral or the absence of defects. Assignee acknowledges and agrees that it will look solely to Borrower for the payment of the Obligations represented by the Loan Documents. Assignee has entered into this Agreement solely upon its own independent investigation and credit analysis and is not relying upon any information supplied by or any representations made by Assignor. Assignee hereby acknowledges and agrees that Assignee is purchasing the Loan Documents on an "as-is, where-is" basis, and without recourse. Assignee has had the opportunity to engage legal counsel and has performed such due diligence which it deems necessary and appropriate in connection with the assignment contemplated hereunder. Assignee represents to Assignor that it understands that enforcement of the Loan Documents may not result in collection of all or any of the sums due thereunder. Assignee assumes all risks, including risk of loss, counterclaims, defenses and delays, and the cost of enforcement of claims with respect to the Loan Documents, and understands that the nature of the enforcement thereof may be adversarial, and subject to actual or potential claims and defenses of the Borrower or third parties including, without limitation, any and all claims that are raised in the First Amended Complaint To Quiet Title and related documents in the litigation initiated by SBK Holdings USA, Inc. ("SBK") in Superior Court of the State of California, Central District, Case No. BC677454 (the "SBK Litigation") against Borrower and others which includes a cause of action by which SBK seeks to quiet title to the Real Property in its name free and clear of all liens including the lien of the Deed of Trust and any and all other claims that may be raised by SBK.

5.     The Loan Documents, shall include, but not be limited to, the items identified in Exhibit A, which is attached hereto and incorporated herein. Assignee acknowledges and agrees that the Loan Documents shall not include any correspondence, memoranda, credit analysis, term sheets, proposals, commitment letters, collateral exams, compliance certificates, borrowing base certificates, accounts receivable or inventory reports, proprietary information or marketing plans of Assignor or other writings of a similar nature relating to the administration of the Obligations. Assignee waives any right or claim that it may have to review any documentation that Assignor or its counsel may have other than the Note, Deed of Trust, Title Policy and an account history of the Loan.

6.     If any third party reports are provided to Assignee by Assignor, including but not limited to any environmental report, appraisal, financial statement, title insurance commitment or policy or UCC search, Assignor is not responsible for the accuracy or truthfulness of such third party reports and makes no representation regarding the assignability of such third party reports.

7.     Assignee, for itself and its successors and assigns, hereby accepts the assignment of, and assumes the obligations arising under, the Loan Documents in accordance with their terms, and hereby covenants and agrees to perform, observe and discharge all of the covenants, conditions, agreements, terms and obligations to be performed by Assignor under the Loan Documents arising from and after the Closing Date hereof in accordance with the terms hereof.

8.     Assignee agrees to indemnify and hold Assignor harmless from and against any and all losses, costs, claims, demands, judgments, liabilities, damages or expenses (including, without limitation, penalties and attorney's fees) incurred by Assignor as a result of any claim or demand

upon Assignor by any person or entity relating to or arising under the Loan Documents.

9.      Assignor agrees to indemnify and hold Assignee harmless from and against any and all losses, costs, claims, demands, judgments, liabilities, damages or expenses (including, without limitation, penalties and attorney's fees) incurred by Assignee as a result of any claim or demand upon Assignee by any person or entity relating to or arising under the Loan Documents before the effective date of this Agreement except for those which are i) known to Assignee as of the date hereof, or ii) included in the SBK Litigation or which may be asserted in the SBK Litigation in the future.

10.      This Agreement shall constitute both an agreement between Assignor and Assignee and joint escrow instructions. Upon execution of this Agreement by both parties hereto and the deposit of a fully executed original or originally executed counterparts of this Agreement by Assignor or Assignee with an escrow mutually agreed upon by the parties (the "Escrow"). Assignee and Assignor agree to execute, deliver and be bound by any reasonable or customary supplemental escrow instructions of the escrow officer ("Settlement Agent") or other instruments as may reasonably be required by Settlement Agent in order to consummate the transactions contemplated by this Agreement. Any such supplemental instructions shall not conflict with, amend or supersede any portions of this Agreement. To the extent of any inconsistency between the provisions of such supplemental instructions and the provisions of this Agreement, the provisions of this Agreement shall control. Assignor shall not pay any fees or costs associated with this transaction or the Escrow. All fees and costs including, but not limited to escrow, title, and notary fees, shall be paid by Assignee.

