**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Judge Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

**Wednesday, September 16, 2020**                                   **Hearing Room      301**

2:30 PM
**1:20-11006    Lev Investments, LLC**                                            **Chapter 11**
Adv#: 1:20-01065        Lev Investments, LLC v. SENSIBLE CONSULTING AND

**#11.00**      Order to show cause re: remand and status conference
re: removed proceeding

fr. 8/12/20

Docket       1

**Judge:**

Having reviewed the parties' timely filed supplemental briefs, and because the proofs
of claim filed by Lisitsa Law, Inc. and Mike Kemel do not impact the Court's prior
analysis, the Court will adopt its tentative ruling from the hearing on August 12, 2020,
based on the analysis set forth below:

The Court will sever the claims and remand this action in part.

**I. BACKGROUND**

   ***A.  The State Court Complaint***

On June 20, 2019, Lev Investments, LLC ("Debtor") filed a complaint in state court
against Michael Leizerovitz, Sensible Consulting and Management, Inc. ("Sensible
Consulting"), Ruvin Feygenberg and Ming Zhu, LLC ("Ming Zhu"), initiating this
lawsuit (the "State Court Action"). Notice of Removal, Exhibit 1.  The defendants
filed demurrers to the complaint. *Id*.  After hearings on the demurrers, the state court
sustained the demurrers with leave to amend. *Id*.

On September 27, 2019, Debtor filed a first amended complaint (the "Complaint"). *Id*.
Through the Complaint, Debtor asserted claims for breach of implied covenant against
encumbrances, quiet title, usury and declaratory relief. *Id*.  In relevant part, Debtor
alleged—

      On January 31, 2019, Mr. Feygenberg and Mr. Leizerovitz signed a
      grant deed transferring the real property located at 13854 Albers Street,

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

---

**Wednesday, September 16, 2020**                                        **Hearing Room    301**

---

2:30 PM
**CONT...**        **Lev Investments, LLC**                                        **Chapter 11**

Sherman Oaks, CA 91401 (the "Albers Property") to Debtor.  Mr.
Feygenberg and Sensible Consulting provided a loan secured by the
Albers Property.  Pursuant to the loan agreement, the interest rate
amounted to 23% per annum.  Mr. Feygenberg then assigned his
interest in the deed of trust to Sensible Consulting.

At the time Mr. Feygenberg and Mr. Leizerovitz executed the grant
deed, they covenanted that the Albers Property was free of liens and
encumbrances.  However, the Albers Property was encumbered by
taxes and a judgment in favor of Ming Zhu.  Debtor requests a
judgment that it is the owner in fee simple of the Albers Property and
that Defendants do not have an interest in the Albers Property.

*Id*.

On October 24, 2019, Ming Zhu filed a demurrer to the Complaint, and on November
1, 2019, Mr. Leizerovitz, Mr. Feygenberg and Sensible ("Defendants") filed their
demurrer to the Complaint. *Id*.  On February 18, 2020, the state court held hearings on
the demurrers. *Id*.  At that time, the state court sustained Ming Zhu's demurrer
without leave to amend, dismissing Ming Zhu from this action. *Id*.  The state court
also dismissed the quiet title cause of action without leave to amend. *Id*.  As to Mr.
Feygenberg and Mr. Leizerovitz, the state court dismissed the usury and declaratory
relief causes of action without leave to amend, but overruled the demurrer as to the
breach of implied covenant against encumbrances claim. *Id*.  Finally, as to Sensible,
the state court overruled the demurrer as to the breach of implied covenant and usury
claims, sustained the demurrer as to the quiet title claim without leave to amend and
sustained the demurrer as to the declaratory relief claim with leave to amend. *Id*.