10.1      For purposes of this Agreement, the Closing, or Closing Date, shall be defined as the filing and recording of the Assignment of Beneficial Interest in Deed of Trust in the Official Records of the County of Los Angeles, California. The Closing shall occur on or before January 8, 2019.

10.2      Not later than 5 p.m. local time on December 28, 2018, Assignee shall deposit with Settlement Agent available funds in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) (the "Non-refundable Deposit"). Assignee hereby irrevocably instructs Settlement Agent to immediately release to Assignor the Non-refundable Deposit without any further action of the parties hereto if Assignee fails to close the Escrow on the Closing Date unless such failure is solely and directly due to Assignor.

10.3      Not later than one (1) business day prior to the Closing Date, Assignor shall deposit or cause to be deposited with Settlement Agent the following documents and instruments:

i)      the original of the Assignment of Deed of Trust, duly executed and acknowledged by Assignor;

ii)      the original Note, together with the Allonge executed by Assignor, and originals of the Loan Documents, if available; and

iii)      the original Title Policy issued by Lawyers Title Company. If the original is not available Assignor shall provide a copy.

10.4      On or before the Closing Date, Assignee shall deposit or cause to be deposited with the Settlement Agent the following: i) the payment by Assignee to Assignor specified in Exhibit B (the "Purchase Price") and ii) any and all amounts required to pay escrow, title, any other fees related to this Agreement.

10.5      At the Closing, Settlement Agent shall perform the following:

i)      Cause the Assignment of Deed of Trust to be recorded in the Official Records;

ii)      Purchase a Title Endorsement of Assignment of Mortgage from Lawyers Title Company in the name of the Assignee;

iii)      Disburse from funds deposited by Assignee with Settlement Agent, the Purchase Price to Assignor, in accordance with written wiring instructions provided to Settlement Agent by Assignor prior to the Closing;

   iv) Deliver to Assignor, a fully executed counterpart and conformed copy of the Assignment of Loan Documents; and

   v) Attach the original Allonge to the Note and deliver to Assignee, the original Note and other Loan Documents, and a fully executed counterpart and conformed copy of the Assignment of Deed of Trust.

  In the event the Closing fails to occur by the Closing Date, Settlement Agent shall promptly return all documents deposited with Settlement Agent to the parties who originally deposited the same.

11. Assignee, on Assignee's own behalf and on behalf of Assignee's representatives, beneficiaries, agents, attorneys, heirs, relatives, administrators, partners and anyone acting at Assignee's direction or on Assignee's behalf, does hereby relieve, release, and discharge Assignor and its respective past and present owners, officers, directors, shareholders, investors, representatives, beneficiaries, joint venturers, partners, employees, former employees, managers, accountants, agents, servants, attorneys, benefit plans, insurers, transferees, predecessors in interest, successors, assigns, parent companies, divisions, affiliates and subsidiaries (and owners, stockholders, predecessors, successors, assigns agents, directors, officers, employees, representatives, attorneys, benefit plans and insurers of such parent companies, divisions, subsidiaries and affiliates), and each of them individually and in their official capacities, and all persons acting by, through, under or in concert with any of them, from any and all liability, demands, causes of action, accountings or claims of any nature arising out of the advertising, negotiation, disclosure, underwriting, processing, making, settlement, servicing or any other aspects concerning the Loan and Loan Documents, known or unknown, suspected or unsuspected, arising since the Loan was applied for to the present, including claims under State Real Estate Law and all state and federal statutory, regulatory or case law. Assignee acknowledges that such release includes a waiver of the right to make claims based upon the discovery of new facts and circumstances, and waives the application of any state or federal laws providing for relief from general releases.