### B.  The Cross-Complaint

On March 20, 2020, Defendants filed an answer to the Complaint. *Id*.  Concurrently,
Defendants filed a cross-complaint (the "Cross-Complaint") against Debtor, Dmitri
Lioudkovski, Yevgeniya Lisitsa and Lisitsa Law, Inc. (the "Lisitsa Parties") and Real
Property Trustee, Inc. ("RPT") and Mike Kemel (the "RPT Parties"). *Id*.  In the Cross-
Complaint, Defendants asserted causes of action for breach of contract, breach of
fiduciary duty, concealment, indemnity, declaratory relief, quiet title, cancellation of

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Judge Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

**Wednesday, September 16, 2020**                              **Hearing Room    301**

2:30 PM
**CONT...        Lev Investments, LLC**                                      **Chapter 11**
instruments, wrongful foreclosure and declaratory relief. *Id.*

In December 2018, Mr. Feygenberg and Mr. Leizerovitz entered into
an agreement with Debtor for Debtor's acquisition of the Albers
Property.  The parties planned to purchase a defaulted promissory note
secured by a first position deed of trust (the "Note" and the "DOT"),
which was in the process of foreclosure.  The parties planned to
complete the non-judicial foreclosure for Debtor to obtain title to the
Albers Property.

Mr. Feygenberg and Mr. Leizerovitz acted as lenders secured by the
Albers Property.  Ms. Lisitsa and Lisitsa Law acted as counsel for all
parties to the agreement.  Pursuant to the agreement, Debtor was to
contribute $1,022,500 towards the purchase of the Note and the DOT.
However, unbeknownst to Mr. Feygenberg and Mr. Leizerovitz, Mr.
Lioudkovski made secret deals with others to obtain the funds Debtor
needed to purchase the Note and the DOT and promised the secret
lenders first position deeds of trust.  Ms. Lisitsa was aware of the secret
loans, and cross-complainants believe one of the secret lenders is a
relative of Ms. Lisitsa.

On December 31, 2018, Debtor, Mr. Feygenberg and Mr. Leizerovitz
acquired the Note and the DOT.  On January 30, 2019, after Ms. Lisitsa
represented these parties in litigation against the owner of the Albers
Property, the foreclosure sale occurred.  Despite the agreement that
only Debtor would take title to the Albers Property, the foreclosure
trustee, under the direction of Debtor and Mr. Lioudkovski, issued a
Trustee's Deed naming Debtor, Mr. Feygenberg and Mr. Leizerovitz as
owners.  One day later, Ms. Lisitsa prepared a grant deed to divest Mr.
Feygenberg's and Mr. Leizerovitz's interest in the Albers Property, and
a deed of trust in favor of Mr. Feygenberg and Mr. Leizerovitz.
However, Ms. Lisitsa, acting in concert with Debtor and Mr.
Lioudkovski, did not record these documents until March 22, 2019,
after multiple demands from cross-complainants.

In early March 2019, Debtor, acting through Ms. Lisitsa, asked the

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

---

**Wednesday, September 16, 2020**                                    **Hearing Room    301**

---

<u>2:30 PM</u>
**CONT...**      **Lev Investments, LLC**                                              **Chapter 11**

cross-complainants to provide a pay-off demand.  Debtor also informed the cross-complainants that there was a problem because there was a judgment lien against Mr. Feygenberg; however, the problem would not have arisen had Mr. Feygenberg never been placed on title to the Albers Property.

Debtor failed to contribute the $1,022,500 of its own funds and, as a result, breached the agreement between the parties.  Debtor, Mr. Lioudkovski and the Lisitsa Parties also breached fiduciary duties owed to Defendants by concealing the secret loans, and these parties should indemnify Defendants for any costs incurred litigating the secret loans.

In addition to these allegations regarding the Albers Property, Mr. Leizerovitz also asserted causes of action for quiet title, cancellation of instruments, wrongful foreclosure and injunctive relief based on the following allegations regarding a different transaction—

Coachella Vineyard Luxury RV Park, LLC ("RV") owned vacant land in Coachella, California (the "RV Property").  Prior to July 2018, Mr. Leizerovitz held deeds of trust encumbering the RV Property.  Mr. Leizerovitz agreed to release his deed of trust to allow RV to obtain new financing for development of the RV Property.  The new financing included a loan, made by Debtor on July 31, 2018, in the principal amount of $2 million.  This loan was secured by a first position deed of trust against the RV Property.