  Assignee hereby waives any provisions of state or federal law which explicitly or implicitly would prevent the application of this Agreement to claims which Assignee does not know or suspect to exist in its favor any time on or prior to the date of executing this Agreement which, if known by Assignee, would have materially affected Assignee's decision to execute this Agreement. Assignee expressly waives all rights afforded by any statute with respect to unknown claims, including, but not limited to, Section 1542 of the California Civil Code which limits the effect of a release with respect to unknown claims. Assignee understands the significance of the release of unknown claims and the waiver of statutory protection against a release of unknown claims (such as under Section 1542). Section 1542 of the California Civil Code reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Notwithstanding the above-stated provisions of Section 1542 and for purposes of implementing a full and complete release and discharge, Assignee expressly acknowledges that this Agreement is specifically intended to include in its effect, without limitation, all claims which Assignee has but does not or may not know or suspect to exist in its favor at any time on or prior to the date of execution of this Agreement, and that this Agreement extinguishes any and all such claim(s) and Assignee indicates that fact by signing its initials here:

Assignee Initials:   _DL_    _RF_    _____

12.    Assignee at its sole cost and expense hereby agrees to indemnify, defend, protect and hold harmless Assignor, its parent, subsidiary and affiliated corporations and their respective officers, directors, shareholders, employees, agents and attorneys from and against any and all claims, demands, losses, damages, liabilities, fines, penalties, charges, administrative and judicial proceedings and orders, judgments and all costs and expenses incurred in connection therewith, including, without limitation, actual attorneys' fees and costs of defense arising directly or indirectly, out of, or resulting in whole or in part from:

    12.1    Any breach by Assignee of any covenant, agreement, warranty or representation contained in this Agreement; and

    12.2    Assignee's acts or omissions from or after the Closing Date.

13.    Assignor at its sole cost and expense hereby agrees to indemnify, defend, protect and hold harmless Assignee, its parent, subsidiary and affiliated corporations and their respective officers, directors, shareholders, employees, agents and attorneys from and against any and all claims, demands, losses, damages, liabilities, fines, penalties, charges, administrative and judicial proceedings and orders, judgments and all costs and expenses incurred in connection therewith, including, without limitation, actual attorneys' fees and costs of defense arising directly or indirectly, out of, or resulting in whole or in part from:

    13.1    Any breach by Assignor of any covenant, agreement, warranty or representation contained in this Agreement; and

    13.2    Assignor's acts or omissions prior to the Closing Date;

EXCEPT that this Paragraph 13 shall not apply or obligate Assignor to indemnify, defend, protect or hold harmless Assignee or any other party from and against any claim, demand or order i) arising out of facts known to Assignee or such other party as of the date hereof, or ii) which are included in the SBK Litigation or which may be asserted in the SBK Litigation in the future.

14.    Assignee agrees to submit all Internal Revenue Service Forms and Information Returns and other required or appropriate filings with all state, federal and local governing bodies with respect to the Obligations for the period during which it owns the Loan Documents and Obligations.

15.    Assignee acknowledges that it will acquire confidential information from Assignor that may include "nonpublic personal information" as that term is defined in 15 U.S.C. 6809 concerning customers and agrees that it will not use or disclose any such confidential information except for the purposes contemplated by this Agreement. Assignee shall maintain policies and procedures designed to: (1) ensure the security and confidentiality of confidential information; (2) protect against any anticipated threats or hazards to the security or integrity of confidential information; and (3) protect against unauthorized access to or use of confidential information that could result in substantial harm or inconvenience to any present or former customer of Assignor.

16.    The parties agree to do, execute, acknowledge and deliver, or cause to be done, executed, acknowledged and delivered all further acts, assignments, documents, instruments, transfers and assurances as may reasonably be requested of them in order to carry out and give effect to this Agreement.

17.    This Agreement will in all respects be governed by and construed in accordance with the laws of the State of California. Assignor and Assignee hereby submit to the jurisdiction of any state or federal courts located in Los Angeles County, California with respect to any matters relating to this Agreement.

18.     This Agreement constitutes the entire agreement of the parties and supersedes all other prior agreements and understandings, both written and oral, between the parties with respect to the subject matter hereof. This Agreement may only be amended in a writing signed by the parties hereto. The declaration of invalidity of any provision of this Agreement shall not affect any part of the remainder of the provisions.