In return for releasing his deeds of trust, Mr. Leizerovitz received an unsecured promissory note in the amount of $400,000 and a promissory note secured by a deed of trust against the RV Property in the amount of $500,000.  In February 2019, RV agreed that the unsecured note would be secured by the RV Property as an extension of credit.  Additionally, Mr. Leizerovitz agreed to provide RV with another $50,000 loan secured by the deed trust.  As such, the deed of trust in favor of Mr. Leizerovitz totaled $950,000 as a third position lien.

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

---

**Wednesday, September 16, 2020**                                    **Hearing Room        301**

---

<u>2:30 PM</u>
**CONT...**        **Lev Investments, LLC**                                                        **Chapter 11**

On June 17, 2019, Debtor declared its loan in default.  The Notice of
Default was prepared by RPT and Mr. Kemel and was in the amount of
$2,450,244.27.  On September 19, 2019, Debtor recorded a Notice of
Sale set for October 15, 2019.  RV then filed a lawsuit against Debtor
in state court.  The state court allowed a foreclosure, but reduced
Debtor's demand amount.

Mr. Leizerovitz was interested in acquiring the RV Property through
the foreclosure.  However, on November 12, 2019, Mr. Leizerovitz
learned that the RPT Parties conducted the foreclosure for Debtor on
November 7, 2019, in violation of California Civil Code § 2924g(d);
Mr. Leizerovitz was denied the opportunity to attend the foreclosure
and purchase the RV Property.  In addition, Debtor credit bid $2.5
million, an amount in excess of the amount allowed by the state court.

RV demanded that the foreclosure be set aside, but cross-defendants
have failed to cancel the Trustee's Deed or confirm RV's title to the
RV Property, which would restore Mr. Leizerovitz's secured interest in
the RV Property.

### C.  Miscellaneous State Court Matters

On January 19, 2020, while litigating the State Court Action, Defendants filed a
complaint against the Lisitsa Parties for legal malpractice (the "Malpractice Action").
Request for Judicial Notice [doc. 23], Exhibit C.  The Malpractice Action involves the
Lisitsa Parties' representation of Defendants in connection with the real property
transactions outlined above.

On May 8, 2020, the RPT Parties filed a declaration of non-monetary status, asserting
that they were sued solely in their capacity as trustee, and not because of wrongful acts
or omissions on their part. *Id*.  On May 22, 2020, the state court held a hearing and
issued a ruling requiring the RPT Parties to participate in the lawsuit.

On May 15, 2020, Defendants filed a Notice of Related Case in the State Court
Action, referencing the Malpractice Action. *Id*.  On May 22, 2020, Debtor and Mr.

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Wednesday, September 16, 2020**                    **Hearing Room     301**

2:30 PM

**CONT...     Lev Investments, LLC**                                     **Chapter 11**

Lioudkovski filed an answer to the cross-complaint.  On June 12, 2020, the RPT Parties filed a motion to compel the depositions of Defendants and requested sanctions against these parties. *Id.*  On June 19, 2020, the Lisitsa Parties filed a demurrer to the Cross-Complaint, set for hearing before the state court on August 13, 2020. RJN, Exhibit A.

### D.  Debtor's Bankruptcy Case and the Removal

On June 1, 2020, Debtor filed a voluntary chapter 11 petition.  On June 26, 2020, Defendants removed the state court action to this Court.

On July 20, 2020, Ms. Lisitsa and Lisitsa Law filed a notice of appearance and request for jury trial [doc. 12].  On July 23, 2020, RPT and Mr. Kemel filed a statement under FRBP 9027(e)(3) indicating they do not consent to entry of a final order or judgment by this Court [doc. 15].  On the same day, RPT and Mr. Kemel filed a demand for a jury trial [doc. 16].