19.     This Agreement will be binding upon and inure to the benefit of Assignor and the Assignee and their respective successors and assigns. The parties relationship is that of buyer and seller; the parties are not partners or joint venturers and neither party has any authority to represent, obligate or bind the other with respect to any third party.

20.     This Agreement may be executed in any number of counterparts and by different parties on separate counterparts, each of which, when executed and delivered, shall be deemed to be an original, and all of which, when taken together, shall constitute but one and the same Agreement. Delivery of an executed counterpart of this Agreement by facsimile or e-mail shall be equally as effective as delivery of an original executed counterpart of this Agreement.

21.     Given that more than one person or entity is named as Assignee, each obligation of Assignee under this Agreement shall be the joint and several obligation of each such person or entity. Whenever the context so requires, the singular shall include the plural and conversely in each case.

22.     Assignee acknowledges that i) the Note provides for a balloon late charge in the amount of One Hundred Seventy-Eight Thousand Dollars ($178,000) (the "Balloon Late Charge") in the event the Borrower does not pay-off the Loan on or before the maturity date set forth in the Note, ii) the Note matured on May 1, 2018, and iii) the Purchase Price does not include the Balloon Late Charge. Assignee covenants to use its best efforts to collect the Balloon Late Charge from the Borrower upon the payoff of the Loan and agrees to promptly pay Assignor fifty percent (50%) of any amount collected by Assignee in excess of principal, interest, default interest, late charges and other items payable by Borrower pursuant to the Note.

23.     ASSIGNEE AND ASSIGNOR HEREBY WAIVE THE RIGHT TO A TRIAL BY JURY OF ANY MATTERS ARISING OUT OF THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

        IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first written above.

**ASSIGNEE:**

Ruvin Feygenberg                                    Michael Leizerovitz

**Lev Investments, LLC,**
**a California limited liability company**

By:
        Dmitri Lioudkovski, Manager

**ASSIGNOR:**

6

THE EVERGREEN ADVANTAGE, LLC
a California limited liability company
    by its manager, The Evergreen Advantage
    Management, Inc., a California corporation

By: _____
    Dan Zuckerman, President

## EXHIBIT A

### LOAN DOCUMENTS

1.  PROMISSORY NOTE SECURED BY DEED OF TRUST dated October 24, 2016

2.  EXTENSION AGREEMENT dated October 28, 2017

3.  EXTENSION AGREEMENT dated January 31, 2018

4.  DEED OF TRUST, ASSIGNMENT OF RENTS, SECURITY AGREEMENT AND FIXTURE FILING dated October 24, 2016

5.  TITLE INSURANCE POLICY

ACCEPTED BY:

_____
Ruvin Feygenberg

_____
Michael Leizerovitz

Lev Investments, LLC,
a California limited liability company

By: _____
Dmitri Lioudkovski, Manager

8

EXHIBIT 4

TRUSTEE'S DEED




**This page is part of your document - DO NOT DISCARD**



## 20190099571



**Pages:**
**0003**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**02/01/19 AT 08:00AM**

| | |
|---|---:|
| FEES: | 23.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 98.00 |



**L E A D S H E E T**

201902010230085

00016228014

009608547

**SEQ:**
**01**

SECURE - 8:00AM



**THIS FORM IS NOT TO BE DUPLICATED**

E08_190201_6



*E493307*

RECORDING REQUESTED BY
LAWYERS TITLE

RECORDING REQUESTED BY:
**California TD Specialists**

AND WHEN RECORDED TO:
AND MAIL TAX STATEMENT TO:
**LEV INVESTMENTS, LLC, ET AL**
**P.O. BOX 16646**
**BEVERLY HILLS, CA 90209**
**Forward Tax Statements to**
**the address given above**

TS #: 83173                                         Order #: 05936537                    SPACE ABOVE LINE FOR RECORDER'S USE
Loan #: 399135126

## TRUSTEE'S DEED UPON SALE

A.P.N.: 2247-013-001                                Transfer Tax: $0.00
THIS TRANSACTION IS EXEMPT FROM THE REQUIREMENTS OF THE REVENUE AND TAXATION CODE,
SECTION 480.3
The Grantee Herein **was** the Foreclosing Beneficiary.
The Amount of the Unpaid Debt was **$2,302,132.67**
The Amount Paid by the Grantee was **$2,150,000.00**                          **ACCOMMODATION**
Said Property is in the City of **LOS ANGELES**, County of **Los Angeles**