On July 24, 2020, RPT and Mr. Kemel filed a brief requesting remand of this action [doc. 18].  RPT and Mr. Kemel also provided the docket from the state court action, which reflects several upcoming hearings calendared before the state court.  On the same day, Ms. Lisitsa and Lisitsa Law filed their brief requesting remand of this action [doc. 21].  On July 29, 2020, Defendants filed a brief opposing remand ("Defendants' Brief") [doc. 24].  On July 29, 2020, Debtor filed a joinder to Defendants' Brief [doc. 27].

## II. ANALYSIS

### A.  Subject Matter Jurisdiction

Removal of state court actions to federal district court is governed by 28 U.S.C. §§ 1441 – 1455.  Removal and remand of actions related to bankruptcy cases is governed by § 1452.

(a) A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Judge Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

**Wednesday, September 16, 2020**                    **Hearing Room    301**

2:30 PM
**CONT...        Lev Investments, LLC**                                    **Chapter 11**

this title.

(b) The court to which such claim or cause of action is removed my remand such
claim or cause of action on any equitable ground. . . .

28 U.S.C. § 1452.

The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*  As
set forth in § 1452, removal to a bankruptcy court requires that the court have
jurisdiction of such claim or cause of action under 28 U.S.C. § 1334. 28 U.S.C. §
1334(b), with regard to bankruptcy cases and proceedings, provides that:

> Except as provided by subsection (e)(2) and notwithstanding any Act
> of Congress that confers exclusive jurisdiction on a court or courts
> other than the district courts, the district courts shall have original but
> not exclusive jurisdiction of all civil proceedings arising under title 11,
> or arising in or related to cases under title 11.

### 1.    Arising Under Jurisdiction

"A matter arises under the Bankruptcy Code if its existence depends on a substantive
provision of bankruptcy law, that is, if it involves a cause of action created or
determined by a statutory provision of the Bankruptcy Code." *In re Ray*, 624 F.3d
1124, 1131 (9th Cir. 2010).

### 2.    Arising In Jurisdiction

"A proceeding 'arises in' a case under the Bankruptcy Code if it is an administrative
matter unique to the bankruptcy process that has no independent existence outside of
bankruptcy and could not be brought in another forum, but whose cause of action is
not expressly rooted in the Bankruptcy Code." *Id.*

Matters that "arise under or in Title 11 are deemed to be 'core' proceedings . . . ." *In
re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995).  Title 28, United States
Code, section 157(b)(2) sets out a non-exclusive list of core proceedings, including
"matters concerning the administration of the estate," "allowance or disallowance of
claims," "objections to discharges," "motions to terminate, annul, or modify the
automatic stay," and "confirmation of plans."  Bankruptcy courts have the authority to

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Judge Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

**Wednesday, September 16, 2020**                                    **Hearing Room      301**

2:30 PM
**CONT...      Lev Investments, LLC**                                              **Chapter 11**

hear and enter final judgments in "all core proceedings arising under title 11, or
arising in a case under title 11 . . . ."  28 U.S.C. § 157(b)(1); *Stern v. Marshall*, 564
U.S. 462, 475-76, 131 S.Ct. 2594, 2604, 180 L.Ed.2d 475 (2011).

*3.      Related to Jurisdiction*

Bankruptcy courts also have jurisdiction over proceedings that are "related to" a
bankruptcy case.  28 U.S.C. § 1334(b); *In re Pegasus Gold Corp.*, 394 F.3d 1189,
1193 (9th Cir. 2005).  A proceeding is "related to" a bankruptcy case if:

> [T]he outcome of the proceeding could conceivably have any effect on the
> estate being administered in bankruptcy.  Thus, the proceeding need not
> necessarily be against the debtor or against the debtor's property.  An action is
> related to bankruptcy if the outcome could alter the debtor's rights, liabilities,
> options, or freedom of action (either positively or negatively) and which in any
> way impacts upon the handling and administration of the bankrupt estate.

*Pegasus Gold Corp.*, 394 F.3d at 1193 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984,
994 (3d Cir. 1984) (emphasis omitted)).