**CALIFORNIA TD SPECIALISTS**, as Trustee, (whereas so designated in the Deed of Trust hereunder more
particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

**Lev Investments, LLC, a California limited liability company, as to an undivided 50.00%
Interest, Ruvin Feygenberg, an individual, as to an undivided 25.00% interest and Michael
Leizerovitz, an individual, as to an undivided 25.00% interest.**

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed
to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of **Los
Angeles**, State of California, described as follows:

THE NORTH 190 FEET OF THE EAST 99 FEET OF THE WEST 110 FEET OF LOT 103 TRACT NO. 1000, IN THE CITY OF LOS
ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 19 PAGES 1 TO 34,
INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **MANUK
ABOYAN, AN INDIVIDUAL** as Trustor, dated **10/24/2016** of the Official Records in the office of the Recorder of
Los Angeles, California under the authority and powers vested in the Trustee designated in the Deed of Trust or as
the duly appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Default and
Election to Sell under the Deed of Trust recorded on **11/1/2016**, instrument number **20161352625**, Book N/A, Page
N/A of official records. Trustee having complied with all applicable statutory requirements of the State of
California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election
to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified
mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

Forward Tax Statements to the address given above





83173                    TS-TDUS                    Trustee's Deed Upon Sale (CA)                    131033

## TRUSTEE'S DEED UPON SALE

TS #: **83173**
Loan #: **399135126**
Order #: **05936537**

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **1/30/2019**. Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being **$2,150,000.00**, in lawful money of the United States, in pro per, receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, **CALIFORNIA TD SPECIALISTS**, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation-by-laws.

Date: **1/30/2019**

**CALIFORNIA TD SPECIALISTS, AS TRUSTEE**

By: _____

Patricio S. Ince', Vice President

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF California
COUNTY OF Orange

On 1/30/2019 before me, Teri Snyder Notary Public Personally appeared, Patricio S. Ince', Vice President who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public

(Seal)



TERI SNYDER
COMM. # 2185804
NOTARY PUBLIC • CALIFORNIA
ORANGE COUNTY
Comm. Exp. APRIL 4, 2021

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

20501 Ventura Boulevard, Suite 262, Woodland Hills, CA 91364

A true and correct copy of the foregoing document entitled (*specify*): OBJECTION TO REPLY OF MIKE KEMEL AND REAL PROPERTY TRUSTEE TO OPPOSITION OF DEFENDANTS/ CROSS-COMPLAINANTS RUVIN FEYGENBERG, MICHAEL LEIZEROVITZ, AND SENSIBLE CONSULTING AND MANAGEMENT, INC. TO ORDER TO SHOW CAUSE RE: REMAND; DECLARATION OF JOHN G. BURGEE
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/07/2020 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below: Lisa D Angelo langelo@murchisonlaw.com, cthomas@murchisonlaw.com

    United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov; Michael Shemtoub michael@lexingtonlg.com
    Caroline Renee Djang (TR) caroline.djang@bbklaw.com; sansanee.wells@bbklaw.com; wilma.escalante@bbklaw.com
    David A Tilem davidtilem@tilemlaw.com, DianaChau@tilemlaw.com, JoanFidelson@ecf.inforuptcy.com
    David B Golubchik dbg@lnbyb.com, stephanie@lnbyb.com; Juliet Y Oh jyo@lnrrb.com, jyo@lnrrb.com
    Thomas D. Sands thomas@thesandslawgroup.com            ☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) 08/07/2020 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

                                                          ☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 08/07/2020 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Victoria Kaufman, Judge, US Bankruptcy Court, 21041 Burbank Blvd., Suite 354, Woodland Hills, CA 91367

                                                          ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/07/2020 | John G. Burgee | | /s/ John G. Burgee |
|------------|----------------|---|--------------------|
| *Date* | *Printed Name* | | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                             **F 9013-3.1.PROOF.SERVICE**