"[C]ivil proceedings are not within 28 U.S.C. § 1334(b)'s grant of jurisdiction if
they… 'are so tangential to the title 11 case or the result of which would have so little
impact on the administration of the title 11 case… Put another way, litigation that
would not have an impact upon the administration of the bankruptcy case, or on
property of the estate, or on the distribution to creditors, cannot find a home in the
district court based on the court's bankruptcy jurisdiction.'" *In re Wisdom*, 2015 WL
2128830, at *10 (Bankr. D. Idaho May 5, 2015) (quoting 1 Collier on Bankruptcy, ¶
3.01[3][e][v] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014)).

Here, the Court does not have "arising under" jurisdiction because none of the claims
asserted by any of the parties involve a provision of the Bankruptcy Code.  In
addition, the Court lacks "arising in" jurisdiction because the causes of action in the
Complaint and Cross-Complaint are not unique to bankruptcy and do not depend on
the existence of a bankruptcy case.

However, the Court has "related to" subject matter jurisdiction over the Complaint
and the Cross-Complaint.  Both pleadings involve claims by or against Debtor, which

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

---

**Wednesday, September 16, 2020**                                    **Hearing Room    301**

---

<u>2:30 PM</u>
**CONT...    Lev Investments, LLC**                                              **Chapter 11**

may impact Debtor's assets and liabilities.  In addition, the pleadings involve assets of
the estate, such as the Albers Property and Debtor's interest in the RV Property.
Nevertheless, as discussed below, the Court will remand part of this matter to state
court.

### B.  Remand

"Bankruptcy courts have broad discretion to remand cases over which they otherwise
have jurisdiction on any equitable ground." *In re Enron Corp.*, 296 B.R. 505, 508
(C.D. Cal. 2003).  28 U.S.C. § 1452(b) provides, in pertinent part: "The court to
which such claim or cause of action is removed may remand such claim or cause of
action on any equitable ground."  "'[E]ven where federal jurisdiction attaches in
actions 'related to' bankruptcy proceedings, Congress has explicitly provided for
courts to find that those matters are more properly adjudicated in state court.'" *Parke
v. Cardsystem Solutions, Inc.*, 2006 WL 2917604 (N.D. Cal. October 11, 2006)
(quoting *Williams v. Shell Oil Co.*, 169 B.R. 684, 690 (S.D. Cal. 1994)).

Courts generally consider up to fourteen factors in deciding whether to remand a case
to state court. *Enron*, 296 B.R. at 508.  Factors courts should consider in deciding
whether to remand are:

    (1) the effect or lack thereof on the efficient administration of the estate if the
        Court recommends [remand or] abstention;
    (2) extent to which state law issues predominate over bankruptcy issues;
    (3) difficult or unsettled nature of applicable law;
    (4) presence of related proceeding commenced in state court or other
        nonbankruptcy proceeding;
    (5) jurisdictional basis, if any, other than [section] 1334;
    (6) degree of relatedness or remoteness of proceeding to main bankruptcy case;
    (7) the substance rather than the form of an asserted core proceeding;
    (8) the feasibility of severing state law claims from core bankruptcy matters to
        allow judgments to be entered in state court with enforcement left to the
        bankruptcy court;
    (9) the burden on the bankruptcy court's docket;
    (10) the likelihood that the commencement of the proceeding in bankruptcy court
         involves forum shopping by one of the parties;

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Wednesday, September 16, 2020**                                    **Hearing Room    301**

<u>2:30 PM</u>
**CONT...        Lev Investments, LLC**                                              **Chapter 11**

(11) the existence of a right to a jury trial;
(12) the presence in the proceeding of nondebtor parties;
(13) comity; and
(14) the possibility of prejudice to other parties in the action.

*Id.*, 508 n.2; *see also In re Cytodyn of New Mexico, Inc.*, 374 B.R. 733, 738 (Bankr. C.D. Cal. 2007).

Here, the Court will sever the claims and remand this matter in part.  The Court will not remand the remaining claims in the Complaint, or the claims in the Cross-Complaint asserted against Debtor and relating to the Albers Property (the "Albers Claims").  The Court will remand all of the claims against the Lisitsa Parties (the "Lisitsa Claims"), and all of the claims involving the RV Property (including against Debtor) to state court (the "RV Claims").

As to the Albers Claims, Defendants and Debtor consent to entry of a final order by this Court.  As such, the Court will be able to adjudicate these claims in a prompt fashion.  In addition, the Albers Claims may impact the sale of the Albers Property and the amount to be distributed from any such sale.  To prevent significant delays related to administration of the Albers Property, and because the Court may adjudicate related issues in the *FR LLC v. Lev Investments, LLC et al.* proceeding (the "FR Proceeding") [1:20-ap-01060-VK], the Court will not remand the Albers Claims to state court.

However, the Court will remand the Lisitsa Claims and the RV Claims to state court. [FN1].  Unlike Debtor and Defendants, the Lisitsa Parties and RPT Parties do not consent to entry of a final order or judgment by this Court.  While some of these claims may be statutorily "core," Defendants have not shown that any of the claims are constitutionally core under *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011).  Thus, if the Court did not remand these claims, the Court would have to submit a Report and Recommendation to the District Court, delaying final resolution of these claims.

In addition, both the Lisitsa Parties and RPT Parties have demanded a jury trial. While the demands are not timely under Local Bankruptcy Rule 9027-1(e), denying the Lisitsa Parties' and RPT Parties' request for remand would prejudice these parties

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

---

**Wednesday, September 16, 2020**                                      **Hearing Room    301**

---

2:30 PM
**CONT...       Lev Investments, LLC**                                              **Chapter 11**

because they would not be deprived of a jury trial before the state court.  Moreover, the Lisitsa Claims and the RV Claims involve exclusively California law, including claims not commonly litigated in bankruptcy court.  Defendants also filed a Notice of Related Action before the state court, acknowledging that the Malpractice Action as a related proceeding.  Further, there is no jurisdictional basis over the Lisitsa Claims and RV Claims other than 28 U.S.C. § 1334. [FN2].

### III. CONCLUSION

The Court will remand the Lisitsa Claims and RV Claims to state court.  The Court will not remand the Albers Claims.  The Court will prepare that order.

### FOOTNOTES

1. The RPT Parties briefly discuss mandatory abstention.  However, 28 U.S.C. § 1334(c)(2) does not apply to removed proceedings. *See In re Lazar*, 237 F.3d 967, 981 (9th Cir. 2001).  In any event, because the Court is exercising its discretion to remand the RV Claims, the Court need not rely on mandatory abstention as a basis for remanding the claims involving the RPT Parties.

2. Because the Court is remanding the Lisitsa Claims and RV Claims to state court, the Court will not preside over Defendants' request for default against the RPT Parties [docs. 7-10] or the Lisitsa Parties' and RPT Parties' motions to dismiss the Cross-Complaint [docs. 19, 20].

| Party Information |
|---|

**Debtor(s):**

| | |
|---|---|
| Lev Investments, LLC | Represented By |
| | David B Golubchik |
| | Juliet Y Oh |

**Defendant(s):**

| | |
|---|---|
| SENSIBLE CONSULTING AND | Represented By |
| | John  Burgee |
| MICHAEL  LEIZEROVITZ | Represented By |
| | John  Burgee |

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Wednesday, September 16, 2020**                                    **Hearing Room        301**

2:30 PM

**CONT...        Lev Investments, LLC**                                                **Chapter 11**

    RUVIN  FEYGENBERG                    Represented By
                                            John  Burgee

    Ming Zhu LLC                             Pro Se

    DOES 1 through 100, inclusive            Pro Se

**Plaintiff(s):**

    Lev Investments, LLC                     Pro Se

**Trustee(s):**

    Caroline Renee Djang (TR)                Pro Se